1 Mark D. Kruthers  #179750
William H. Littlewood  #202877
2 G. Andrew Slater  #238126
DOWLING AARON INCORPORATED
3 8080 North Palm Avenue, Third Floor
P.O. Box 28902
4 Fresno, California 93729-8902
Tel: (559) 432-4500
5 Fax: (559) 432-4590
E-mail: mkruthers@dowlingaaron.com
6           wlittlewood@dowlingaaron.com
          aslater@dowlingaaron.com
7
Attorneys for Defendant
8 PARAGON INDUSTRIES, INC. dba BEDROSIANS

9

10                UNITED STATES DISTRICT COURT

11            FOR THE EASTERN DISTRICT OF CALIFORNIA

12                     FRESNO DIVISION

13

14 ELIZABETH CASTRO, individually, and on       Case No. _____
behalf of other members of the general public
15 similarly situated and on behalf of other      **NOTICE OF REMOVAL BY DEFENDANT**
aggrieved employees pursuant to the            **PARAGON INDUSTRIES, INC. DBA**
16 California Private Attorneys General Act,      **BEDROSIANS**

17                    Plaintiff,                 [Removed from Fresno County Superior Court
                                                Case No. 18CECG01707]
18 v.

19 PARAGON INDUSTRIES, INC. DBA
BEDROSIANS, a California Corporation; and
20 DOES 1 through 100, inclusive,

21                    Defendants.

22

23        **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

24 **THE EASTERN DISTRICT OF CALIFORNIA AND TO THE PLAINTIFF AND HER**

25 **COUNSEL OF RECORD:**

26            **PLEASE TAKE NOTICE THAT** Defendant PARAGON INDUSTRIES, INC.

27 dba BEDROSIANS herby removes that certain state court action pending in the California

28 Superior Court, County of Fresno entitled *ELIZABETH CASTRO, individually, and on behalf of*

---

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT PURSUANT TO
28 U.S.C. SECTION 1446(d)

*other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act v. PARAGON INDUSTRIES, INC. DBA BEDROSIANS, a California Corporation; and DOES 1 through 100, inclusive*, Case No. 18CECG01707, to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 1441(a) and 1446.   This Court has original jurisdiction over this action under 28 U.S.C. section 1331 and may remove this action from the California Superior Court.   This Court's original jurisdiction arises from Plaintiff ELIZABETH CASTRO's ("Plaintiff") assertion in her Complaint of causes of action for purported violations of the Fair Labor Standards Act (29 U.S.C sections 206 and 207).   In support of this Notice of Removal, Defendant PARAGON INDUSTRIES, INC. dba BEDROSIANS ("BEDROSIANS"), through its counsel, represent the following to the Court:

## I.   <u>JURISDICTION</u>

1.     Federal district courts have original jurisdiction over cases founded on a claim or right arising under federal law, regardless of citizenship or diversity. (28 U.S.C. section 1331.)   When a case involving a federal question is brought in state court, a defendant may remove it to the federal district court embracing the place where the state court action is pending. (See 28 U.S.C. section 1441(a).)

2.     In this action, Plaintiff has asserted causes of action against BEDROSIANS for purported violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C sections 206 and 207. (See Plaintiff's First Amended Class and Collective Action Complaint, a true and correct copy of which is attached hereto as Exhibit "A," at p. 26, l. 11 through p. 28, l. 28.)   Resolving the claims based on alleged violations of the FLSA requires the application of federal law.   The FLSA based claims therefore confer original jurisdiction over the action on this Court.

3.     To the extent Plaintiff asserts cause of action other than the FLSA based claims, those claims are removable pursuant to this Court's supplemental jurisdiction under 28 U.S.C. section 1367.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   VENUE AND INTRA-DISTRICT ASSIGNMENT

4.      Venue is proper in the Eastern District of California under 28 U.S.C. sections 1441(a) and 1446(a) because this is the District within which the state court action is pending.

5.      Assignment to the Fresno Division of the United States District Court for the Eastern District of California is proper under 28 U.S.C. section 1441(a) and Local Rule 120(d) because the state court action was filed and is pending in the California Superior Court for Fresno County.  In addition, Plaintiff alleges that BEDROSIANS does business in Fresno County and that the actions which are the subject of the alleged claims took place in Fresno County. ((See Plaintiff's First Amended Class and Collective Action Complaint, a true and correct copy of which is attached hereto as Exhibit "A," at p. 2, ll. 22 through 27.)

## III.   COMPLIANCE WITH REMOVAL PROCEDURE

6.      In accordance with 28 U.S.C. section 1446(a), a true and correct copy of the First Amended Class and Collective Action Complaint filed/served by Plaintiff on May 14, 2019 is attached hereto as Exhibit "A."

7.      BEDROSIANS' Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because it is being filed/served within 30 days of receipt, through service, of a copy of the initial pleading setting forth the claims alleging violations of the FLSA.  Prior to filing the First Amended Class and Collective Action Complaint on May 14, 2019, Plaintiff had not asserted any claims involving federal law.  A true and correct copy of the Proof of Service related to the First Amended Class and Collective Action Complaint is included as the last page of Exhibit "A."

8.      Other than BEDROSIANS, no other individuals or entities have been named as a defendant, either directly or as a DOE Defendant, in Plaintiff's action. Accordingly, there are no other parties who would challenge this Notice of Removal.

9.      BEDROSIANS will simultaneously serve this Notice of Removal on the Plaintiff and her counsel of record, and will promptly file it with the Clerk of the California Superior Court for Fresno County.

DOWLING | AARON
INCORPORATED
ATTORNEYS AND COUNSELORS AT LAW

NOTICE OF REMOVAL BY DEFENDANT PARAGON INDUSTRIES, INC. DBA BEDROSIANS

1    **WHEREFORE,** BEDROSIANS hereby requests removal of this action from

2 the California Superior Court for Fresno County to the United States District Court for the

3 Eastern District of California.

4 Dated:      May 29, 2019                    DOWLING AARON INCORPORATED

5

6                                            By:  _____

7                                                 Mark D. Kruthers
                                                  William H. Littlewood
8                                                 G. Andrew Slater
                                                  Attorney for Defendant
9                                                 PARAGON INDUSTRIES, INC. dba
                                                  BEDROSIANS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   009975-000010\02659732.DOCX.

28

**NOTICE OF REMOVAL BY DEFENDANT PARAGON INDUSTRIES, INC. DBA BEDROSIANS**

# EXHIBIT A

1   Edwin Aiwazian (SBN 232943)
     Arby Aiwazian (SBN 269827)
2   Joanna Ghosh (SBN 272479)
     **LAWYERS _for_ JUSTICE, PC**
3   410 West Arden Avenue, Suite 203
     Glendale, California 91203
4   Tel: (818) 265-1020 / Fax: (818) 265-1021

5   _Attorneys for_ Plaintiff

E-FILED
5/14/2019 12:36 PM
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

6

7   ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

     ### FOR THE COUNTY OF FRESNO

8   ELIZABETH CASTRO, individually, and on
9   behalf of other members of the general public
     similarly situated and on behalf of other
10  aggrieved employees pursuant to the
     California Private Attorneys General Act;
11
                     Plaintiff,
12
           vs.
13
     PARAGON INDUSTRIES, INC, DBA
14  BEDROSIANS, a California corporation; and
     DOES 1 through 100, inclusive,
15
                     Defendants.
16

Case No.: 18CECG01707

**FIRST AMENDED CLASS AND
COLLECTIVE ACTION COMPLAINT
FOR DAMAGES & ENFORCEMENT
UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR
CODE§ 2698, ET SEQ.**

(1)  Violation of California Labor Code
       §§ 510 and 1198 (Unpaid
       Overtime);
(2)  Violation of California Labor Code
       §§ 226.7 and 512(a) (Unpaid Meal
       Period Premiums);
(3)  Violation of California Labor Code
       § 226.7 (Unpaid Rest Period
       Premiums);
(4)  Violation of California Labor Code
       §§ 1194, 1197, and 1197.1 (Unpaid
       Minimum Wages);
(5)  Violation of California Labor Code
       §§ 201 and 202 (Final Wages Not
       Timely Paid);
(6)  Violation of California Labor Code
       § 204 (Wages Not Timely Paid
       During Employment);
(7)  Violation of California Labor Code
       § 226(a) (Non-Compliant Wage
       Statements);
(8)  Violation of California Labor Code
       § 1174(d) (Failure To Keep
       Requisite Payroll Records);
(9)  Violation of California Labor Code
       §§ 2800 and 2802 (Unreimbursed
       Business Expenses);
(10) Violation of California Business &
       Professions Code §§ 17200, et seq.
(11) Violation of Fair Labor Standards Act 29
       U.S.C. § 207 (Unpaid Overtime);
(12) Violation of Fair Labor Standards Act 29

LAWYERS _for_ JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

U.S.C. § 206 (Unpaid Minimum Wages);
(13) Violation of California Labor Code
§ 2698, et seq. (California Labor
Code Private Attorneys General
Act of 2004)

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff ELIZABETH CASTRO ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, and alleges as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of Fresno. The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California. At all relevant times, the majority of the acts and omissions alleged herein relating to Plaintiff took place in the State of California and Defendant employed Plaintiff within the State of California.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

**PARTIES**

5.    Plaintiff ELIZABETH CASTRO is an individual residing in the State of California, County of Fresno.

6.    Defendant PARAGON INDUSTRIES, INC. DBA BEDROSIANS, at all times herein mentioned, was and is, upon information and belief, a California corporation, engaged in manufacturing and distributing ceramic and porcelain tiles, decorative and glass mosaics, and natural stone and at all times herein mentioned, was an employer whose employees are engaged throughout the State of California.

7.    At all relevant times, Defendant PARAGON INDUSTRIES, INC. DBA BEDROSIANS was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

8.    At all times herein relevant, Defendants PARAGON INDUSTRIES, INC. DBA BEDROSIANS and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9.    The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

1    10.    Defendant PARAGON INDUSTRIES, INC. DBA BEDROSIANS and DOES 1

2    through 100 will hereinafter collectively be referred to as "Defendants."

3    11.    Plaintiff further alleges that Defendants, directly or indirectly controlled or

4    affected the working conditions, wages, working hours, and conditions of employment of

5    Plaintiff and the other class members and aggrieved employees so as to make each of said

6    Defendants employers and employers liable under the statutory provisions set forth herein.

7                          **CLASS ACTION ALLEGATIONS**

8    12.    Plaintiff brings this action on her own behalf and on behalf of all other members

9    of the general public similarly situated, and, thus, seeks class certification under California

10   Code of Civil Procedure section 382.

11   13.    The proposed class is defined as follows:

12          All current and former hourly-paid or non-exempt employees who worked for

13          any of the Defendants within the State of California at any time during the

14          period from May 14, 2014 to final judgment.

15   14.    Plaintiff reserves the right to establish subclasses as appropriate.

16   15.    The class is ascertainable and there is a well-defined community of interest in

17   the litigation:

18          a.    Numerosity: The class members are so numerous that joinder of all class

19                members is impracticable. The membership of the entire class is

20                unknown to Plaintiff at this time; however, the class is estimated to be

21                greater than one thousand (1,000) individuals and the identity of such

22                membership is readily ascertainable by inspection of Defendants'

23                records.

24          b.    Typicality: Plaintiff's claims are typical of all other class members' as

25                demonstrated herein. Plaintiff will fairly and adequately protect the

26                interests of the other class members with whom she has a well-defined

27                community of interest.

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

c.   <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16.   There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a.   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code and the Fair Labor Standards Act ("FLSA"), was willful;

b.   Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of

5

California for all hours worked and non-compliant (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law and the FLSA;

c. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day, over forty (40) hours per week, and/or over six (6) consecutive days per workweek and failed to pay the legally required overtime compensation, in accordance with the California Labor Code and FLSA to Plaintiff and the other class members;

d. Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f. Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g. Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h. Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i. Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j. Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k. Whether Defendants' conduct was willful or reckless;

l. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6

m.   The appropriate amount of damages, restitution, and/or monetary
penalties resulting from Defendants' violation of California law and the
FLSA; and

n.   Whether Plaintiff and the other class members are entitled to
compensatory damages pursuant to the California Labor Code.

## FLSA COLLECTIVE ALLEGATIONS

17.   Plaintiff brings the eleventh and twelfth causes of action, the FLSA claims, as "opt-in" collective actions pursuant to 29 U.S.C. § 216(b), on their own behalf and on behalf of all other members of the general public similarly situated.

18.   Plaintiff seeks to represent an FLSA Collective composed of and defined as follows individuals:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from May 14, 2014 to final judgment (hereinafter, "FLSA Collective" or "FLSA Collective Members").

19.   Plaintiff is informed and believes that the FLSA Collective Members consist of hundreds of individuals.

20.   Plaintiff may find it appropriate or necessary to amend the definition of those covered by the FLSA Collective. Plaintiff reserves the right to continue to refine the FLSA Collective definition. Similarly, although subclasses are not anticipated at this time, Plaintiff reserves the right to allege or move for subclasses divided along any reasonable point of distinction that might exist among members of the FLSA Collective.

21.   Plaintiff and the FLSA Collective Members are similarly situated in that they were/are all non-exempt employees of Defendants who were subject to Defendants' common practices, policies, and procedures of willfully and unlawfully failing to pay wages, without abatement or reduction, due for all hours worked, including and not limited to, minimum wages and overtime wages.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7

**PAGA ALLEGATIONS**

22.     At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

23.     At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

24.     Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

25.     Plaintiff was employed by Defendants and the alleged violations were committed against him during her time of employment and she is, therefore, an aggrieved employee. Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendants, and one or more of the alleged violations were committed against them.

26.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

        a.      The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

        b.      The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

8

1    of the postmark date of the Employee's Notice. Upon receipt of the

2    LWDA Notice, or if the LWDA Notice is not provided within sixty-five

3    (65) calendar days of the postmark date of the Employee's Notice, the

4    aggrieved employee may commence a civil action pursuant to California

5    Labor Code section 2699 to recover civil penalties in addition to any

6    other penalties to which the employee may be entitled.

7    27.    On March 9, 2018, Plaintiff provided written notice by online submission to the

8    LWDA and by certified mail to Defendant PARAGON INDUSTRIES, INC. DBA

9    BEDROSIANS of the specific provisions of the California Labor Code alleged to have been

10   violated, including the facts and theories to support the alleged violations. Plaintiff did not

11   receive an LWDA Notice within sixty-five (65) days of the date of the submission of

12   Plaintiff's Notice.

13   28.    Therefore, the administrative prerequisites under California Labor Code section

14   2699.3(a) to recover civil penalties, including unpaid wages and premium wages per

15   California Labor Code section 558 against Defendants, in addition to other remedies, for

16   violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a),

17   1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802 have been satisfied.

18                        **GENERAL ALLEGATIONS**

19   29.    At all relevant times set forth herein, Defendants employed Plaintiff and other

20   persons as hourly-paid or non-exempt employees within the State of California.

21   30.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-

22   exempt employee, from approximately September 2016 to approximately June 2017, in the

23   State of California, County of Fresno.

24   31.    Defendants hired Plaintiff and the other class members and classified them as

25   hourly-paid or non-exempt employees, and failed to compensate them for all hours worked

26   and for missed, short, late, and/or interrupted meal periods and/or rest breaks.

27   ///

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

32.   Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

33.   Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

34.   Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

35.   Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

36.   Plaintiff and the other class members worked over eight (8) hours in a day, forty (40) hours in a week, and/or over six (6) days in a workweek during their employment with Defendants.

37.   Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California. This scheme involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed, short, late, and/or interrupted meal periods and rest breaks in violation of California law.

38.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked. Defendant failed to, *inter alia*, compensate Plaintiff and the other class members for job duties performed before and/or after their scheduled shifts such as time spent assisting customers and preparing billing statements.

39.   Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

40. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, short, late, and/or interrupted, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

41. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, short, late, and/or interrupted, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

42. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members spent performing work duties outside of their scheduled shifts.

43. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

44. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    45.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

2    knew or should have known that Plaintiff and the other class members were entitled to receive

3    complete and accurate wage statements in accordance with California law, but, in fact, they

4    did not receive complete and accurate wage statements from Defendants. The deficiencies

5    included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the

6    other class members and the accurate total amount of wages earned by Plaintiff and the other

7    class members.

8    46.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

9    knew or should have known that Defendants had to keep complete and accurate payroll

10   records for Plaintiff and the other class members in accordance with California law, but, in

11   fact, did not keep complete and accurate payroll records. Defendants' failure included, *inter*

12   *alia*, the failure to keep accurate records of the hours worked by Plaintiff and the other class

13   members.

14   47.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

15   knew or should have known that Plaintiff and the other class members were entitled to

16   reimbursement for necessary business-related expenses.

17   48.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

18   knew or should have known that they had a duty to compensate Plaintiff and the other class

19   members pursuant to California law, and that Defendants had the financial ability to pay such

20   compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

21   represented to Plaintiff and the other class members that they were properly denied wages, all

22   in order to increase Defendants' profits.

23   49.    During the relevant time period, Defendants failed to pay overtime wages to

24   Plaintiff and the other class members for all hours worked. Plaintiff and the other class

25   members were required to work more than eight (8) hours per day, forty (40) hours per week

26   without overtime compensation, six (6) days in a week and/or for the first eight (8) hours

27   worked on the seventh consecutive date in a workweek for all overtime hours worked.

28   ///

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

50.     During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary incentive pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary incentive pay and overtime wages in the same workweek. For example, Defendant paid referral bonuses, holiday bonuses, and commissions to Plaintiff and other class members without factoring those into the regular rate of pay.

51.     During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

52.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

53.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

54.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

55.     During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

56.     During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

57.     During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

58.     During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

59.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

1  **FIRST CAUSE OF ACTION**

2  **(Violation of California Labor Code§§ 510 and 1198)**

3  **(Against PARAGON INDUSTRIES, INC. DBA BEDROSIANS**

4  **and DOES 1 through 100)**

5      60.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1

6  through 59, and each and every part thereof with the same force and effect as though fully set

7  forth herein.

8      61.    California Labor Code section 1198 and the applicable Industrial Welfare

9  Commission ("IWC") Wage Order(s) provide that it is unlawful to employ persons without

10 compensating them at a rate of pay either time-and-one-half or two-times that person's regular

11 rate of pay, depending on the number of hours worked by the person on a daily or weekly

12 basis.

13     62.    Specifically, the applicable IWC Wage Order(s) (including and not limited to

14 IWC Wage Order No. I) provide that Defendants are and were required to pay Plaintiff and

15 the other class members employed by Defendants, and working more than eight (8) hours in a

16 day, more than forty (40) hours in a week, and/or more than six (6) consecutive days in a

17 workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in

18 a day and up to and including twelve (12) hours, more than forty (40) hours in a week, and/or

19 the first eight (8) hours worked on the seventh day of work in a workweek.

20     63.    The applicable IWC Wage Order further provides that Defendants are and were

21 required to pay Plaintiff and the other class members overtime compensation at a rate of two

22 times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day and

23 all hours worked in excess of eight (8) hours on the seventh consecutive day of work in a

24 workweek.

25     64.    California Labor Code section 510 codifies the right to overtime compensation

26 at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

27 in a day, in excess of forty (40) hours in a week or for the first eight (8) hours worked on the

28 seventh day of work, and to overtime compensation at twice the regular hourly rate for hours

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14

1  worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the

2  seventh day of work in a workweek.

3      65.    During the relevant time period, Plaintiff and the other class members worked in

4  excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of

5  six (6) days in a workweek, performing work duties off-the-clock, both before and after their

6  shifts and during meal and rest periods, such as answering questions from supervisors,

7  customers, and other employees and preparing billing statements, among other tasks.

8      66.    During the relevant time period, Defendants intentionally and willfully failed to

9  pay overtime wages owed to Plaintiff and the other class members.

10      67.    Defendants' failure to pay Plaintiff and the other class members the unpaid

11  balance of overtime compensation, as required by California laws, violates the provisions of

12  California Labor Code sections 510 and 1198, and is therefore unlawful.

13      68.    Pursuant to California Labor Code section 1194, Plaintiff and the other class

14  members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

15  attorneys' fees.

16  **SECOND CAUSE OF ACTION**

17  **(Violation of California Labor Code§§ 226.7 and 512(a))**

18  **(Against PARAGON INDUSTRIES, INC. DBA BEDROSIANS**

19  **and DOES 1 through 100)**

20      69.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

21  through 68, and each and every part thereof with the same force and effect as though fully set

22  forth herein.

23      70.    At all relevant times, the IWC Wage Order(s) and California Labor Code

24  sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members'

25  employment by Defendants.

26      71.    At all relevant times, California Labor Code section 226.7 provides that no

27  employer shall require an employee to work during any meal or rest period mandated by an

28  applicable order of the California IWC.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

1       72.     At all relevant times, the applicable IWC Wage Order(s) and California Labor

2 Code section 512(a) provide that an employer may not require, cause or permit an employee to

3 work for a work period of more than five (5) hours per day without providing the employee

4 with a meal period of not less than thirty (30) minutes, except that if the total work period per

5 day of the employee is no more than six (6) hours, the meal period may be waived by mutual

6 consent of both the employer and employee.

7       73.     At all relevant times, California Labor Code section 512(a) further provides that

8 an employer may not require, cause or permit an employee to work for a work period of more

9 than ten (10) hours per day without providing the employee with a second uninterrupted meal

10 period of not less than thirty (30) minutes, except that if the total hours worked is no more than

11 twelve (12) hours, the second meal period may be waived by mutual consent of the employer

12 and the employee only if the first meal period was not waived.

13       74.     During the relevant time period, Plaintiff and the other class members who were

14 scheduled to work for a period of time no longer than six (6) hours, and who did not waive

15 their legally-mandated meal periods by mutual consent, were required to work for periods

16 longer than five (5) hours without an uninterrupted meal period of not less than thirty (30)

17 minutes and/or rest period.

18       75.     During the relevant time period, Plaintiff and the other class members who were

19 scheduled to work for a period of time in excess of six (6) hours were required to work for

20 periods longer than five (5) hours without an uninterrupted meal period of not less than thirty

21 (30) minutes and/or rest period. Plaintiff and other class members' meal periods were missed,

22 short, late, and/or interrupted regularly by questions from supervisors, other employees, and

23 customers. Additionally, Defendants required Plaintiff and the other class members to remain

24 on premises during meal periods.

25       76.     During the relevant time period, Defendants intentionally and willfully required

26 Plaintiff and the other class members to work during meal periods and failed to compensate

27 Plaintiff and the other class members the full meal period premium for work performed during

28 meal periods.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

16

77.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

78.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

79.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

### THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against PARAGON INDUSTRIES, INC. DBA BEDROSIANS

### and DOES 1 through 100)

80.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 79, and each and every part thereof with the same force and effect as though fully set forth herein.

81.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

82.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

83.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

84. During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

85. During the relevant time period, Plaintiff and the other class members' rest periods were missed, short, late, and/or interrupted regularly by questions from supervisors, customers, and other employees. Additionally, Defendant required Plaintiff and the other class members to remain on the premises during rest periods.

86. During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

87. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

88. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

89. During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

90. Pursuant to the applicable IWC Wage Order(s) and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

///

//

///

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

18

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code§§ 1194, 1197, and 1197.1)**

**(Against PARAGON INDUSTRIES, INC. DBA BEDROSIANS**

**and DOES 1 through 100)**

91.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 90, and each and every part thereof with the same force and effect as though fully set forth herein.

92.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members spent performing work duties outside of their scheduled hours and during their meal and rest breaks.

93.    During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

94.    Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

95.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

96.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

19

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# FIFTH CAUSE OF ACTION

## (Violation of California Labor Code §§ 201 and 202)

## (Against PARAGON INDUSTRIES, INC. DBA BEDROSIANS

## and DOES 1 through 100)

97.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 96, and each and every part thereof with the same force and effect as though fully set forth herein.

98.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her

intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

99.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

100.    Plaintiff was not paid at the time of her discharge wages earned and unpaid throughout her employment, including but not limited to, minimum wages and overtime wages for time worked off-the-clock and meal and rest period premium payments.

101.    Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

102.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an

20

1   action is commenced; but the wages shall not continue for more than thirty (30) days.

2   103.   Plaintiff and the other class members are entitled to recover from Defendants the

3   statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum

4   pursuant to California Labor Code section 203.

5   ### SIXTH CAUSE OF ACTION

6   **(Violation of California Labor Code § 204)**

7   **(Against PARAGON INDUSTRIES, INC. DBA BEDROSIANS**

8   **and DOES 1 through 100)**

9   104.   Plaintiff incorporates by reference the allegations contained in paragraphs 1

10   through 103, and each and every part thereof with the same force and effect as though fully set

11   forth herein.

12   105.   At all times herein set forth, California Labor Code section 204 provides that all

13   wages earned by any person in any employment between the 1st and 15th days, inclusive, of

14   any calendar month, other than those wages due upon termination of an employee, are due and

15   payable between the 16th and the 26th day of the month during which the labor was

16   performed.

17   106.   At all times herein set forth, California Labor Code section 204 provides that all

18   wages earned by any person in any employment between the 16th and the last day, inclusive,

19   of any calendar month, other than those wages due upon termination of an employee, are due

20   and payable between the 1st and the 10th day of the following month.

21   107.   At all times herein set forth, California Labor Code section 204 provides that all

22   wages earned for labor in excess of the normal work period shall be paid no later than the

23   payday for the next regular payroll period.

24   108.   During the relevant time period, Defendants intentionally and willfully failed to

25   pay Plaintiff and the other class members all wages due to them, within any time period

26   permissible under California Labor Code section 204.

27   109.   Plaintiff and the other class members are entitled to recover all remedies

28   available for violations of California Labor Code section 204.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against PARAGON INDUSTRIES, INC. DBA BEDROSIANS

### and DOES 1 through 100)

110.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 109, and each and every part thereof with the same force and effect as though fully set forth herein.

111.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

112.    Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

113.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

114.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

115.   Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

116.   Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code§ 1174(d))

### (Against PARAGON INDUSTRIES, INC. DBA BEDROSIANS

### and DOES 1 through 100)

117.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 116, and each and every part thereof with the same force and effect as though fully set forth herein.

118.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

119.   Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

///

23

1      120.   As a result of Defendants' violation of California Labor Code section 1174(d),

2 Plaintiff and the other class members have suffered injury and damage to their statutorily-

3 protected rights.

4      121.   More specifically, Plaintiff and the other class members have been injured by

5 Defendants' intentional and willful violation of California Labor Code section 1174(d)

6 because they were denied both their legal right and protected interest, in having available,

7 accurate and complete payroll records pursuant to California Labor Code section 1174(d).

8 **NINTH CAUSE OF ACTION**

9 **(Violation of California Labor Code §§ 2800 and 2802)**

10 **(Against PARAGON INDUSTRIES, INC. DBA BEDROSIANS**

11 **and DOES 1 through 100)**

12      122.   Plaintiff incorporates by reference the allegations contained in paragraphs 1

13 through 121, and each and every part thereof with the same force and effect as though fully set

14 forth herein.

15      123.   Pursuant to California Labor Code sections 2800 and 2802, an employer must

16 reimburse its employee for all necessary expenditures incurred by the employee in direct

17 consequence of the discharge of his or her job duties or in direct consequence of his or her

18 obedience to the directions of the employer.

19      124.   Plaintiff and the other class members incurred necessary business-related

20 expenses and costs that were not fully reimbursed by Defendants. For example, Plaintiff and

21 other class members incurred costs for purchase of required steel-toe boots as well as the use

22 of personal cell phone and personal vehicles for work duties (including, but not limited to,

23 transporting materials to and from warehouses).

24      125.   Defendants have intentionally and willfully failed to reimburse Plaintiff and the

25 other class members for all necessary business-related expenses and costs. Plaintiff and the

26 other class members are entitled to recover from Defendants their business-related expenses

27 and costs incurred during the course and scope of their employment, plus interest accrued from

28 the date on which the employee incurred the necessary expenditures at the same rate as

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

24

1   judgments in civil actions in the State of California.

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code§§ 17200, et seq.)

### (Against PARAGON INDUSTRIES, INC. DBA BEDROSIANS

### and DOES 1 through 100)

126.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 125, and each and every part thereof with the same force and effect as though fully set forth herein.

127.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

128.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

129.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    130.    As a result of the herein described violations of California law, Defendants

2  unlawfully gained an unfair advantage over other businesses.

3    131.    Plaintiff and the other class members have been personally injured by

4  Defendants' unlawful business acts and practices as alleged herein, including but not

5  necessarily limited to the loss of money and/or property.

6    132.    Pursuant to California Business & Professions Code sections 17200, et seq.,

7  Plaintiff and the other class members are entitled to restitution of the wages withheld and

8  retained by Defendants during a period that commences four years prior to the filing of this

9  Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section

10  1021.5 and other applicable laws; and an award of costs.

11                      **ELEVENTH CAUSE OF ACTION**

12            **Violation of Fair Labor Standards Act, 29 U.S.C. § 207**

13        **(Against PARAGON INDUSTRIES, INC. DBA BEDROSIANS**

14                      **and DOES 1 through 100)**

15    133.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

16  through 132, and each and every part thereof with the same force and effect as though fully set

17  forth herein.

18    134.    The FLSA, 29 U.S.C. § 207(a)(1), provides in relevant part:

19    Except as otherwise provided in this section, no employer shall employ any of his

20  employees, who in any workweek is employed in an enterprise engaged in commerce or in the

21  production of goods for commerce, for a workweek longer than forty hours unless such

22  employee receives compensation for his employment in excess of the hours above specified at

23  a rate not less than one and one-half times the regular rate at which he is employed.

24    135.    At all material times set forth herein, Plaintiff and the other FLSA Collective

25  Members sometimes worked in excess of forty (40) hours in a workweek; however, the proper

26  overtime compensation was not paid by Defendants. As such, Defendants owe Plaintiff and

27  the other FLSA Collective Members compensation for work in excess of forty (40) hours in a

28  workweek at an overtime rate.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

136.   At all material times set forth herein, Defendants' failure to pay Plaintiff and the other FLSA Collective Members the unpaid balance of overtime compensation, as required by the FLSA, violated the provisions of the FLSA and was therefore unlawful. Moreover, Defendants' failure to pay Plaintiff and the other FLSA Collective Members overtime compensation was and is a result of a uniform policy or practice to deny overtime compensation to them.

137.   At all material times Defendants' failure to pay Plaintiff and the other FLSA Collective Members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA, or alternatively Defendants' reckless disregard for the requirements of those provisions. At all relevant times set forth, Defendants were aware that their uniform policies and practices are illegal and that Plaintiff and the other FLSA Collective Members must be compensated for the work performed in excess of forty (40) hours pursuant to these uniform policies and practices. Therefore, the foregoing Defendants' conduct, as alleged, constitutes willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

138.   Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and the other FLSA Collective Members are entitled to recover their unpaid overtime compensation as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

### TWELFTH CAUSE OF ACTION

**Violation of Fair Labor Standards Act, 29 U.S.C. § 206**

**(Against PARAGON INDUSTRIES, INC. DBA BEDROSIANS**

**and DOES 1 through 100)**

139.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 138, and each and every part thereof with the same force and effect as though fully set forth herein.

140.   Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff and the other FLSA Collective Members were entitled to receive minimum wages for all hours worked.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

141.   At all material times set forth herein, Defendants failed to pay Plaintiff and the other FLSA Collective Members for all hours worked. This work was and is performed for the sole benefit of Defendants, and was and is a uniform practice and policy in all Defendants' locations. This work resulted and continues to result in Plaintiff and the other FLSA Collective Members working without any compensation. As such, Defendants owe Plaintiff and the other FLSA Collective Members compensation for this work at least at a minimum wage rate.

142.   At all material times set forth herein, Defendants' failure to pay Plaintiff and the other FLSA Collective Members minimum wages for all hours worked, as required by the FLSA, violated the provisions of the FLSA and was therefore unlawful. Moreover, Defendants' failure to pay Plaintiff and the other FLSA Collective Members' minimum wages was and is a result of a uniform policy or practice to deny them compensation at least at a minimum wage rate.

143.   At all material times, Defendants' failure to pay Plaintiff and the other FLSA Collective Members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA, or alternatively, Defendants' reckless disregard for the requirements of those provisions. At all relevant times set forth, Defendants were aware that their uniform policies and practices are illegal and that Plaintiff and the other FLSA Collective Members must be compensated for the work activities performed pursuant to these uniform policies and practices. Therefore, the foregoing Defendants' conduct, as alleged, constitutes willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

144.   As a result of Defendants' unlawful conduct, Plaintiff and the other FLSA Collective Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours actually worked.

145.   Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and the other FLSA Collective Members are entitled to recover the full amount of unpaid minimum wages as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

1

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## THIRTEENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2698, et seq.)

### (Against PARAGON INDUSTRIES, INC. DBA BEDROSIANS

### and DOES 1 through 100)

146.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 145, and each and every part thereof with the same force and effect as though fully set forth herein.

147.   PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

148.   Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

149.   Plaintiff and the other hourly-paid or non-exempt employees, are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Overtime

150.   Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

### Failure to Provide Meal Periods

151.   Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

29

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**Failure to Provide Rest Periods**

152.   Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

**Failure to Pay Minimum Wages**

153.   Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

**Failure to Timely Pay Wages Upon Termination**

154.   Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

**Failure to Timely Pay Wages During Employment**

155.   Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

156.   Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

157.   Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

///

///

///

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE§ 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

158.   Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

159.   Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

   a.   Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

   b.   Penalties under California Code of Regulations Title 8 section 11010, et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

   c.   Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

   d.   Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

160.   Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

161.   Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representative of the Class as to the first ten causes of action;

3.   That counsel for Plaintiff be appointed as Class Counsel; and

4.   That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

///

///

///

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE
PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**FLSA Collective Certification**

5.      For an order certifying that the eleventh and twelfth causes of action of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in FLSA Collective, apprising them of the pendency of this action, and permitting the to assert timely FLSA claims;

6.      Designation of Plaintiff as representative for the FLSA claims as to the FLSA Collective;

7.      Designation of Plaintiff's attorneys as counsel for the FLSA Collective as to the FLSA claims;

8.      That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all FLSA Collective Members.

**As to the First Cause of Action**

9.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

10.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

11.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

12.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

13.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

14.     For such other and further relief as the Court may deem just and proper.

///

///

1

**As to the Second Cause of Action**

2      15.     That the Court declare, adjudge and decree that Defendants violated California

3   Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to

4   provide all meal periods (including second meal periods) to Plaintiff and the other class

5   members;

6      16.     That the Court make an award to Plaintiff and the other class members of one

7   (1) hour of pay at each employee's regular rate of compensation for each workday that a meal

8   period was not provided;

9      17.     For all actual, consequential, and incidental losses and damages, according to

10   proof;

11      18.     For premium wages pursuant to California Labor Code section 226.7(b);

12      19.     For pre-judgment interest on any unpaid wages from the date such amounts

13   were due;

14      20.     For reasonable attorneys' fees and costs of suit incurred herein;

15      21.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

16   (g); and

17      22.     For such other and further relief as the Court may deem just and proper.

18

**As to the Third Cause of Action**

19      23.     That the Court declare, adjudge and decree that Defendants violated California

20   Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

21   rest periods to Plaintiff and the other class members;

22      24.     That the Court make an award to Plaintiff and the other class members of one

23   (1) hour of pay at each employee's regular rate of compensation for each workday that a rest

24   period was not provided;

25      25.     For all actual, consequential, and incidental losses and damages, according to

26   proof;

27      26.     For premium wages pursuant to California Labor Code section 226.7(b);

28   ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

28.   For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

29.   For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

30.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

31.   For general unpaid wages and such general and special damages as may be appropriate;

32.   For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

33.   For pre-judgment interest on any unpaid compensation from the date such amounts were due;

34.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

35.   For liquidated damages pursuant to California Labor Code section 1194.2;

36.   For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

37.   For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

38.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

39.     For all actual, consequential, and incidental losses and damages, according to proof;

40.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

41.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

42.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

43.     For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

44.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

45.     For all actual, consequential, and incidental losses and damages, according to proof;

46.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

47.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

48.     For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

49.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

50.     For actual, consequential and incidental losses and damages, according to proof;

51.     For statutory penalties pursuant to California Labor Code section 226(e);

///

36

1       52.     For injunctive relief to ensure compliance with this section, pursuant to

2   California Labor Code section 226(h);

3       53.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

4   (g); and

5       54.     For such other and further relief as the Court may deem just and proper.

6                       **As to the Eighth Cause of Action**

7       55.     That the Court declare, adjudge and decree that Defendants violated California

8   Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records

9   for Plaintiff and the other class members as required by California Labor Code section

10  1174(d);

11      56.     For actual, consequential and incidental losses and damages, according to proof;

12      57.     For statutory penalties pursuant to California Labor Code section 1174.5;

13      58.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

14  (g); and

15      59.     For such other and further relief as the Court may deem just and proper.

16                      **As to the Ninth Cause of Action**

17      60.     That the Court declare, adjudge and decree that Defendants violated California

18  Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other

19  class members for all necessary business-related expenses as required by California Labor

20  Code sections 2800 and 2802;

21      61.     For actual, consequential and incidental losses and damages, according to proof;

22      62.     For the imposition of civil penalties and/or statutory penalties;

23      63.     For reasonable attorneys' fees and costs of suit incurred herein;

24      64.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

25  (g); and

26      65.     For such other and further relief as the Court may deem just and proper.

27  ///

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### As to the Tenth Cause of Action

66.     That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

67.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

68.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

69.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

70.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

71.     For such other and further relief as the Court may deem just and proper.

### As to the Eleventh Cause of Action

72.     For general and unpaid wages at overtime wage rates;

73.     For liquidated damages equal to the amount of unpaid compensation;

74.     For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

75.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to the FLSA, 29 U.S.C. § 216(b); and

76.     For such other and further relief as the Court may deem appropriate.

///

1

### As to the Twelfth Cause of Action

2    77.    That the Court declare, adjudge and decree that Defendants violated the FLSA,

3    29 U.S.C. § 206 by willfully failing to pay minimum wages to Plaintiff and the other class

4    members;

5    78.    For general unpaid minimum wages;

6    79.    For liquidated damages equal to the amount of unpaid compensation;

7    80.    For pre-judgment interest on any unpaid minimum wages from the date such

8    amounts were due;

9    81.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

10    the FLSA, 29 U.S.C. § 216(b); and

11    82.    For such other and further relief as the Court may deem appropriate.

12    ### As to the Thirteenth Cause of Action

13    83.    For civil penalties and wages pursuant to California Labor Code sections

14    2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California Labor

15    Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1,

16    1198, 2800 and 2802; and

17    84.    For such other and further relief as the Court may deem equitable and

18    appropriate.

19    Dated: May 14, 2019                          LAWYERS*for* JUSTICE, PC

20

21                                      B y :  _Edwin Aiwazian_

22                                      Edwin Aiwazian

23                                      *Attorneys for* Plaintiff

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PROOF OF SERVICE**

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

On May 14, 2019, I served the foregoing document(s) described as: **FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.** on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Mark D. Kruthers
William H. Littlewood
G. Andrew Slater
Dowling Aaron Incorporated
8080 North Palm Avenue, Third Floor
Fresno, CA 93711

*Attorneys for* Defendant Paragon Industries, Inc. DBA Bedrosians

[X]     **BY U.S. MAIL**
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[X]     **STATE**
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 14, 2019, at Glendale, California.

_____
Sarah Poswal

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203