Edwin Aiwazian (Cal. State Bar No. 232943)
*edwin@lfjpc.com*
Arby Aiwazian (Cal. State Bar No. 269827)
*arby@lfjpc.com*
Joanna Ghosh (Cal. State Bar No. 272479)
*joanna@lfjpc.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff Elizabeth Castro

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH CASTRO, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, <br><br> Plaintiff, <br><br> vs. <br><br> PARAGON INDUSTRIES, INC. DBA BEDROSIANS, a California Corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.:  1:19-cv-00755-DAD-SKO <br><br> Honorable Dale A. Drozd <br> Courtroom 5 <br><br> **CLASS ACTION** <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: December 3, 2019 <br> Time: 9:30 a.m. <br> Courtroom: 5 <br><br> Complaint Filed: May 14, 2018 <br> FAC Filed: May 14, 2019 <br> Trial Date: None Set |

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2    **PLEASE TAKE NOTICE** that on December 3, 2019, at 9:30 a.m., or as soon thereafter

3    as the matter may be heard before the Honorable Dale A. Drozd in Courtroom 5 of the United

4    States District Court for the Eastern District of California, located at the Robert E. Coyle United

5    States Courthouse, 2500 Tulare Street, Fresno, California 93721, Plaintiff Elizabeth Castro

6    ("Plaintiff") will and hereby does move for an order:

7    • Granting preliminary approval of the proposed class action settlement described

8       herein and as set forth in the parties' Class Action and Collective Action Settlement

9       and Release Agreement ("Settlement," "Agreement," or "Settlement Agreement"),

10      attached as **"EXHIBIT 1"** to the Declaration of Edwin Aiwazian, including the means

11      of allocation and distribution of the Total Settlement Fund and the Net Settlement

12      Fund, and the allocations for an award of Attorneys' Fees, Incentive Award, penalties

13      under the Private Attorneys General Act, and Settlement Administration Costs;

14    • Conditionally certifying the proposed Class and approving the proposed FLSA

15      Collective for settlement purposes only;

16    • Appointing Plaintiff Elizabeth Castro as representative of the Class;

17    • Appointing Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh of Lawyers *for*

18      Justice, PC as counsel for the Class (i.e., Class Counsel);

19    • Approving the proposed Notice of Class Action Settlement and Notice of FLSA

20      Settlement, attached as "Exhibit A" and "Exhibit B," respectively, to the [Proposed]

21      Order Granting Preliminary Approval of Class Action Settlement ("Proposed Order");

22    • Appointing Phoenix Class Action Administration Solutions ("Phoenix") as the

23      Settlement Administrator to handle the notice and administration process for the

24      Settlement and preliminarily approving Settlement Administration Costs, which are

25      currently estimated not to exceed $15,000;

26    • Directing Phoenix to mail the Notice of Class Action Settlement and Notice of FLSA

27      Settlement, (collectively, the "Notice Packet") to the proposed Class and FLSA

28      Collective;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

i

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

1    • Approving the proposed deadlines for the notice and administration process as

2       reflected herein and in the Settlement Agreement; and

3    • Scheduling a hearing to consider final approval of the proposed Settlement, at which

4       time the Court will also consider whether to grant final approval of the requests for an

5       award of Attorneys' Fees and Costs, Incentive Award, and Settlement Administration

6       Costs.

7    This motion is based upon the following memorandum of points and authorities; the

8    Settlement Agreement; the Declarations of Proposed Class Counsel (Edwin Aiwazian) the

9    Declaration of Proposed Class Representative (Elizabeth Castro) in support thereof; as well as

10   the pleadings and other records on file with the Court in this matter, and such evidence and oral

11   argument as may be presented at the hearing on this motion.

12   Dated: October 21, 2019                    **LAWYERS *for* JUSTICE, PC**

13

14                                     By:    /s/ Edwin Aiwazian_____
                                              Edwin Aiwazian
15                                            *Attorneys for* Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

**TABLE OF CONTENTS**

I.      SUMMARY OF MOTION .................................................................................1

II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...................................2

III.    SUMMARY OF THE SETTLEMENT TERMS .......................................................3

        A.    The Class for Settlement Purposes ...................................................3

        B.    The FLSA Collective for Settlement Purposes ...................................4

        C.    Essential Terms of the Settlement......................................................4

        D.    Calculation of Non-FLSA Payments and FLSA Payments ...................5

        E.    Range of Non-FLSA Payments for Class Members .............................6

        F.    Range of FLSA Payments for FLSA Members ....................................6

        G.    Settlement Opt-Out and Objection Procedures ..................................6

        H.    Scope of the Class Release ...............................................................7

        I.    Scope of the FLSA Release ...............................................................8

IV.     THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS

        ACTION SETTLEMENT AND COLLECTIVE ACTION ..........................................8

V.      THE CLASS ACTION SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

        ................................................................................................................9

        A.    The Settlement Resulted from Arm's Length Negotiations and Extensive

              Investigation and Discovery .........................................................10

        B.    The Settlement Is Fair, Reasonable, and Adequate ..........................11

        C.    The Settlement Is Within the Range of Possible Approval .................13

              1.    The Requested Incentive Award Is Reasonable.......................13

              2.    The Allocations for Attorneys' Fees and Costs Is Reasonable.............14

VI.     CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE

        23.............................................................................................................16

        A.    Numerosity.................................................................................16

        B.    Commonality..............................................................................17

        C.    Typicality ..................................................................................17

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

| | | |
|---|---|---|
| | D. | Adequacy of Representation ..................................................18 |
| | E. | Predominance and Superiority ..............................................18 |
| VII. | CERTIFICATION OF THE FLSA COLLECTIVE IS APPROPRIATE.......................19 |
| VIII. | ADEQUACY OF THE METHOD OF NOTICE ........................................20 |
| IX. | APPOINTMENT OF PHOENIX CLASS ACTION ADMINISTRATION SOLUTIONS AS THE ADMINISTRATOR...........................................................21 |
| X. | DEADLINES FOR NOTICE AND ADMINISTRATION .............................22 |
| XI. | CONCLUSION.................................................................23 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**United States Supreme Court Cases**

4

*Boeing v. Van Gemert*, 444 U.S. 472 (1980) ............................................................15

5

*Dukes v. Wal–Mart, Inc.*, 564 U.S. 338 (2011)........................................................17

6

*Elsen v. Carlisle & Jacqueline*, 417 U.S. 156 (1974) .............................................21

7

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ............................................................16

8

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).....................................21

9

**Federal Cases**

10

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)........................................18, 19

11

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) ..................................................17

12

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975) ...................................................17

13

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)..............................20

14

*Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1123 (C.D. Cal. 2008) ............15

15

*Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29,
    2011).....................................................................................................................10

16

*In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash. 1992) ..................16

17

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000)........................14, 18

18

*In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013) ...............16

19

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014)............13

20

*Knight v. Red Door Salons, Inc.*, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) .............15

21

*Knisley v. Network Assocs.*, 312 F.3d 1123 (9th Cir. 2002) .....................................15

22

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008) .........................17

23

*Mendoza v. United States*, 623 F.2d 1338 (9th Cir. 1980).......................................20

24

*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007)..............15

25

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124 (S.D. Cal. 1996)..................20

26

*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104 (S.D. Cal. June 1, 2010)........................15

27

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990) ..................15

28

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Staton v. Boeing*, 327 F.3d 938 (9th Cir. 2003) ................................................................14, 15

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010)......................................15

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)................................................15, 16

*Welmer v. Syntex*, 117 F.R.D. 641 (N.D. Cal. 1987) ................................................................18

*Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997) ......................................15

**State Cases**

*Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 253 (2001) .........................................15

**Rules**

Federal Rule of Civil Procedure  23(a) ................................................................16, 17

Federal Rule of Civil Procedure  23(a)(1)................................................................16

Federal Rule of Civil Procedure  23(a)(4)................................................................18

Federal Rule of Civil Procedure  23(b) ................................................................16

Federal Rule of Civil Procedure  23(c)(2) ................................................................21

Federal Rule of Civil Procedure 23(b)(3) ................................................................18

Federal Rule of Civil Procedure 23(c)(2)(B)................................................................20, 21

Federal Rule of Civil Procedure 23(e) ................................................................9

Federal Rule of Civil Procedure 23(h)................................................................14

**Other Authorities**

*Manual for Complex Litig., Fourth* § 21.132................................................................18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   SUMMARY OF MOTION

Plaintiff Elizabeth Castro ("Plaintiff") respectfully requests that this Court grant preliminary approval of the Class Action and Collective Action Settlement and Release Agreement ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiff, individually and on behalf of the proposed Class and FLSA Collective, and Defendant Paragon Industries, Inc. dba Bedrosians ("Defendant") (collectively, the "Parties"). Subject to approval by the Court, Plaintiff and Defendant have agreed to settle this lawsuit for a Total Settlement Fund of $3,750,000.[1]

The parties reached the Settlement after engaging in significant formal and informal discovery, investigations, and arm's-length negotiations. The Settlement resulted from a formal mediation conducted by the Honorable Steven M. Vartabedian (Ret.), a well-respected mediator who is experienced in wage-and-hour class actions. The Settlement satisfies the criteria for approval and falls within the range of possible approval under California and federal law. Additionally, the proposed Notice Packet[2] provides the best notice practicable under the circumstances and will allow each Class Member and FLSA Collective Member a full and fair opportunity to evaluate the Settlement and decide whether to participate in it. Accordingly, Plaintiff moves the Court to grant preliminary approval of the Settlement and the allocations for Attorneys' Fees and Costs, Incentive Award, penalties under the Private Attorneys General Act, California Labor Code section 2698, *et seq*. ("PAGA"), and Settlement Administration Costs; approve the FLSA Collective and certify the proposed Class for settlement purposes; direct distribution of the Notice Packet; and set a Final Approval Hearing.

///

///

///

---

[1] A copy of the fully-executed Settlement Agreement is attached as "**EXHIBIT 1**" to the Declaration of Edwin Aiwazian ("Aiwazian Decl.").

[2] The "Notice Packet" will include the proposed Notice of Class Settlement and Notice of FLSA Settlement, which are attached as "Exhibit A" and "Exhibit B" respectively to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement, filed concurrently herewith.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    The Parties' Claims and Defenses

Defendant is a manufacturer, importer, and distributor of ceramic and porcelain tiles, decorative and glass mosaics, and natural stone. Plaintiff Elizabeth Castro was employed by Defendant as an hourly-paid, non-exempt employee of Defendant from approximately September 2016 to June 2017.  Declaration of Elizabeth Castro ("Castro Decl.") ¶ 2.

Plaintiff's core allegations are that Defendant has violated the California Labor Code, Business and Professions Code, and Fair Labor Standards Act by, *inter alia*, failing to properly pay minimum and overtime wages, failing to provide compliant meal and rest periods or pay associated premium payments, failing to timely pay wages upon termination, failing to provide compliant wage statements, failing to maintain requisite payroll records, and failing to reimburse necessary business-related expenses. Plaintiff contends that Defendant's conduct constitutes unfair business practices and gives rise to penalties under the PAGA.  As a result, Plaintiff contends that she and the Class Members are entitled to, *inter alia*, unpaid wages, penalties (including and not limited to, penalties pursuant to PAGA), and attorneys' fees.

Defendant denies any liability of any kind associated with the claims and allegations, and further denies that Plaintiff, Class Members, and/or FLSA Members are entitled to any relief. Defendant also denies that this case is appropriate for class or representative treatment for any purpose other than the Settlement. Defendant maintains, among other things, that it has complied with federal and California laws in all respects.

### B.    Procedural History

On May 14, 2018, Plaintiff Castro filed her Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. ("Complaint") against Defendant in Fresno County Superior Court, on behalf of herself and all current and former non-exempt, hourly-paid individuals employed by Defendant, since May 14, 2014. Aiwazian Decl., ¶ 10.

On June 22, 2018, Defendant filed its Answer to Plaintiff's Complaint. On July 3, 2018, Defendant filed a First Amended Answer to Plaintiff's Complaint.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    On June 29, 2018, Plaintiff propounded form interrogatories, special interrogatories, and

2 requests for production of documents on Defendant and noticed the depositions of Defendant's

3 persons most knowledgeable designees regarding organizational structure and job duties. On

4 July 18, 2018, Plaintiff propounded additional special interrogatories and requests for

5 production of documents.

6    On August 21, 2018, Defendant provided responses to Plaintiff's form interrogatories,

7 special interrogatories, and requests for production of documents.

8    On September 5 and 6, 2018, Plaintiff deposed Defendant's person most knowledgeable

9 designee regarding various topics.

10    On February 18, 2019, the parties participated in a private mediation before the

11 Honorable Steven M. Vartabedian (Ret.), a well-respected mediator experienced in handling

12 complex wage-and-hour matters. Aiwazian Decl., ¶ 11.

13    On May 13, 2019, pursuant to stipulation of the Parties and an order by the Fresno

14 County Superior Court granting leave thereon, Plaintiff filed a First Amended Class and

15 Collective Action Complaint for Damages & Enforcement Under the Private Attorneys General

16 Act, California Labor Code § 2698, Et Seq. ("First Amended Complaint"), adding, among other

17 things, additional claims under the Fair Labor Standards Act ("FLSA") that were investigated,

18 litigated, mediated, and settled.

19    On May 19, 2019, Defendant removed the case to the United States District Court for

20 the Eastern District of California under 28 U.S.C. §§ 1331, 1441, and 1446.

21    After extensive discovery and investigation into the facts of the case, and with the aid of

22 the mediator's evaluations and proposal, the parties reached a settlement to resolve this lawsuit.

23 *Id*.

24 **III.    SUMMARY OF THE SETTLEMENT TERMS**

25    **A.    The Class for Settlement Purposes**

26    For settlement purposes only, the Parties agree to class action certification of the

27 following Class consisting of approximately one thousand four hundred forty-seven (1,447)

28 individuals ("Class Members"):

3

With respect to all Released Class Claims, all individuals who are current or former hourly, non-exempt employees of Defendant in the State of California during the period from May 14, 2014 through the date the Court grants preliminary approval of the Settlement ("Settled Period" or "Class Period"). Agreement, ¶¶ 6-7.

As discussed in VI, *infra*, class certification is appropriate with respect to the settlement and resolution of the Released Class Claims ("Class Settlement").

### B.    The FLSA Collective for Settlement Purposes

For settlement purposes only, the Parties agree to approval of the FLSA Collective. The FLSA Collective will consist of all FLSA Members who cash, deposit, or otherwise negotiate their check for payment of their share of the Net FLSA Settlement Fund (as defined below) and who will be bound by the settlement and resolution of the Released FLSA Claims ("FLSA Settlement"). FLSA Members are, with respect to all Released FLSA Claims, all individuals who are current or former hourly, non-exempt employees of Defendant in the State of California during the Settled Period. Agreement, ¶ 18.

As discussed in VII, *infra*, approval of the FLSA Collective is appropriate with respect to the Settlement.

### C.    Essential Terms of the Settlement

Defendant will pay a Total Settlement Fund of $3,750,000. Agreement, ¶¶ 34, 62. The Net Settlement Fund means the amount remaining after deducting the following from the Total Settlement Fund: (1) attorneys' fees of up to $1,312,500 and reimbursement of litigation costs and expenses of up to $55,000 to Class Counsel ("Attorneys' Fees and Costs"); (2) Incentive Award of up to $15,000 Plaintiff; (3) $56,250 to the LWDA for its share of the amount allocated toward civil penalties under PAGA ("LWDA Payment"); (4) Settlement Administration Costs, which are currently estimated to be $15,000; and (5) employer's share of payroll taxes and contributions with respect to the wage portion of the Non-FLSA Payment and FLSA Payment ("Employer Taxes"). *Id.*, ¶¶ II. 38, II.39, III.5, II.6, & III.8. Twenty-five percent (25%) of the amount allocated to PAGA for civil penalties (i.e., $18,750) will remain part of the Net Class Settlement Fund. *Id.*, ¶ II.8. Assuming the allocations towards these payments are awarded in full, the Net Settlement Fund that will be available for distribution to Class Members who do not submit a timely and valid request for exclusion ("Participating Class Members") and FLSA

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  Members who timely and validly opt-in to the FLSA Collective ("Participating FLSA

2  Members") is estimated to be $2,296,250 less Employer Taxes. Aiwazian Decl., ¶ 17. Eighty

3  percent (80%) of the Net Settlement Fund will be allocated to the Class Settlement ("Net Class

4  Settlement Fund"), and the remaining twenty percent (20%) of the Net Settlement Fund will be

5  allocated to the FLSA Settlement ("Net FLSA Settlement Fund"). Agreement, ¶¶ III.9.a.1-2.

6       The Net Class Settlement Fund will be distributed to Participating Class Members on a

7  *pro rata* basis, based upon their number of employment by Defendant at any time during the

8  Settled Period ("Workweeks") as compared to the number of Workweeks worked by all

9  Participating Class Members. Agreement, ¶ II.40 & III.9.a.1. The Net FLSA Settlement Fund

10  will be distributed to FLSA Members on a *pro rata* basis, based upon the number of Workweeks

11  as compared to the total number of Workweeks worked by all FLSA Members. Agreement, ¶¶

12  III.9.a.1. The entire Net Settlement Fund will be distributed to the Settlement Class and the

13  FLSA Members with no reversion to Defendant.

14       **D.    Calculation of Non-FLSA Payments and FLSA Payments**

15       The Settlement Administrator will calculate each Participating Class Member's *pro rata*

16  share of the Net Class Settlement Fund ("Non-FLSA Payment"), as follows:

17       a) The Settlement Administrator will calculate the number of weeks of
18          employment of each Participating Class Member at any time during the Settled
            Period. Workweeks are determined by calculating the number of days each
19          Class Member worked for Defendant at any time during the Settled Period,
            dividing by seven (7), and rounding up to the nearest whole number. The
20          Workweeks calculated for a Class Member will also be used as the Workweeks
            for such person as an FLSA Member.  Agreement, ¶¶ II.40 & III.9.a.1.

21       b) The Settlement Administrator will then multiply the Net Class Settlement Fund
22          by a fraction that has as its numerator the individual Participating Class
            Member's Workweeks and as its denominator the total number of Workweeks
23          of all the Participating Class Members. *Id.*, ¶ III.9.a.1.

24       The Settlement Administrator will also calculate each FLSA Member's *pro rata* share

25  of the Net FLSA Fund ("FLSA Payment"), by multiplying the Net FLSA Settlement Fund by a

26  fraction that has as its numerator the individual FLSA Member's Workweeks and as its

27  denominator the total number of Workweeks of all the FLSA Members. *Id.*, ¶ III.9.a.2.

28  ///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Non-FLSA Payments and FLSA Payments will be allocated as thirty-five percent (35%) wages ("Wage Portion") and sixty-five percent (65%) penalties, interest, and non-wage damages ("Non-Wage Portion"). *Id.*, ¶ III.9.b.  The Wage Portion will be reported on an IRS Form W-2, and the Non-Wage Portion will be reported on an IRS Form-1099. *Id.*  The Employer Taxes will be paid from the Total Settlement Fund. ¶ II.13. The Non-FLSA Payment and FLSA Payment will each be reduced for the employee's share of payroll taxes and withholdings with respect to the Wage Portion. *Id*.

## E.    Range of Non-FLSA Payments for Class Members

The Net Settlement Fund is currently estimated to be $2,296,250 less Employer Taxes. Aiwazian Decl., ¶ 19. Assuming a Net Class Settlement Fund of approximately $1,837,000 (i.e., 80% of 2,296,250), the range of estimated Non-FLSA Payments that individual Participating Class Members could be credited with, based on their respective number of Workweeks and data provided by Defendant, are estimated as follows:

- 6 months: [($1,837,000÷ 94,439 total workweeks) x 26 Workweeks] = $505.74
- 1 year: [($1,837,000÷ 94,439 total workweeks) x 52 Workweeks] = $1,011.49
- 2 years: [($1,837,000÷ 94,439 total workweeks) x 104 Workweeks] = $2,022.98
- 3 years: [($1,837,000÷ 94,439 total workweeks) x 156 Workweeks] = $3,034.47
- 4 years: [($1,837,000÷ 94,439 total workweeks) x 208 Workweeks] = $4,045.96

## F.    Range of FLSA Payments for FLSA Members

The Net Settlement Amount is currently estimated to be $2,296,250. Aiwazian Decl., ¶ 17. Assuming a Net FLSA Settlement Fund of approximately $459,250 (20% of $2,296,250), the range of estimated FLSA Payments that individual Participating FLSA Members could be credited with, based on their respective number of Workweeks and data provided by Defendant, are estimated as follows:

- 6 months: [($459,250 ÷ 94,439 total workweeks) x 26 Workweeks] = $126.44
- 1 year: [($459,250 ÷ 94,439 total workweeks) x 52 Workweeks] = $252.87
- 2 years: [($459,250 ÷ 94,439 total workweeks) x 104 Workweeks] = $505.74
- 3 years: [($459,250 ÷ 94,439 total workweeks) x 156 Workweeks] = $758.62
- 4 years: [($459,250 ÷ 94,439 total workweeks) x 208 Workweeks] = $1,011.49

///

///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1

### G.    Settlement Opt-Out and Objection Procedures

2       Class Members who wish to be excluded from the Class Settlement must submit a letter

3   in writing to the Settlement Administrator ("Request for Exclusion"). Agreement, ¶ III.16. A

4   Request for Exclusion must: (a) contain a clear statement indicating that the Class Member wises

5   to exclude himself or herself from the Class Settlement; (b) contain the name, last four digits of

6   the Social Security Number of the Class Member or his or her employee identification number;

7   (c) be signed by the Class Member; and (d) be post-marked or fax-stamped and submitted to the

8   Settlement Administrator, on or before the date that is forty-five (45) calendar days from the

9   initial mailing of the Notice Packet ("Response Deadline"). *Id.*, ¶¶ II.36 & III.16. In the event

10  of a re-mailed Notice Packet, the Response Deadline will be extended fifteen (15) calendar days.

11  *Id.*, ¶ II.36.  Any Class Member who submits a timely and valid Request for Exclusion will not

12  be bound by the terms of the Class Settlement. *Id.*

13      Class Members have not submitted a timely and valid Request for Exclusion from the

14  Class Settlement (i.e., Participating Class Members), may object to the Class Settlement by

15  informing the Court and the Settlement Administrator in writing on or before the Response

16  Deadline. *Id.*, ¶ III.22.  A Notice of Objection must be signed by the Class Member and include:

17  (a) the full name of the Class Member; (b) the dates of employment of the Class Member; (c)

18  the last four digits of the Class Member's Social Security Number or his or her employee

19  identification number; (d) the basis for the objection; and (e) if the Class Member intends to

20  appear at the Final Approval Hearing. *Id.*, ¶ III.22.

21      ### H.    Scope of the Class Release

22       The Released Class Claims that are the subject of the Settlement are:

23      All wage and hour claims, rights, demands, liabilities and causes of action of every
        nature and description, against any of the Released Parties, that were plead in the
        First Amended Complaint or that could have been plead based on the factual
24      allegations in the First Amended Complaint, arising during the period from May
        14, 2014 through the date the Court grants preliminary approval of the Settlement,
25      including, without limitation, any statutory, constitutional, contractual or common
        law claims for wages (including minimum wage, overtime, and premium wages,
26      and for any failure to pay overtime based on the regular rate of pay), damages,
        business expenses, or penalties (including waiting time penalties), liquidated
27      damages, punitive damages, interest, restitution, equitable relief, or any other relief,

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

based on any and all applicable statutes (other than the Fair Labor Standards Act, including without limitation the California Labor Code, the California Industrial Welfare Commission wage orders, Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, *et seq.*) ("PAGA"), California Business and Professions Code § 17200, *et seq*, or other law, including, but not limited to, claims for failure to pay overtime wages, claims for meal and rest period violations and/or associated premium pay, claims for failure to pay minimum wages, claims for failure to timely pay wages upon termination, claims for failure to timely pay wages during employment, claims for failure to pay wages, claims for failure to provide accurate or otherwise proper itemized wage statements, claims for failure to keep complete and accurate payroll records, claims for failure to reimburse necessary business-related expenses and costs, claims under PAGA arising out of the aforementioned claims, claims under California Business & Professions Code § 17200 *et seq.* arising out of the aforementioned claims, and all other claims for penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or additional damages arising out of the aforementioned claims.  Agreement, ¶ II.32.

Upon the Effective Date[3], Plaintiff and all Participating Class Members will release all Released Class Claims with respect to all of the Released Parties.  *Id.*, ¶¶ II.12, 32, 34 & III.20.

## I.    Scope of the FLSA Release

The Released FLSA Claims that are

Any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, against any of the Released Parties, under the Fair Labor Standards Act, whether known or unknown, foreseen or unforeseen, arising out of or related to any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, as of and including the Effective Date of this Agreement, which are or could be raised in the Action.

Upon the Effective Date[4], Plaintiff and all Participating FLSA Members will release all Released FLSA Claims with respect to all of the Released Parties. *Id.*, ¶¶ II.12, 33, 34 & III.21.

## IV.   THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AND COLLECTIVE ACTION

Class action settlements require approval by the court. Fed. R. Civ. Proc. 23(e). Although judicial policy favors settlement of class actions, *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992), the decision to approve or reject a settlement is within the trial court's discretion, and that decision may be reversed only upon a strong showing of "clear abuse

[3] *See* Agreement, ¶ I.12, for the definition of the "Effective Date."
[4] *See* Agreement, ¶ I.12, for the definition of the "Effective Date."

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  of discretion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs*,

2  955 F.2d at 1276.

3       A settlement should be approved if it is "fundamentally fair, adequate, and reasonable."

4  *Hanlon*, 150 F.3d at 1026; Fed. R. Civ. P. 23(e). In approving a class action settlement, courts

5  engage in a two-step process: (1) preliminary approval of the settlement; and (2) a later detailed

6  review after notice is given to class members, to determine whether final approval is appropriate.

7  *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the

8  preliminary approval stage, courts must approve a class action settlement "if it appears to be the

9  product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does

10 not improperly grant preferential treatment to class representatives or segments of the class, and

11 falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d

12 1078, 1079 (N.D. Cal. 2007).

13      In evaluating the fairness of the class action settlement, courts should give "proper

14 deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d at 1027. Courts

15 need only ensure that the settlement is not a product of "fraud or overreaching by, or collusion

16 between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable,

17 and adequate to all concerned." *Id*.

18      In considering whether FLSA settlements should be approved, courts look to whether

19 the settlement is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc.*

20 *v. United States*, 679 F. 2d 1350, 1352-53.  A bona fide dispute exists when "there are legitimate

21 questions about the existence and extent of Defendant's FLSA liability. *Selk v. Poners Mem'l*

22 *Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016).

23 **V.  THE CLASS ACTION SETTLEMENT SHOULD BE PRELIMINARILY**

24 **APPROVED**

25      Preliminary approval is appropriate if the settlement is "potentially fair," *Acosta v. Trans*

26 *Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007), and has no "glaring deficiencies" that would

27 make it clear that a final approval hearing is not warranted. *Murillo v. Pac. Gas & Elec. Co.*,

28 266 F.R.D. 468, 478 (E.D. Cal. Mar. 4, 2010). As discussed below, the Settlement resulted from

hard-fought litigation and extensive negotiations, and is fair and reasonable. Therefore, the Class Settlement should be preliminarily approved.

**A.** **The Settlement Resulted from Arm's Length Negotiations and Extensive Investigation and Discovery**

An initial presumption of fairness exists "if the settlement is recommended by Class Counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted). Courts give great weight to such recommendation, as Class Counsel is most familiar with the issues underlying the case. *Nat'l Rural*, 221 F.R.D. at 528.

Here, the parties actively litigated this case since it was commenced on May 14, 2018. Class Counsel conducted a thorough investigation into the facts of the case, including, *inter alia*, interviews with Plaintiff and many Class Members, and diligently investigated the allegations in this lawsuit. Aiwazian Decl., ¶¶ 11-14. Class Counsel reviewed thousands of pages of data and documents, including but not limited to: Plaintiff's and other Class Members' employment records; class-wide data regarding the class size, number of workweeks, pay periods, and terminations during the time period at issue; policies (including, but not limited to, Business Travel and Expense Compensation Policy, Employment Policy, Safety Policy, and Customer Treatment Policy); multiple iterations of Defendant's New Employee Packet (which included, *inter alia*, policies and procedures regarding meal and rest periods, timekeeping requirements, dress code standards, overtime, and reimbursements); Defendant's Organizational Chart; Defendant's Dress Code; internal memoranda; various agreements and acknowledgements; and numerous other documents regarding Defendant's employment policies, practices, and procedures, among other information and documents. *Id.*, ¶ 13.

Further, Class Counsel deposed Defendant's Persons Most Knowledgeable witness over the course of two (2) days. *Id.* Plaintiff also propounded and reviewed Defendant's responses to multiple sets of written discovery requests. *Id.* The parties also met and conferred on numerous occasions over issues relating to the pleadings, jurisdiction, discovery, mediation, and the Settlement. *Id.*

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    The data and documents produced in this case enabled Class Counsel to prepare

2   damages/valuation models in preparation for the mediation, to determine the potential value and

3   strength of the claims, and to estimate the potential claim of each Class Member. *See id.*, ¶¶ 25-

4   78.

5    The parties reached the Settlement after reviewing all available evidence, arm's-length

6   bargaining, and participating in mediation conducted by the Honorable Steven M. Vartabedian

7   (Ret.), a well-respected mediator experienced in handling complex wage-and-hour matters. *Id.*,

8   ¶ 11. During the mediation, the parties exchanged information and discussed various aspects of

9   the case, including and not limited to, the claims of Plaintiff, the risks and delays of further

10  litigation and of proceeding with class and collective certification and/or representative

11  adjudication, the law relating to off-the-clock theory, meal and rest periods, wage-and-hour

12  enforcement, FLSA claims, and PAGA representative claims, the evidence produced and

13  analyzed, the possibility of appeals, and the risks to recovery.[5] *Id.* ¶ 12.

14   While the parties disagree over the merits and certifiability of Plaintiff's claims, Plaintiff

15  and Class Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest

16  of the Class and FLSA Members, in light of all known facts and circumstances. *Id.*, ¶¶ 12 & 80.

17   **B.    The Settlement Is Fair, Reasonable, and Adequate**

18    The Settlement, which provides for a Total Settlement Fund of $3,750,000, represents a

19  fair, reasonable, and adequate resolution of this lawsuit. Under the Settlement, the entire Net

20  Settlement Fund will be distributed to Participating Class Members and FLSA Members. The

21  amount of the Settlement is reasonable considering the risks relating to certification, liability,

22  and the ability to recover monetary relief on a class-wide, collective, or representative basis.

23  Aiwazian Decl., ¶¶ 12 & 25-80. Additionally, the Settlement guarantees a certain monetary

24  recovery to Participating Class Members and Participating FLSA Members in a reasonably short

25  period of time, as opposed to waiting additional years for the same or possibly no recovery if

---

26   [5] *See Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no evidence to suggest that
27  the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs'
    claims"); *see also Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390,
28  at *6 (N.D. Cal. Nov. 21, 2012) (stating that participation in private mediation "tends to support the conclusion
    that the settlement process was not collusive").

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

1    this matter were to proceed to trial.

2         The Settlement was calculated using data and information uncovered through significant

3    case investigation, formal discovery, and informal exchange of information in the context of

4    mediation and settlement negotiations. *Id.*, ¶¶ 12-17. Prior to reaching the Settlement, Class

5    Counsel conducted extensive investigation into the claims. *Id.*, ¶ 11. The data and information

6    obtained enabled Class Counsel to calculate the value of the claims and the monetary recovery

7    that could potentially be awarded to Class Members and FLSA Members, and permitted a

8    complete understanding of Defendant's employment policies, practices, and procedures. *See id.*,

9    ¶¶ 25-80. This information proved invaluable in negotiating a settlement amount that fairly

10   compensates the Class Members and FLSA Members. *Id.,* ¶ 14.

11        The parties have also considered the potential risks and rewards inherent in any case and,

12   in particular, with this case. *Id.*, ¶¶ 25-26. Prior to the mediation, Class Counsel performed a

13   damages and valuation analysis based on the sampling of time and pay data provided by

14   Defendant. *See id.*, ¶¶ 16 & 24. During the mediation, Defendant provided information and data

15   supporting its position that its policies and practices fully complied with California law. *Id.*, ¶¶

16   22, 25, & 27. Defendant argued that individual issues would predominate because its non-

17   exempt employees worked at different locations, in different positions, or during different

18   periods of time, and were subject to variant employment policies, practices, and procedures, and

19   the reasons why a Class Member failed to receive a meal or rest break or worked off the clock

20   would also raise individual issues that cannot be certified. *Id.*

21        Plaintiff faces numerous risks in continued litigation, including and not limited to, the

22   risk of receiving no recovery if a class is not certified and/or no liability is found and the Court

23   determining that adjudication on a representative or class basis is unmanageable and not

24   appropriate. *Id.*, ¶¶ 25-27. Plaintiff also faces the real possibility that, if there is a recovery

25   against Defendant after years of litigation and a lengthy and costly trial, the amount may be less

26   than the amount negotiated in this Settlement. *See id.*, ¶¶ 25-27.

27   ///

28   ///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1.    **The Settlement Treats All Class Members and FLSA Members Fairly**

There is no reason to doubt the fairness of the proposed plan of allocation of the settlement funds for purposes of preliminary approval. Even at the *final* approval stage: "an allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent Class Counsel." *Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014); *see also Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002).

Here, the Settlement is fair because it poses no risk of unequal treatment of any Class Member. Non-FLSA Payments and FLSA Payments will be calculated on a *pro rata* basis, based upon the number of Workweeks. Agreement, ¶ III.9.a. Considering the facts in this case, the amount of the Settlement represents a fair, reasonable, and adequate recovery for the Class Member and FLSA Members. Aiwazian Decl., ¶¶ 46.

C.    **The Settlement Is Within the Range of Possible Approval**

The Settlement, which provides for a Total Settlement Fund of $3,750,000 provides substantial monetary recovery to Class Members and FLSA Members, and is fair, reasonable, and adequate in light of the value of the claims and the significant risks of continued litigation. Similarly, all of the other Settlement terms for which Plaintiff requests approval and/or preliminary approval fall within the range of reasonableness, as discussed below.

1.    **The Requested Incentive Award Is Reasonable**

Subject to approval by the Court, Plaintiff will receive an Incentive Award of $15,000. The Incentive Award will be paid in addition to Plaintiff's Individual Settlement Payments (i.e., her Non-FLSA Payment and FLSA Payment).

The trial court has discretion to award incentives to the class representatives.[6] *See In re*

---

[6] In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have considered the factors set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995): (1) the risk to the class representative in commencing a class action; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g., In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).

*Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). Courts routinely approve incentive awards to class representatives for their time and efforts, and the risks they undertake on behalf of the class. *See, e.g.*, *Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) (discussing cases approving incentive awards in the range of $2,000 to $25,000). "Incentive awards are particularly appropriate in wage-and-hour actions" because named plaintiffs bear "a significant reputational risk for bringing suit against their former employers." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) (quotation marks omitted).

Moreover, Plaintiff spent considerable time and effort to produce relevant documents and past employment records and provide the facts and evidence necessary to support the allegations. Aiwazian Decl., ¶ 24; Castro Decl., ¶¶ 2-6. Plaintiff was available whenever counsel needed her and tried to obtain documents and information that would benefit the Class Members and FLSA Members. *Id.* Accordingly, it is appropriate and just for Plaintiff to receive a reasonable incentive payment for her services on behalf of the Class Members and FLSA Members.

### 2.    The Allocations for Attorneys' Fees and Costs Is Reasonable.

Class Counsel meet the requirements under Federal Rule of Civil Procedure 23(g). Class Counsel conducted extensive research, investigation, litigation and analysis of the potential value of the claims. Aiwazian Decl., ¶¶ 12-14. Additionally, Class Counsel is highly experienced in wage-and-hour litigation and class action cases. *Id.*, ¶ 7. Class Counsel has committed and continues to commit significant financial and staffing resources to representation in this matter. Aiwazian Decl. ¶ 10-14. As such, appointment of Lawyers *for* Justice, PC as Class Counsel is appropriate.

The Settlement establishes a Total Settlement Fund of $3,750,000, and provides for Class Counsel to apply for attorneys' fees in an amount of up to 35% of the Total Settlement Fund. Agreement, ¶ 19. Class Counsel will file an appropriate motion or application in advance of the Final Approval Hearing pursuant to Rule 23(h), and submit supporting evidence and documents.

///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1     Under California and Ninth Circuit precedent, a court has discretion to determine

2   attorneys' fees using either the lodestar method or the percentage-of-the-fund method.[7] While

3   often a 25% benchmark is observed by the Ninth Circuit, an upward or downward adjustment

4   is warranted if "the percentage recovery would be […] too small […] in light of the hours

5   devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Ariz. Citrus Growers*,

6   904 F.2d 1301, 1311 (9th Cir. 1990); *Staton*, 327 F.3d at 968; *Vizcaino*, 290 F.3d at 1048. If a

7   proposed class action settlement includes an award of attorneys' fees, courts must evaluate that

8   fee award on a case-by-case basis, in the overall context of the settlement.[8] In California,

9   attorneys' fees tend to be awarded above the 25% federal benchmark. *See Van Vranken*, 901 F.

10  Supp. at 297 (holding that fee awards of 30-50% are more typical where the fund is less than

11  $10 million); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1123, 1127 (C.D. Cal. 2008)

12  (holding that attorneys' fees in cases where the fund is below $10 million are often more than

13  25%). Moreover, California federal courts award fees in the 20% to 50% range. *Clayton v.*

14  *Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013).[9]

15     The goal is to award "reasonable compensation for creating a common fund." *Paul,*

16  *Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). In reviewing a fee award

17  request, courts consider the following factors: (1) the results achieved; (2) whether there are

18  _____

19  [7] It is appropriate to calculate and award attorneys' fees as a percentage of a monetary funds that has, by
    litigation, been preserved or recovered for the benefit of others. *Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th
20  480, 486 & 506 (2016); *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 253 (2001); *Vizcaino v.*
    *Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935,
21  942 (9th Cir. 2011). The percentage method is based on the amount of total recovery, as opposed to the total
    amount of claims made, and is well established in federal courts and the Ninth Circuit. *Boeing v. Van Gemert*,
22  444 U.S. 472, 478 (1980); *In re Hill*, 775 F.2d 1037 (9th Cir. 1985); *Williams v. MGM-Pathe Commc'n Co.*,
    129 F.3d 1026 (9th Cir. 1997); *In re Agent Orange Prod. Liability Litig.*, 818 F.2d 226, 232 (2d Cir. 1987).
23  [8] *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002); *Vizcaino*, 290 F.3d at 1048; *Knight v. Red*
    *Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009).
24  [9] District courts usually award attorneys' fees in the 30-40% range in wage-and-hour class actions that result
25  in recovery of a common fund under $10 million. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482,
    491-92 (E.D. Cal. 2010) (citing recent wage-and-hour class actions where district courts approved attorneys'
26  fee awards ranging from 30-33%); *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal.
    June 1, 2010) (approving attorneys' fees of one-third of the common fund and holding that the award was
27  similar to awards in other wage-and-hour class actions where fees ranged from 30.3-40%); *Romero v.*
    *Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) (recognizing that "fee awards in
28  class actions average around one-third" of the settlement).

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  benefits to the class beyond the immediate generation of a cash fund; (3) the risks of litigation;

2  (4) the skill required of counsel and quality of the work performed; (5) the contingent nature of

3  the fee and the foregoing by counsel of other work; and (6) the reactions of the class. *Vizcaino*,

4  290 F.3d at 1048-50; *In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013).

5  Of these factors, the most significant factor is the "degree of success obtained." *Hensley v.*

6  *Eckerhart*, 461 U.S. 424, 436 (1983).

7       Here, the attorneys' fee award provided for by the Settlement is reasonable, particularly

8  in light of the time and effort expended by Class Counsel. Class Counsel litigated this case for

9  over a year, with the possibility of an unsuccessful outcome and no fee recovery of any kind.

10  Aiwazian Decl., ¶¶ 10-14. The ongoing work has been demanding and ultimately successful in

11  achieving a substantial settlement. Given the strengths and weaknesses of the claims and the

12  risk and expense of further litigation, Class Counsel has achieved an excellent result on behalf

13  of the Class Members and FLSA Members. Considering the amount of the fees requested, the

14  work performed, and the risks incurred, the allocations for attorneys' fees and costs provided by

15  the Settlement are reasonable and should be awarded. *See Vizcaino*, 290 F.3d at 1051.

16  **VI.    CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER**

17        **RULE 23**

18       Class certification under Rule 23(a) is appropriate where the plaintiff demonstrates the

19  four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy of

20  representation), and one of the three requirements of Rule 23(b). *Valentino v. Carter-Wallace,*

21  *Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The proposed Class meets all of these requirements.

22       **A.    Numerosity**

23       A class is sufficiently numerous if it is "so large that joinder of all members is

24  impracticable." Fed. R. Civ. P. 23(a)(1). A reasonable estimate of the number of purported class

25  members is sufficient to meet the numerosity requirement." *In re Badger Mountain Irr. Dist.*

26  *Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992).

27  ///

28  ///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

1       The proposed Class consists of approximately one thousand four hundred forty-seven

2   (1,447) individuals. Aiwazian Decl., ¶ 10.  The proposed Class is sufficiently numerous, and

3   joinder of all Class Members would be impractical. *See Mazza v. Am. Honda Motor Co.*, 254

4   F.R.D. 610, 617 (C.D. Cal. 2008), *rev'd on other grounds*, 666 F.581, 593 (9th Cir. 2012) ("As

5   a general rule, classes of forty or more are considered sufficiently numerous.").

6       **B.**    <u>**Commonality**</u>

7       A settlement class has sufficient commonality "if there are questions of fact and law

8   which are common to the class." Fed. R. Civ. P. 23(a)(2). An affirmative showing of at least one

9   question of law or fact satisfies this requirement.[10] Commonality has been found to exists when

10   there is a common legal issue stemming from divergent factual predicates or a common nucleus

11   of facts leading to different legal remedies. *Hanlon*, 150 F.3d at 1019.

12       Courts generally find commonality where "the lawsuit challenges a system-wide practice

13   or policy that affects all of the putative class members[]" and divergent ways in which these

14   practices affect individual Class Members, if any, do not undermine the finding of

15   commonality.[11] Here, the Class Members seek remedies under California's wage-and-hour laws

16   for violations arising from common, uniform, and systematic practices which applied to all Class

17   Members during the Settled Period. *See* e.g., Aiwazian Decl., ¶¶ 11, 26, & 27; Castro Decl., ¶

18   3-4. Accordingly, the commonality requirement is satisfied for settlement purposes.

19       **C.**    <u>**Typicality**</u>

20       The typicality requirement is satisfied where "the cause of the injury is the same," as

21   here, and the injury claimed by the named plaintiffs are "similar" to that of unnamed class

22   members. *Armstrong*, 275 F.3d at 868-69. They need not be "identical." *Id.* at 869. Here,

23   Plaintiff's claims are typical of those of the Class Members, though some factual differences

24   may exist among them, as the claims arise from the same events or course of conduct and are

25   based upon the same legal theories. Plaintiff worked as a non-exempt employee for Defendant.

---

[10] *Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule.").

[11] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976).

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Castro Decl., ¶ 2. Given the structure of the Settlement, the Class satisfies the typicality requirement for settlement purposes as Plaintiff's claims arise from the same factual basis and are based on the same legal theories as those applicable to all other Class Members. *Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

### D. Adequacy of Representation

Rule 23(a)(4) requires that (1) Class Representative fairly and adequately protect the interests of the class, and (2) Class Counsel be qualified and competent to conduct the litigation. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir. 2000). The requirement "tends to merge with the commonality and typicality criteria of Rule 23(a)."[12] The inquiry turns on whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and "whether the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

Plaintiff's interests align with those of other Class Members, as all of them were employed by Defendant within the State of California. Castro Decl., ¶ 2. Plaintiff's claims are typical of those of Class Members, which are confined to a limited group of similarly situated employees during the Settled Period. Class Counsel is highly experienced in employment class action and complex wage-and-hour litigation, having handled many cases before and having been appointed Class Counsel in many other cases. Aiwazian Decl., ¶ 7. Plaintiff contends that Class Counsel's experience in litigating similar matters was integral to obtaining the Settlement.

### E. Predominance and Superiority

The proposed Class meets the requirements of Rule 23(b)(3) for settlement purposes because (1) common questions predominate over questions that affect individual members; and (2) class resolution is superior to other available means of adjudication. When assessing predominance and superiority, a court may consider that the proposed class will be certified for settlement purposes only. *See Amchem Prods.,* 521 U.S. at 618-20. Where the matter is being settled, a showing of manageability at trial is unnecessary. *Id.* at 620. At this stage, the relevant

---

[12] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *see also Manual for Complex Litig., Fourth* § 21.132 ("a settlement class must be cohesive").

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1   inquiry is "whether the proposed classes are sufficiently cohesive to warrant adjudication by

2   representation." *Id.* at 618-20, 623; *see also Hanlon*, 150 F.3d at 1022.

3          Here, the Class is sufficiently cohesive to warrant certification. For settlement purposes,

4   common questions of fact and law affecting Class Members predominate over any questions

5   that may affect only individual members. For example, Defendant's alleged failure to properly

6   pay Class Members for all hours worked and provide compliant meal and rest periods are alleged

7   to arise from Defendant's uniform policies, practices, and procedures. As such, the questions of

8   fact and law relating to these issues predominate. *See* Aiwazian Decl., ¶¶ 28, 34, 39.

9          Moreover, a class resolution is superior to other available means for the fair and efficient

10  adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023. The superiority requirement

11  involves a "comparative evaluation of alternative mechanism of dispute resolution." *Id.* Here,

12  the alternative method of resolution is individual claims, subject to proof, for relatively small

13  amounts of damages, which would be uneconomical for potential plaintiffs. *Id.* Therefore, a

14  class resolution is superior to any other available methods.

15  **VII.   CERTIFICATION OF THE FLSA COLLECTIVE IS APPROPRIATE**

16         The FLSA permits collective actions where the allegedly aggrieved employees are

17  "similarly situated." 29 U.S.C. § 216(b). Whether employees are similarly situated is judged in

18  two stages: a preliminary or "notice stage" and then a more substantive stage at the close of

19  discovery when the defendant brings a motion to decertify the class. *Nen Thio v. Genji, LLC,* 14

20  F.Supp.3d 1324, 1340 (N.D. Cal. 2014). Neither the FLSA, nor the Ninth Circuit, has defined

21  the term "similarly situated" for purposes of certifying a collective action. *Nen Thio.*, 14

22  F.Supp.3d at 1340. However, courts have determined that "the requisite showing of similarity

23  of claims under the FLSA is considerably less stringent than the requisite showing under Rule

24  23 of the Federal Rules of Civil Procedure." *Hill v. R+L Carriers, Inc.*, 690 F.Supp.2d 1001,

25  1009 (N.D. Cal. 2010); accord *Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 607 (E.D.

26  Cal. 2015).

27  ///

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1       At the notice stage, plaintiffs can satisfy their burden to show that they are similarly

2   situated by making substantial allegations that the "putative class members were together the

3   victims of a single decision, policy, or plan. *Nen Thio.*, 14 F.Supp.3d at 1340. As discussed,

4   *supra* section VI, Plaintiff and other FLSA Members all claim to have suffered injury as a result

5   of Defendant's uniform policies, practices, and procedures of allegedly failing to properly pay

6   FLSA Members for all hours worked, including minimum and overtime wages. As such,

7   Plaintiff respectfully requests that the Court conditionally certify the FLSA Collective.

8   **VIII.** <u>**ADEQUACY OF THE METHOD OF NOTICE**</u>

9       "Adequate notice is critical to court approval of a class settlement under Rule 23(e)."

10   *Hanlon,* 150 F.3d at 1025. A class notice must be "the best notice that is practicable under the

11   circumstances, including individual notice to all members who can be identified through

12   reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). A class notice is adequate if it "generally

13   describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints

14   to investigate and to come forward and be heard." *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d

15   566, 575 (9th Cir. 2004). The notice must also be "neutral and objective in tone, and should

16   neither promote nor discourage the assertion of claims." *Schaefer v. Overland Express Family*

17   *of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996).

18       Here, the proposed Notice Packet provides the best notice practicable and is adequate. It

19   provides information on, *inter alia*, the nature of the lawsuit, the definition of the Class and

20   FLSA Collective, the terms of the Settlement, information regarding the hybrid nature of the

21   Action and the claims involved in the Action, the scope of the Released Class Claims and

22   Released FLSA Claims, the binding effect of the Settlement, the number of Workweeks credited

23   to each Class Member and FLSA member, and his or her estimated Non-FLSA Payment and

24   FLSA Payment, the consequences of opting into the FLSA Collective to participate in the FLSA

25   Settlement and receive payment, and the allocations for Attorneys' Fees and Costs, Incentive

26   Award, and Settlement Administration Costs. The Notice Packet summarizes the proceedings

27   and provides the date, time, and place of the Final Approval Hearing, and all of this information

28   is "clearly and concisely state[d] in plain, easily understood language." Fed. R. Civ. P.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

1    23(c)(2)(B).

2        All Class Members can and will be identified by Defendant through a review of its

3    business records. After receiving the data from Defendant regarding each Class Member and

4    FLSA Member, the Settlement Administrator will mail a Notice Packet to each of them.

5    Agreement, ¶¶ III.11-12.[13] Accordingly, the proposed Notice Packet is adequate and is the best

6    notice practicable under Rule 23(c)(2)(B).

7        The Notice Packet also fulfills the requirement of neutrality in class notices. The Class

8    Notice and FLSA Notice provide a brief, neutral explanation of the case from the perspective of

9    both parties and recognizes that the Court has not yet granted final approval of the Settlement.[14]

10   The Notice Packet sets forth in an accurate and informative manner the procedures and deadlines

11   governing the submission of Requests for Exclusion, Notices of Objections, and disputes

12   regarding the number of Workweeks credited to Class Members and FLSA Members. The

13   proposed Notice Packet satisfies all due process requirements and complies with the standards

14   of fairness, completeness, and neutrality. Accordingly, the Court should approve the proposed

15   Notice Packet.

16   **IX.    APPOINTMENT    OF    PHOENIX    CLASS    ACTION    ADMINISTRATION**

17   **SOLUTIONS AS THE ADMINISTRATOR**

18       The parties have selected Phoenix Class Action Administration Solutions (i.e., Phoenix)

19   as the Settlement Administrator to handle the notice and administration of the Settlement.

20   Phoenix will format, print, and translate the Notice Packet and will mail a Notice Packet in

21   English and Spanish to each Class Member and/or FLSA Member; receive, review, and process

22   Requests for Exclusion, Notices of Objection, and written disputes with respect to Workweeks;

23   calculate Non-FLSA Payments and FLSA Payments; withhold applicable taxes and

24   withholdings; prepare and transmit necessary tax documentation and filings; and transmit all

25

---

26   [13] *See Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) (Individual notice by mail "is clearly the
'best notice practicable' within the meaning of Rule 23(c)(2)" where "all class members [] can be identified
27   with reasonable effort").

28   [14] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[C]ourts must be scrupulous to respect
judicial neutrality" in overseeing the class action notice process and "avoid even the appearance of judicial
endorsement of the merits of the action[.]").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

21

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    required payments. Agreement, ¶¶ III.10-14.  Phoenix will also handle inquiries from Class

2    Members regarding the Settlement, and perform any other usual and customary duties for

3    administering a class action settlement. *Id*.

4          Settlement Administration Costs are currently estimated not to exceed $15,000, and shall

5    be paid out of the Total Settlement Fund. Plaintiff respectfully requests that the Court appoint

6    Phoenix as the Settlement Administrator and direct distribution of the Notice Packet in the

7    manner, and based on the proposed deadlines, set forth in the Settlement Agreement and Section

8    X, below.

9    **X.      DEADLINES FOR NOTICE AND ADMINISTRATION**

10         The Court is respectfully requested to approve the proposed deadlines for the notice and

11   settlement administration process. Within fifteen (15) calendar days following preliminary

12   approval of the Settlement, Defendant will provide Phoenix with a list of the pertinent

13   information for Class Members and FLSA Members for notice and settlement administration

14   ("Class List"). *Id.*, ¶ II.5.  Within ten (10) calendar days of receipt of the Class List, Phoenix

15   will send a Notice Packet to each Class Member and FLSA Member. *Id.*, ¶ III.12.  Prior to

16   mailing the Notice Packets, Phoenix will attempt to locate Class Members' updated addresses

17   by a search of the National Change of Address Database or any other similar service available.

18   *Id*.  If a Notice Packet is returned as undeliverable, Phoenix will promptly re-mail it to a

19   forwarding address, if provided, or to an updated address obtained from a skip-trace search. *Id.*,

20   ¶ III.13.

21         Requests for Exclusion and disputes regarding Workweeks, must be mailed or faxed to

22   Phoenix, post-marked or fax-stamped by the Response Deadline or, in the event of a re-mailed

23   Notice Packet, within fifteen (15) calendar days from the original Response Deadline. *Id.*, ¶

24   III.15, 16 & 22.  Notice of Objection must be mailed or faxed to the Settlement Administrator

25   and filed with the Court by the Response Deadline. *Id*.  If a Class Member submits a defective

26   Request for Exclusion, the Settlement Administrator will mail the Class Member a cure letter

27   within three (3) business days of receipt to advise the Class Member of the defect. *Id*., ¶ III.18.

28   The Class Member will then have until the Response Deadline to fax or mail a corrected Request

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

1    for Exclusion. *Id.*

2         All settlement checks issued to Class Members and FLSA Members will remain valid

3    and negotiable for one hundred and eighty (180) calendar days from the date of their issuance.

4    Thereafter, the funds associated with any such checks that remain uncashed will be cancelled

5    and the funds associated with such checks will be transmitted to California Rural Legal

6    Assistance, Inc., a non-profit organization. *Id.*, ¶ III.24.

7    **XI.   CONCLUSION**

8         For the foregoing reasons, Plaintiff respectfully requests that the Court grant preliminary

9    approval of the Settlement; certify the proposed Class and approve the FLSA Collective for

10   settlement purposes; appoint Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh of Lawyers

11   *for* Justice, PC as Class Counsel; preliminarily approve the allocations for an award of

12   Attorneys' Fees and Costs, Incentive Award, and Settlement Administration Costs; appoint

13   Plaintiff as the Class Representative; appoint Phoenix Class Action Administration Solutions as

14   Settlement Administrator; approve and direct the mailing of the Notice Packet to the Class

15   Members and FLSA Members; and schedule a Final Approval Hearing in approximately six

16   months after the hearing on the Court grants preliminary approval.

17   Dated:  October 21, 2019                    **LAWYERS *for* JUSTICE, PC**

18

19                                        By:    /s/ Edwin Aiwazian_____
                                                 Edwin Aiwazian
20                                               *Attorneys for* Plaintiff

21

22

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**