UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CASTRO, individually, and on behalf of similarly situated members of the general public and other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>PARAGON INDUSTRIES, et al.,<br><br>Defendants. | No. 1:19-cv-00755-DAD-SKO<br><br>ORDER DIRECTING THE FILING OF SUPPLEMENTAL BRIEFING AND DOCUMENTATION<br><br>(Doc. No. 9) |

In connection with plaintiff's motion for preliminary approval of the proposed class action and collective action settlement which came on for hearing before the court on December 3, 2019, the parties are directed to file supplemental briefing and documentation addressing the following issues:

1. The fairness and reasonableness of including the employer's share of payroll taxes and other mandatory contributions as part of the Settlement Fund, and the estimated value of the payroll taxes and other mandatory contributions, in both absolute and percentage terms;

2. With respect to the FLSA collective action, additional information and detail regarding the existence of a bona fide dispute (i.e. whether there are legitimate

questions about the existence and extent of defendant's FLSA liability), including the basis on which defendant "denies any liability of any kind associated with the claims and allegations" and maintains that it has complied with the applicable laws in all respects (Doc. No. 9 at 9);

3. Whether the estimated value of plaintiff's FLSA claims includes liquidated damages, *see* 29 U.S.C. § 216(b); *Haro v. City of Los Angeles*, 745 F.3d 1249, 1259 (9th Cir. 2014) ("Double damages are the norm; single damages the exception[, for FLSA claims].");

4. Additional documentation supporting the valuation of each of plaintiff's claims, including how the parties initially arrived at the potential value of each claim (before discounts);

5. The reasonableness of an award of attorneys' fees in an amount up to 35% of the Settlement Fund under the circumstances of this case and in light of the results obtained;

6. An estimate of plaintiff's attorneys' fees if calculated under the lodestar method and assurance that documentation will be submitted with the motion for final approval allowing the court to conduct a lodestar cross-check at that time;

7. The fairness and validity of the proposed FLSA collective waiver, *see Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate.") (internal quotations omitted).

The parties shall file a brief responsive to these issues within fourteen (14) days from the date of service of this order.

IT IS SO ORDERED.

Dated: **December 5, 2019**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE