1  Edwin Aiwazian (Cal. State Bar No. 232943)
        *edwin@calljustice.com*
2  Arby Aiwazian (Cal. State Bar No. 269827)
        *arby@calljustice.com*
3  Joanna Ghosh (Cal. State Bar No. 272479)
        *joanna@calljustice.com*
4  **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
5  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
6
7  *Attorneys for* Plaintiff and the Class

8                **UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10  ELIZABETH CASTRO, individually, and        Case No.: 1:19-cv-00755-DAD-SKO
    on behalf of other members of the general
11  public similarly situated and on behalf of     Honorable Dale A. Drozd
    other aggrieved employees pursuant to the     Courtroom 5
12  California Private Attorneys General Act,
                                                   **CLASS ACTION**
13                 Plaintiff,
                                                   **PLAINTIFF'S MOTION FOR ATTORNEYS'**
14            vs.                                   **FEES AND COSTS AND INCENTIVE**
                                                   **AWARD; MEMORANDUM OF POINTS AND**
15  PARAGON INDUSTRIES, INC. DBA                   **AUTHORITIES**
    BEDROSIANS, a California Corporation;
16  and DOES 1 through 100, inclusive,            [Notice of Motion and Motion for Attorneys' Fees
                                                   and Costs and Incentive Award; Declaration of
17                 Defendants.                      Class Counsel (Edwin Aiwazian); Declaration of
                                                   Class Representative (Elizabeth Castro); and
18                                                 [Proposed] Order filed concurrently herewith]
19
20  Date:            November 30, 2020
    Time:            3:00 p.m.
    Courtroom:       5
21
22  Complaint Filed:    May 14, 2018
    FAC Filed:          May 14, 2019
    Trial Date:         None Set
23
24
25
26
27
28

# TABLE OF CONTENTS

I.     SUMMARY OF MOTION .......................................................................................... 1

II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND ................................... 2

III.   SUMMARY OF THE SETTLEMENT TERMS AND NOTICE ADMINISTRATION ............... 4

IV.   THE REQUESTED ATTORNEYS' FEES SHOULD BE APPROVED ....................... 5

    A. Legal Standard for Attorneys' Fees in a Class Action Settlement ............................. 5

    B. A Fee Award of a Percentage of the Entire Fund Is Appropriate ............................. 6

        1. The Percentage-of-the-Benefit Approach ..................................................... 6

        2. The Requested Percentage Fee Should Be Awarded ..................................... 8

    C. Attorneys' Fees of 35% of the Settlement Is Supported by Ninth Circuit Precedent ................. 9

        1. The Risk Assumed by Class Counsel ........................................................ 11

        2. Efforts Expended by Class Counsel .......................................................... 11

        1. Class Counsel Efficiently Obtained Significant Relief for the Class .......................... 12

        2. The Skill and Reputation of the Attorneys .................................................. 14

        3. Federal Courts Regularly Award Fees in Excess of the Percentage Amount Sought ... 14

    D. The Lodestar Methodology Also Justifies Approval of The Requested Attorneys' Fees .......... 15

V.    COSTS TO BE REIMBURSED TO CLASS COUNSEL ...................................... 18

VI.   THE REQUESTED INCENTIVE AWARD SHOULD BE APPROVED .................................. 18

VII.  CONCLUSION ..................................................................................................... 19

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF AUTHORITIES

**Cases**

*Allapattah Services, Inc. v. Exxon Corp.* (S.D.Fla. 2006) 454 F.Supp. 2d 1185 ............................................ 9

*Beech Cinema, Inc. v. Twentieth-Century Fox Film Corp.* (S.D.N.Y. 1979) 480 F.Supp. 1195, *aff'd* (2nd Cir. 1980) 622 F.2d 1106 .......................................... 14

*Boeing Co. v. Van Gemert* (1980) 444 U.S. 472 .......................................... 6

*Cellphone Termination Fee Cases* (2009) 180 Cal. App. 4th 1110 .......................................... 5

*Clayton v. Knight Transp.* (E.D. Cal. Oct. 30, 2013) 2013 WL 5877213 .......................................... 10

*Consumer Privacy Cases* (2009) 175 Cal.App.4th 545 .......................................... 6

*County of San Bernardino* (C.D. Cal. 2006) 624 F.Supp.2d 1113 .......................................... 17

*Craft v. Cnty. of San Bernardino* (C.D. Cal. 2008) 624 F. Supp. 2d 1123 .......................................... 10

*Crampton v. Takegoshi* (1993) 17 Cal.App.4th 308 .......................................... 6

*Fischel v. Equitable Life* (9th Cir. 2002) 307 F.3d 997 .......................................... 15

*Glass v. UBS Financial Services, Inc.* (N.D. Cal. Jan. 26, 2007) 2007 WL 221862 .......................................... 9

*Hensley v. Eckerhart* (1983) 461 U.S. 424 .......................................... 6

*In re Activision Sec. Lit* (N.D. Cal. 1989) 723 F. Supp. 1373 .......................................... 7, 9

*In re Ampicillin Antitrust Litigation* (D.D.C. 1981) 526 F. Supp. 494 .......................................... 14

*In re Buspirone Patent & Antitrust Litig.* (S.D.N.Y. Apr. 11, 2003) MDL No. 1413, 2003 U.S. Dist. LEXIS 26538 .......................................... 15

*In re KeySpan Corp. Sec. Litig.* (E.D.N.Y. Aug. 25, 2005) No. CV 2001-5852 (ARR) (MDG) 2005 U.S. Dist. LEXIS 29068 .......................................... 14

*In re Pacific Enterprises Security Litigation* (9th Cir. 1995) 47 F.3d 373 .......................................... 9

*In re Relafen Antitrust Litig.*, (Order and Final Judgment dated Apr 9, 2004) (D. Mass) 1:01cv12239-WGY .......................................... 15

*In Re Southern Ohio Correctional Facility* (S.D. Ohio 1997) 175 F.R.D. 270 .......................................... 18

*In re Washington Public Power* (9th Cir. 1994) 19 F.4d 1291 .......................................... 11

*Ingram v. The Coca-Cola Co.* (N.D. Ga. 2001) 200 F.R.D. 685 .......................................... 18

*Kerr v. Screen Extras Guild, Inc.* (9th Cir. 1975) 526 F.2d 67 .......................................... 7

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

*Ketchum v. Moses* (2001) 24 Cal. 4th 1122 .................................................................... 5

*Laffitte v. Robert Half Int'l, Inc.* (2016) 1 Cal.5th 480 ................................................. 5

*Lealao v. Beneficial Cal., Inc.* (2000) 82 Cal.App.4th 19 ...................................... 5, 6, 8

*Lindy Bros. Bldrs. v. American Radiator & Standard Sanitary Corp.* (1976) 540 F.2d 102 ..................... 7

*Lindy Bros. Bldrs., Inc. of Phila. v. American R. & R. San Corp.* (3rd Cir. 1973) 487 F.2d 161 ................... 7

*Masters v. Wilhelmina Model Agency, Inc.* (2d Cir. 2006) 473 F.3d 423 ........................................ 9

*Paul, Johnson, Alston & Hunt v. Graulty* (9th Cir. 1989) 886 F.2d 268, 272 .................................... 7

*Razilov v. Nationwide Mut. Ins. Co.,* No. 01-CV-1466-BR (D. Or. Nov. 13, 2006) 2006 WL 3312024 ....... 18

*Romero v. Producers Dairy Foods, Inc.* (E.D. Cal. Nov. 14, 2007) 2007 WL 3492841 ............................. 10

*Singer v. Becton Dickinson and Co.* (S.D. Cal. June 1, 2010) 08-cv-821-IEG (BLM), 2010 WL 2196104 .. 19

*Singer v. Becton Dickinson and Co.* (S.D. Cal. June 1, 2010) 2010 WL 2196104 ..................................... 10

*Six Mexican Workers v. Arizona Citrus Growers* (9th Cir. 1990) 904 F.2d 1301 ............................... 7

*Smith v. CRST Van Expedited, Inc.* (S.D. Cal. Jan. 14, 2013) No. 10-CV-1116- IEG WMC, 2013 WL
   163293 .................................................................................................................. 19

*Staton v. Boeing* (9th Cir. 2003), 327 F.3d 938 .............................................................. 9

*Van Gemert v. Boeing Co.* (S.D.N.Y. 1981) 516 F. Supp. 412 ................................................. 15

*Van Vranken v. Atl. Richfield Co.* (N.D. Cal. 1995), 901 F. Supp. 294 ..................................... 10

*Vincent v. Hughes Air West, Inc.* (9th Cir. 1977) 557 F.2d 759 ............................................. 6

*Vizcaino v. Microsoft* (9th Cir. 2002) 290 F.3d 1043 ................................................. passim

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.* (2d Cir. 2005) 396 F.3d 96 .................................. 17

*Williams v. MGM-Pathe Communications* (9th Cir. 1997) 129 F.3d 1026 ................................... 9

*Winslow v. Harold G. Ferguson Corp.* (1944) 25 Cal.2d 274 ............................................... 8

**Treatises**

A. Conte, *Attorney Fee Awards*, 2nd ed. 1993 .......................................................... 7

Manual for Complex Litigation § 21.311 at p. 413 (4th ed. 2007) ...................................... 7

Newberg, Newberg on Class Actions, 4th ed., 2002 §14.6 ............................................. 14

R. Pearle, California Attorney Fee Awards (CEB, 1993) §7A ........................................... 6

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM
OF POINTS AND AUTHORITIES**

*Six (6) Mexican Workers v. Ariz. Citrus Growers* (9th Cir. 1990)904 F.2d 1301, 1311.............................. 10

Weil and Brown, <u>California Practice Guide</u>, *Civil Procedure Before Trial*, Chapter 14............................... 5

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      SUMMARY OF MOTION

Plaintiff Elizabeth Castro ("Plaintiff") seeks an award of attorneys' fees in the amount of $1,312,500, which is 35% of the Total Settlement Fund and reimbursement of litigation costs and expenses in the amount of $24,659.23 to Lawyers *for* Justice, PC ("Class Counsel") and an Incentive Award in the amount of $15,000 to Plaintiff Elizabeth Castro, as provided for by the Class Action and Collective Action Settlement and Release Agreement and Amendment No. 1 to Class Action and Collective Action Settlement and Release Agreement (together, "Settlement," "Agreement," or "Settlement Agreement").

This litigation involved extensive discovery, ongoing investigations, formal and informal exchange of information, documents, and data, and extensive settlement negotiations. This matter has required 937.95 hours of attorney time. As will be demonstrated herein, the request for an award of attorneys' fees, which represents 35% of the Total Settlement Fund of $3,750,000, is fully supported by the use of the percentage-fee method. Courts have historically awarded fees of up to 50% of the recovery. The requested attorneys' fees are also supported under the lodestar cross-check method.[1]

Plaintiff also moves for payment in the amount of $15,000 to Plaintiff Castro as Incentive Award, to compensate her for the time and effort that she spent prosecuting the case on behalf of the Class and FLSA Members.

The attorneys' fees and reimbursement of litigation costs and expenses ("Attorneys' Fees and Costs") and Incentive Award sought herein were fully disclosed in the Notice of Class Action Settlement ("Class Notice") and Notice of FLSA Settlement ("FLSA Notice") (together, "Notice Packet") that were mailed to the Class Members and FLSA Members. Most importantly, not a single Class Member has objected to the Attorneys' Fees and Costs or Incentive Award that are requested.

Accordingly, the Court should award the Attorneys' Fees and Costs and Incentive Award in the amounts as fully disclosed to the Settlement Class Members and FLSA Members and as requested herein.

///

---

[1] Applying a modest multiplier of 1.79, the total enhanced lodestar fees are $1,317,960.44, and Class Counsel seeks an attorneys' fees award of $1,312,500 (equal to 35% of the Total Settlement Fund).

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF
POINTS AND AUTHORITIES

## II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Defendant manufactures, imports, and distributes ceramic and porcelain tiles, decorative and glass mosaics, and natural stone. Plaintiff Elizabeth Castro was employed by Defendant as an hourly-paid, non-exempt employee of Defendant from approximately September 2016 to June 2017.[2]

On May 14, 2018, Plaintiff Castro filed her Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. ("Complaint") against Defendant in Fresno County Superior Court, on behalf of herself and all current and former non-exempt, hourly-paid individuals employed by Defendant, since May 14, 2014.

On June 22, 2018, Defendant filed its Answer to Plaintiff's Complaint. On July 3, 2018, Defendant filed a First Amended Answer to Plaintiff's Complaint.

On June 29, 2018, Plaintiff propounded form interrogatories, special interrogatories, and requests for production of documents on Defendant and noticed the depositions of Defendant's persons most knowledgeable designees regarding organizational structure and job duties. On July 18, 2018, Plaintiff propounded additional special interrogatories and requests for production of documents.

On August 21, 2018, Defendant provided responses to Plaintiff's form interrogatories, special interrogatories, and requests for production of documents.

On September 5 and 6, 2018, Plaintiff deposed Defendant's person most knowledgeable designee regarding various topics.

On February 18, 2019, the parties participated in a private mediation before the Honorable Steven M. Vartabedian (Ret.), a well-respected mediator experienced in handling complex wage-and-hour matters.

On May 13, 2019, pursuant to stipulation of the Parties and an order by the Fresno County Superior Court, Plaintiff filed a First Amended Class and Collective Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. ("First Amended Complaint").  Plaintiff's core allegations are that Defendant violated the California Labor Code and Fair Labor Standards Act ("FLSA") by, *inter alia*, failing to properly pay minimum and overtime wages,

---

[2] Declaration of Elizabeth Castro ("Castro Decl.") ¶ 2.

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

failing to provide compliant meal and rest periods or pay associated premiums, failing to timely pay wages upon termination, failing to provide compliant wage statements, failing to maintain requisite payroll records, and failing to reimburse necessary business-related expenses, and thereby engaged in unfair business practices under the California Business and Professions Code and conduct giving rise to penalties under PAGA.

Defendant denies any liability of any kind associated with the claims and allegations, and further denies that Plaintiff or the Class Members and/or FLSA Members are entitled to any relief.  Defendant also denies that this case is appropriate for class, representative, or collective treatment for any purpose other than the Settlement.  Defendant maintains, among other things, that it has complied with federal and California laws in all respects.

On May 19, 2019, Defendant removed the case to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1331, 1441, and 1446.

After extensive discovery and investigation into the facts of the case, and with the aid of the mediator's evaluations and proposal, the parties reached a settlement to resolve this lawsuit. On October 21, 2019, Plaintiff filed a Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion for Preliminary Approval"). (Dkt. No. 9). On December 3, 2019, a hearing was held on Plaintiff's Motion for Preliminary Approval, during which the Court raised several points of inquiry and requested additional information. (Dkt. No. 13). On December 20, 2019, Plaintiff filed supplemental papers in support of the Motion for Preliminary Approval. (Dkt. No. 14). On April 8, 2020, the Court entered a Minute Order requesting additional information. (Dkt. No. 17). On April 15, 2020, Plaintiff filed supplemental declaration in support of the Motion for Preliminary Approval. (Dkt. No. 18).  On April 24, 2020, the Court entered an Order Granting Plaintiff's Motion for Conditional Class Certification and Preliminary Approval of the Proposed Class and Collective Action Settlement, thereby preliminarily approving the terms of the Settlement, the Class Notice and FLSA Notice (together, "Notice Packet"), and the proposed administration procedures and associated deadlines. (Dkt. No. 19).

Plaintiff now moves for an award of Attorneys' Fees and Costs to Class Counsel and Incentive Award to Plaintiff.

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**III.    SUMMARY OF THE SETTLEMENT TERMS AND NOTICE ADMINISTRATION**

Under the terms of the Settlement Agreement, Defendant has agreed to pay a Total Settlement Fund of $3,750,000, under which the Net Settlement Fund will be distributed to Class Members who did not submit timely and valid Requests for Exclusion ("Participating Class Members") and FLSA Members.[3] Subject to approval by the Court, the Net Settlement Fund will be calculated by deducting the following amounts from the Total Settlement Fund: (1) attorneys' fees of $1,312,500 and reimbursement of litigation costs and expenses of $24,659.23 to Class Counsel (i.e., Attorneys' Fees and Costs); (2) Incentive Award of $15,000 to Plaintiff; (3) LWDA Payment of $56,250 to the LWDA for its share of the amount allocated to civil penalties under PAGA; (4) Settlement Administration Costs in the amount of $13,000 to Phoenix Class Action Administration Solutions ("Settlement Administrator" or "Phoenix"); and (5) the employer's share of payroll taxes and contributions with respect to the wage portion of the Non-FLSA Payments and FLSA Payments ("Employer Taxes"), estimated to be $95,000.[4] The Net Settlement Fund is currently estimated to be $2,233,590.77.[5] Eighty percent (80%) of the Net Settlement Fund, or $1,786,872.62, will be allocated to the Class Settlement ("Net Class Settlement Fund"), and the remaining twenty percent (20%), or $446,718.15, of the Net Settlement Fund will be allocated to the FLSA Settlement ("Net FLSA Settlement Fund").[6]

On May 18, 2020, Phoenix mailed the Notice Packet to one thousand six hundred sixty-nine (1,669) individuals identified as Class Members and FLSA Members in the Class List provided by Defendant via First-Class U.S. Mail.[7] The deadline for Class Members to opt out of the Class Settlement, object to the Class Settlement, and dispute the number of Workweeks credited to each of them was July 2, 2020 ("Response Deadline").[8] Phoenix has not received any Notices of Objection or Requests for Exclusion from Class Members.[9]

---

[3] Settlement Agreement, ¶ II.39.
[4] *Id.*, ¶¶ II.24, III.5, III.6, & III.8. Phoenix Decl., ¶ 14; "Employer Taxes" means employer's share of payroll taxes and contributions with respect to the Wage Portion of the Non-FLSA Payment and FLSA Payment.
[5] Phoenix Decl., ¶ 14.
[6] *Id.*, ¶¶ III.9.
[7] Phoenix Decl., ¶ 6.
[8] Settlement Agreement, ¶ II.36; Phoenix Decl., ¶ 9.
[9] *Id.*, ¶¶ 10-11.

---

4

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

As of the date of this motion, one thousand six hundred sixty-nine (1,669) Class Members did not submit timely and valid Requests for Exclusion, and are, therefore, deemed to be Participating Class Members.[10] The Net Class Settlement Fund is estimated to be $1,786,872.62.[11] The highest gross Non-FLSA Payment is currently estimated to be $4,469.70 and the average gross Non-FLSA Payment is currently estimated to be $1,070.62.[12]

There are one thousand six hundred sixty-nine (1,669) FLSA Members who will be deemed Participating FLSA Members if they cash, deposit, or otherwise negotiate their FLSA Payment. The highest gross FLSA Payment is currently estimated to be $1,117.43 and the average gross FLSA Payment is currently estimated to be $267.66.[13]  The Non-FLSA Payments and FLSA Payments are subject to reduction for the employee taxes and withholdings.

## IV.    THE REQUESTED ATTORNEYS' FEES SHOULD BE APPROVED

### A.  Legal Standard for Attorneys' Fees in a Class Action Settlement.

Trial courts have "wide latitude" in assessing the value of attorneys' fees and their decisions will "'not be disturbed on appeal absent a manifest abuse of discretion.'" *Lealao v. Beneficial Cal., Inc.* (2000) 82 Cal.App.4th 19, 41; *Ketchum v. Moses* (2001) 24 Cal. 4th 1122, 1132 (The "experienced trial judge is the best judge of the value of professional services rendered in his court[.]"); *Cellphone Termination Fee Cases* (2009) 180 Cal.App.4th 1110, 1118. Where the settlement amount is a "certain easily calculable sum of money," courts may calculate fees as a reasonable percentage of the settlement. Weil and Brown, California Practice Guide, *Civil Procedure Before Trial*, Chapter 14, section 14:145; *Dunk*, *supra*, 48 Cal.App.4th at 1808. The percentage-of-the-benefit approach is preferred in class actions because "it better approximates the workings of the marketplace than the lodestar approach." *Lealao*, *supra*, 82 Cal.App.4th at 49.

California law provides that an award of attorneys' fees should be equivalent to fees paid in the legal marketplace for the result achieved and risk incurred. *See Lealao*, *supra*, 82 Cal.App.4th at 47; *Laffitte v. Robert Half Int'l, Inc.* (2016) 1 Cal.5th 480, 503. When an action leads to recovery that can be "monetized" with a reasonable degree of certainty, the trial court should "ensure that the fee awarded is within the range

---

[10] *Id.*, ¶ 13; see n.5, *supra*.
[11] *Ibid*. See n. 13, *supra*.
[12] Phoenix Decl., ¶ 15.
[13] Phoenix Decl., ¶ 16.

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

of fees freely negotiated in the legal marketplace in comparable litigation." *Lealao, supra,* 82 Cal.App.4th at 50. Fee awards that are too small will "chill the private enforcement essential to the vindication of many legal rights and obstruct the representative actions that often relieve the courts of the need to separately adjudicate numerous claims." *Lealao*, *supra*, 82 Cal.App.4th at 53. Therefore, fees in class and representative actions should approximate the probable terms of a contingent fee contracts negotiated by sophisticated attorneys and clients in comparable litigation. *Id.* at 48.

"The ultimate goal … is the award of a 'reasonable' fee to compensate counsel for their efforts, irrespective of the method of calculation." *Consumer Privacy Cases* (2009) 175 Cal.App.4th 545, 557-58 (citations omitted). An attorneys' fee motion should not turn into "a second major litigation." *Id.* at 31 (citing *Hensley v. Eckerhart* (1983) 461 U.S. 424, 437). In cases where class members present claims against a settlement amount and the settlement provides that the defendant agrees to paying the attorneys a percentage of the same, use of that percentage method is appropriate. *Id.* at 32.

### B. A Fee Award of a Percentage of the Entire Fund Is Appropriate.

#### 1. The Percentage-of-the-Benefit Approach.

Courts have long recognized that an appropriate method for determining an award of attorneys' fees is based on a percentage of the total value of benefits made available to class members by the settlement. See, *Boeing Co. v. Van Gemert* (1980) 444 U.S. 472, 478; *Vincent v. Hughes Air West, Inc.* (9th Cir. 1977) 557 F.2d 759, 769; *Serrano v. Priest* (1977) 20 Cal.3d 25, 34. The purpose of this equitable doctrine is to spread litigation costs proportionally among all beneficiaries so that the active beneficiary does not bear the entire burden alone. See *Vincent v. Hughes Air West, Inc.* (9th Cir. 1977) 557 F.2d 759, 769. When others may derive benefits from a litigant's efforts, the litigant may require the passive beneficiaries to compensate those who made the benefits available. See, R. Pearle, California Attorney Fee Awards (CEB, 1993) §7 A, p. 7-5. Both state and federal courts have embraced this approach. See, e.g., *Serrano*, *supra*, 20 Cal.3d at 35; *Crampton v. Takegoshi* (1993) 17 Cal.App.4th 308, 317; *Vincent*, *supra*, 557 F.2d at 769.

Courts have consistently recognized that class litigation is necessary to protect the rights of individuals whose injuries and/or damages are too small to economically justify legal action on an individual basis. Thus, in determining a reasonable fee award, courts award fees to serve as an economic incentive for lawyers to pursue such litigation in order to achieve increased access to the judicial system for meritorious

6

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  claims and enhance deterrents to wrongdoing. This is especially true in situations, such as here, where

2  multiple similar alleged wrongs would not be economically feasible to pursue individually. See, A. Conte,

3  *Attorney Fee Awards*, (2d Ed., 1993) 104, at p.6.

4  When this lawsuit was originally filed, not only was it inescapably contingent, but the prospect of a

5  long, drawn-out battle with a defendant represented by experienced counsel was almost a certainty. By

6  taking on this "battle" on a contingency basis, Class Counsel risked substantial economic loss if the results

7  were not successful. This substantial risk is the reason that the courts approve the use of the percentage

8  method when a settlement is obtained by the efforts of class counsel. *See Vizcaino v. Microsoft* (9th Cir.

9  2002) 290 F.3d 1043, 1048-49 (citations omitted).

10  In arriving at reasonable percentage fee awards, courts have considered a variety of factors but have

11  focused on the particular circumstances of the case in fixing a percentage above or below a benchmark.

12  Following the 1966 amendments to Rule 23, settlements began to increase significantly, and courts began to

13  question the fees awarded pursuant to the percentage method. Then, in 1973, the revision for the <u>Manual for</u>

14  <u>Complex Litigation</u> proposed that all fees be awarded based on time reasonably expended on the action. This

15  concept was embraced in *Lindy Bros. Bldrs., Inc. of Phila. v. American R. & R. San Corp.* (3rd Cir. 1973)

16  487 F.2d 161, and *Lindy Bros. Bldrs. v. American Radiator & Standard Sanitary Corp.* (1976) 540 F.2d 102.

17  Courts generally began awarding fees based on the actual time expended (the lodestar) in conjunction with a

18  multiplier of between 2 and 4. See, e.g., *Kerr v. Screen Extras Guild, Inc.* (9th Cir. 1975) 526 F.2d 67.

19  Courts have moved away from the lodestar approach and moved toward fees based upon a

20  percentage of the settlement. As one court noted: "[T]he *Lindy, Kerr* and *Johnson* analyses consume an

21  undue amount of court time with little resulting advantage to anyone," and "may be to the detriment of the

22  class members" because "[t]hey are forced to wait." *In re Activision Sec. Lit.* (N.D. Cal. 1989) 723 F.Supp.

23  1373, 1375. In *Blum v. Stenson,* the United States Supreme Court approved the percentage of the fund as an

24  appropriate fee award, stating that a "reasonable fee is based on a percentage of the fund bestowed on the

25  class." *Blum v. Stenson* (1984) 465 U.S. 886, 900 n.16. Since *Blum*, federal courts, and particularly the Ninth

26  Circuit, have increasingly rejected the lodestar approach and endorsed the percentage method as a fair way to

27  calculate a reasonable fee when contingency fee litigation has produced a settlement. *Six Mexican Workers v.*

28  *Arizona Citrus Growers* (9th Cir. 1990) 904 F.2d 1301, 1311; *Paul, Johnson, Alston & Hunt v. Graulty* (9th

7

Cir. 1989) 886 F.2d 268, 272

Compensating class counsel in class litigation on a percentage basis makes good sense because: (1) it is consistent with the private marketplace where contingent fee attorneys are customarily compensated on such a basis; (2) it aligns the interests of class counsel and absent class members in achieving the maximum possible resolution of the case; and (3) it encourages the most efficient and expeditious resolution of the litigation by providing an incentive for early, yet reasonable, settlement. Here, the requested attorneys' fees award in this case satisfies all of those factors and should be approved on a percentage basis.

### 2. The Requested Percentage Fee Should Be Awarded

The percentage method is intended to mirror the practice in the private marketplace where contingent-fee attorneys typically negotiate percentage-fee arrangements with their clients. One of the best ways to demonstrate the value of counsel's work to the class is to review the consideration agreed to be paid by the named plaintiff. If the named plaintiff has employed counsel on a contingency-fee basis, it would be inequitable for the class members, who will enjoy the benefits of the settlement without incurring the risks of litigation, to pay less than the named plaintiff. In this matter, Plaintiff has agreed to a contingency fee of at least 35% of the recovery.[14]

Furthermore, a percentage-fee award is not dependent on a determination of the actual amount claimed by those entitled – it is the creation of the settlement that is the crucial fact. The California Supreme Court has held that "it is equitable that [the attorney's] compensation and expenses should come from the entire fund saved for all classes concerned before it is distributed." *Winslow v. Harold G. Ferguson Corp.* (1944) 25 Cal.2d 274, 284. Likewise, *Lealao* expressly held that a percentage-based fee that "may be calculated on the basis of the total fund made available rather than the actual payments made to the class." *Lealao*, *supra*, 82 Cal.App.4th at 51.

In *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, in determining reasonable attorneys' fees, the Court of Appeal valued a settlement based on the total value of the settlement made available to class members by the efforts of counsel, decided in favor of granting fees as a percentage of the total value of the settlement, and rejected an objection that the fees be awarded based on the exact amount claimed by class

---

[14] See Declaration of Edwin Aiwazian in Support of Plaintiff's Motion for Attorneys' Fees and Costs and Incentive Award ("Aiwazian Decl.") filed concurrently, ¶ 10.

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

members. *Id.* at 247.

Here, Class Counsel has obtained a substantial recovery on behalf of Plaintiff, the Class, and FLSA Members and the results achieved justify the award of a fee that is equivalent of the standard market fee and that is consistent with the contingency-fee agreement entered into by and between Plaintiff and Class Counsel. Thus, the requested award of attorneys' fees is appropriate.

### C. Attorneys' Fees of 35% of the Settlement Is Supported by Ninth Circuit Precedent

Class Counsel seeks the approval of attorneys' fees in the amount of $1,312,500, which is 35% of the Total Settlement Fund. An award of attorneys' fees as a percentage of a settlement amount is well-established in Ninth Circuit jurisprudence.[15] The Ninth Circuit has made clear that when a settlement makes funds available to a class of persons, attorneys' fees for the plaintiffs' counsel are properly calculated as a percentage of the entire settlement amount. *See Williams v. MGM-Pathe Communications* (9th Cir. 1997)129 F.3d 1026, 1026-27.[16]

Substantial fee awards in successful cases encourage and support meritorious class actions, and thereby promote private enforcement of, and compliance with, the law. The viability of wage-and-hour laws, like other remedial statutes, depends on the ability of private litigants to seek redress through litigation. The success of these lawsuits depends, in part, on the willingness of attorneys to bring them. "Absent an award of fees that adequately compensates class counsel, the entire purpose and function of class litigation under Rule 23 of the Federal Rules of Civil Procedure will be [] subverted to the interest of those lawyers who would prefer to take minor sums to serve their self-interest rather than obtaining real justice on behalf of their injured clients." *Allapattah Services, Inc. v. Exxon Corp.* (S.D. Fla. 2006) 454 F.Supp.2d 1185, 1217.

In the Ninth Circuit, 25% of the settlement amount is the "benchmark" for attorneys' fees awarded under the percentage method. *Staton v. Boeing* (9th Cir. 2003), 327 F.3d 938, 968; *Vizcaino*, 290 F.3d at 1048. However, importantly, district courts may adjust the 25% benchmark upward if "the percentage

---

[15] See *Vizcaino*, 290 F.3d 1047; *Six Mexican Workers v. Arizona Citrus Growers*, *supra*, 904 F.2d 1301, 1311; *Paul, Johnson, Alston & Hunt v. Graulty*, *supra*, 886 F.2d at 272; *In re Pacific Enterprises Security Litigation* (9th Cir. 1995) 47 F.3d 373, 379; *In re Activision Sec. Lit* (N.D. Cal. 1989) 723 F.Supp. 1373, 1375.
[16] See also, *Boeing*, 444 U.S. at 480-81; *see also Six Mexican Workers*, 904 F.2d at 1311; *Masters v. Wilhelmina Model Agency, Inc.* (2d Cir. 2006) 473 F.3d 423, 437; *Waters v. International Precious Metals Corp.* (11th Cir. 1999) 190 F.3d 1291, 1295-96; *Glass v. UBS Financial Services, Inc.* (N.D. Cal. Jan. 26, 2007) 2007 WL 221862, *16.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

recovery would be [] too small [] in light of the hours devoted to the case or other relevant factors." *Six Mexican Workers,* 904 F.2d, *supra,* at 1311.

In California, attorneys' fees tend to be awarded above the 25% federal benchmark. *See Van Vranken v. Atl. Richfield Co.* (N.D. Cal. 1995) 901 F.Supp.294 at 297 (holding that fee awards of 30-50% are more typical where total recovery is less than $10 million); *Craft v. Cnty. of San Bernardino* (C.D. Cal. 2008) 624 F.Supp.2d 1123, 1127 (holding that fee awards in cases where the settlement amount is below $10 million are often more than the 25% benchmark). Moreover, "awards in the Central District are in the 20% to 50% range." *Clayton v. Knight Transp.* (E.D. Cal. Oct. 30, 2013) 2013 WL 5877213, at *23. Cases in other districts usually award attorneys' fees in the 30-40% range in wage-and-hour class actions that result in a recovery of less than $10 million. *See Singer v. Becton Dickinson and Co.* (S.D. Cal. June 1, 2010) 2010 WL 2196104, *8 (approving attorneys' fees of 1/3 of the settlement amount and holding that the award was similar to awards in other wage-and-hour class actions where fees ranged from 30.3-40%); *Romero v. Producers Dairy Foods, Inc.* (E.D. Cal. Nov. 14, 2007) 2007 WL 3492841 (recognizing that "fee awards in class actions average around one-third" of the settlement); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491, 492 (E.D. Cal. 2010) (citing to wage-and-hour cases where courts approved awards ranging from 30-33%); and *Garcia v. Gordon Trucking, Inc.*, No. CV 10-0324 AWI (SKO), 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012) (approving fees in the amount of 33% of the settlement).

In *Vizcaino*, the Ninth Circuit laid out the factors to be considered in adjusting a fee award from the "benchmark." *Vizcaino*, *supra*, 290 F.3d at 1047-1050. These factors include: (i) the size of the fund made available (and thus the resulting size of the percentage fee award); (ii) the results obtained; (iii) the risk taken on by plaintiff's counsel in pursuing the case with no guarantee of victory or payment for the time and effort expended; (iv) incidental or non-monetary benefits conferred by the settlement; (v) the effort expended by plaintiff's counsel; (vi) plaintiff's counsel's reasonable expectations based on the circumstances of the case and fee awards in other cases; and, to a certain extent, (vii) the percentage fee award originally contracted for between plaintiff and plaintiff's counsel. *Id.*

Each of these factors favors the attorneys' fees award sought by Class Counsel; however, some of the most relevant factors to this Court's fee determination will be addressed herein.

///

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### 1. *The Risk Assumed by Class Counsel*

Class Counsel has borne the risks and costs of litigation by taking this case on a contingency basis. Class Counsel invested time, effort, and money with no guarantee of recovery. In cases where the "recovery is far from certain," an award of more than 25% of the settlement amount as attorneys' fees, is appropriate. *In re Washington Public Power* (9th Cir. 1994) 19 F.4d 1291, 1300; *Vizcaino*, 290 F.3d, at 1048.

There is a real risk that no recovery will be obtained in complex class action cases, and numerous contingent-fee cases, such as here, have resolved with plaintiff's counsel receiving no compensation whatsoever after devoting thousands of hours to litigation and advancing and incurring significant sums of out-of-pocket expenditures. Here, the risks of further litigation included a determination that the claims were unsuitable for class, representative, and/or collective treatment, failure to obtain certification, class de-certification after certification of a class, allowing a jury to decide the claims, trial, and/or appeals.

Despite the risks involved in this case and the litigation obstacles, Class Counsel obtained a substantial settlement on behalf of the Class and FLSA Members in the amount of $3,750,000.

### 2. *Efforts Expended by Class Counsel*

This was a highly contested case that required an extensive amount of time and labor. The parties actively litigated this case since it commenced on May 14, 2018. Both sides used the pre-mediation time period to investigate the veracity, strength, and scope of the claims, and Class Counsel was actively preparing the matter for class certification and trial.[17] Class Counsel conducted a thorough investigation into the facts of the case, including, *inter alia*, interviews with Plaintiff and other Class Members and FLSA Members, engaged in discovery, and reviewed and analyzed thousands of pages of data and documents, including, but not limited to: the employment records of Plaintiff, Class Members, and FLSA Members; class-wide data regarding the class size, number of workweeks, pay periods, and terminations during the time period at issue; policies (including, but not limited to, Business Travel and Expense Compensation Policy, Employment Policy, Safety Policy, and Customer Treatment Policy); multiple iterations of Defendant's New Employee Packet (which included, *inter alia*, policies and procedures regarding meal and rest periods, timekeeping requirements, dress code standards, overtime, and reimbursements);

---

[17] *See*, Aiwazian Decl., ¶ 6.

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Defendant's Organizational Chart; Defendant's Dress Code; internal memoranda; various agreements and acknowledgements; and numerous other documents regarding Defendant's employment policies, practices, and procedures, among other information and documents.[18] These documents provided Class Counsel with a critical understanding of the nature of the work performed by Class Members and FLSA Members and Defendant's written and unwritten policies, practices, and procedures, and were used in analyzing liability and damage issues in connection with all phases of the litigation, and ultimately with mediation and settlement negotiations.[19] Further, Class Counsel propounded multiple sets of formal written discovery requests, reviewed Defendant's responses thereto, and deposed Defendant's Persons Most Knowledgeable witness over the course of two (2) days.[20] Class Counsel also drafted and revised the pleadings; prepared for settlement negotiations and mediation; met and conferred with defense counsel over issues relating to pleadings, jurisdiction, discovery, and exchange of documents; and undertook damages/valuation calculations.[21]

Class Counsel dedicated staffing and monetary resources necessary to prosecute the case diligently and with maximum efficiency and has fully and actively participated in this litigation process.[22] The Attorney Task and Time Chart, which is attached as "**EXHIBIT A**" to the accompanying Declaration of Edwin Aiwazian sets forth in detail the hours that Class Counsel has spent performing tasks on behalf of Plaintiff, the Class Members, and FLSA Members.[23] Class Counsel has spent a total of **937.95 hours** to obtain a substantial recovery.[24] These hours were required to bring this case to its successful conclusion.

Accordingly, Class Counsel expended significant efforts in the litigation of this matter, and this factor weighs in favor of the requested attorneys' fees.

### 1. *Class Counsel Efficiently Obtained Significant Relief for the Settlement Class*

While the *Vizcaino* Court considered the protracted litigation in that case, it stressed: "We do not mean to imply that class counsel should necessarily receive a lesser fee for settling a case quickly; in many

---

[18] *Ibid*.
[19] *Ibid*.
[20] *See*, Aiwazian Decl., ¶ 6.
[21] *Ibid*.
[22] *Id*., ¶¶ 6 & 11.
[23] *Id*., ¶ 11, Exh. A.
[24] *Id*., ¶ 11.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM
OF POINTS AND AUTHORITIES

instances, it may be a relevant circumstance that counsel achieved a timely result for class members in need of immediate relief." *Vizcaino*, 290 F.3d at 1050, n. 5. The court also acknowledged that using time expended as a proxy for the effort expended on or success of a case "creates incentives for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee," and that such an evaluation "does not reward early settlement." *Id.* Here, Class Counsel has obtained substantial and certain relief for the Class and FLSA Members in an efficient fashion.

The Settlement at this stage is preferred over continued litigation because such resolutions save time and money that would otherwise go to litigation. The risks and expenses of further litigation outweighed any benefit that might have been gained otherwise. The Settlement provides an immediate recovery, as opposed to an uncertain result in the future after prolonged litigation involving expert discovery, trial preparation, class certification proceedings, and potential appellate review of those proceedings. The Settlement offers present relief and/or recovery to Class Members and FLSA Members while avoiding further expense, risk, and delay in obtaining possible further recovery at an unknown time in the future.

Moreover, Class Counsel did not sacrifice due diligence in achieving an efficient resolution of this case. As discussed in Section 5.C, *infra*, Class Counsel conducted extensive investigation of the facts, formally and informally exchanged documents and data, reviewed thousands of pages of documents and data, interviewed Plaintiff and percipient witnesses, and undertook damages/valuation calculations prior to settlement negotiations.

As a result of this litigation and extensive settlement negotiations, Defendant agreed to pay a Total Settlement Fund of $3,750,000 to resolve this matter. After deducting attorneys' fees ($1,312,500), litigation costs and expenses ($24,659.23), Incentive Award ($15,000), LWDA Payment ($56,250), Employer Taxes (estimated, $95,000), and Settlement Administration Costs ($13,000) from the Total Settlement Fund, it is currently estimated that the Net Settlement Fund is approximately $2,233,590.77.[25] The Net Class Settlement Fund is estimated to be $1,786,872.62.[26] The highest gross Non-FLSA Payment is currently

---

[25] Phoenix Decl., ¶ 14.
[26] Phoenix Decl., ¶ 15.

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

estimated to be $4,469.70 and the average gross Non-FLSA Payment is currently estimated to be $1,070.62.[27] The Net FLSA Settlement Fund is estimated to be $446,718.15.[28] The highest gross FLSA Payment is currently estimated to be $1,117.43 and the average gross FLSA Payment is currently estimated to be $267.66.[29]

The Settlement offers significant monetary relief to the Participating Class Members and FLSA Members. As such, the requested fees award is reasonable.

### 2. The Skill and Reputation of the Attorneys

Class Counsel is a recognized class action law firm that employed its attorneys' knowledge, skills, and experience in bringing this case to a successful conclusion. Class Counsel has years of complex and class action litigation experience, has recovered millions of dollars on behalf of thousands of individuals in California, and has successfully handled significant wage-and-hour class action and complex cases.[30]

Defendant retained well-respected counsel to represent its defenses, and the ability of Class Counsel to obtain the Settlement in the face of formidable legal opposition confirms the quality of Class Counsel's representation. *See In re KeySpan Corp. Sec. Litig.* (E.D.N.Y. Sept. 30, 2005) No. 01-cv-5852 (ARR) (MDG) 2005 WL 3093399, at *11 ("The quality of opposing counsel is also important in evaluating the quality of Class Counsel's work").

### 3. Federal Courts Regularly Award Fees in Excess of the Percentage Amount Sought

Class Counsel's request for attorneys' fees of up to 35% of the Settlement Fund is commensurate with federal court and, in particular, Ninth Circuit decisions, namely, case surveys reflect that awards within this range, or more, are common. *See, e.g.,* Newberg, <u>Newberg on Class Actions</u>, 4th Ed., 2002 §14.6. Many courts have approved percentage fee awards equivalent to or greater than the percentage requested here, even when the award has involved a substantial lodestar multiplier. See, e.g., *In re Ampicillin Antitrust Litigation* (D.D.C. 1981) 526 F.Supp. 494 (awarding attorneys' fees in the amount of 45% of the settlement amount); *Beech Cinema, Inc. v. Twentieth-Century Fox Film Corp.* (S.D.N.Y. 1979) 480 F.Supp. 1195, *aff'd* (2nd Cir. 1980) 622 F.2d 1106 (awarding approximately 53% of settlement amount as attorneys' fees); *Van Gemert v.*

---

[27] Phoenix Decl., ¶ 15.
[28] Phoenix Decl., ¶ 16.
[29] Phoenix Decl., ¶ 16.
[30] Aiwazian Decl., ¶¶ 17 & 18.

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

*Boeing Co.* (S.D.N.Y. 1981) 516 F.Supp. 412, 420 (awarding attorneys' fees in the amount of approximately 36% of the settlement amount); *In re Buspirone Patent & Antitrust Litig.* (S.D.N.Y. Apr. 11, 2003) MDL No. 1413, 2003 U.S. Dist. LEXIS 26538 (applying a multiplier over eight times counsel's lodestar); *North Shore Hematology-Oncology Assoc., P.C. v. Bristol-Myers Squibb Co.* (D.D.C. Nov. 30, 2004) No. 1:04-cv-248 (EGS) (applying a multiplier of over eight times counsel's lodestar); *In re Relafen Antitrust Litig.* (Order and Final Judgment dated Apr. 9, 2004) (D. Mass) No. 1:01-cv-12239 (WGY) (applying a multiplier of 4.88).

**D. The Lodestar Methodology Also Justifies Approval of The Requested Attorneys' Fees.**

While the percentage-of the-benefit approach is warranted as the primary basis of the fees award, courts may also use the lodestar method to "cross-check" the results of the other. *Vizcaino*, 290 F.3d, *supra*, at 1050; *Laffitte v. Robert Half Int'l, Inc.* (2016) 1 Cal.5th at 506 (explaining that "[a] lodestar cross-check is simply a quantitative method for bringing a measure of the time spent by counsel into the trial court's reasonableness determination"); *Wershba v. Apple Computer, Inc.*, *supra*, 91 Cal.App. at 253. Importantly, "the lodestar calculation … does not override the trial court's primary determination of the fee as a percentage" of the settlement amount and "does not impose an absolute maximum or minimum on the potential fee award." *Laffitte*, *supra*, 1 Cal.5th at 505.

"Under the lodestar method, the court multiplies a reasonable number of hours by a reasonable hourly rate." *Fischel v. Equitable Life* (9th Cir. 2002) 307 F.3d 997 at 1006. As with the percentage method, "a court can adjust the lodestar upward … based on certain factors." *Id.* at 1007. Increasing the lodestar is done by the inclusion of a "multiplier." *Vizcaino*, 290 F.3d at 1051. The *Vizcaino* Court found that 83% of courts in the settled cases it surveyed assessed a multiplier between 1.0 and 4.0. *Id.* at 1051, n. 6. Even when courts have opted to award fees in settlement fund cases based on time reasonably expended on the action, courts have generally awarded these fees based on the actual time expended (the lodestar) in conjunction with a multiplier of between 2 and 4. *Kerr v. Screen Extras Guild, Inc.* (9th Cir. 1975) 526 F.2d 67. Such a multiplier is warranted in this case.

Courts frequently apply multipliers to enhance the lodestar to reflect the risks involved, the complexity of the litigation, and the other relevant facts. *Vizcaino*, 290 F.3d at 1051. Such an enhancement "mirrors the established practice in the private legal market of rewarding attorneys for

15

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases." *Vizcaino*, 290 F.3d at 1051; *accord Ketchum*, 24 Cal.4th at 1132-33.   A risk multiplier also serves to bring the financial incentives for enforcing important rights "into line with incentives [attorneys] have to undertake claims for which they are paid on a fee-for-services basis." *Ketchum*, 24 Cal. 4th at 1132.

In determining whether or not to enhance the lodestar, courts take into account multiple factors, many of which were specifically addressed above.  See *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 941–42 (9th Cir.2011). Multiple factors warrant enhancement in this case, including the following the quality of representation, the benefit obtained for the Class, the complexity of the issues, and the risk of non-payment. *Id*., at 942.

As discussed above, this was a highly-contested matter which required an extensive amount of time and labor.  Defendant raised defenses and denied liability, and the case involved gathering and analyzing thousands of pages of documents and data not only from Defendant but also from Class Members and FLSA Members, conducting extensive discovery, and taking multiple depositions of Defendant's person most knowledgeable designee. The handling of this matter involved a great amount of effort, and required the exercise of high-level of skill, which Class Counsel has as a result of extensive experience in employment class actions and wage-and-hour litigation.  Class Counsel has been actively involved in the prosecution of this matter, prior to its commencement and Class Counsel's work has continued all the way up to the present.  Class Counsel's dedication to the representation of the Class Members has precluded other employment.

Most importantly, all services were performed by Class Counsel on a contingent basis.  Both California and federal courts recognize that attorneys should be compensated for taking on such contingent risks and provided with financial incentives to enforce important rights and protections like those at issue in the matter at hand. See, e.g., *Vizcaino*, 290 F.3d at 1051; *Ketchum*, 24 Cal. 4th at 1132-33.  Here, Class Counsel bore the risk that, despite all of its efforts and the skill employed, there may be no recovery.  Therefore, at a minimum, Class Counsel is entitled to a risk multiplier.  The results obtained by way of Class Counsel's efforts are significant here.  Class Counsel was successful in

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

achieving substantial results in the form of a settlement of $3,750,000. Also, Class Counsel's efforts throughout the case demonstrate dedication to the interests of the Class Members and FLSA Members.

Class Counsel's application for attorneys' fees in light of the facts and circumstances surrounding the matter is well within the range of reasonableness. As set forth in the Attorney Task and Time Chart, attached as an exhibit to the Declaration of Edwin Aiwazian, Class Counsel has spent 937.95 hours litigating the case and finalizing the Settlement.[31] The professional backgrounds and experience of Class Counsel support a reasonable blended hourly rate of compensation of at least $785 per hour for services provided by Lawyers *for* Justice, PC. Lawyers *for* Justice, PC has been awarded attorneys' fees, compensating the firm at the rate of at least $785 for legal service performed, by courts of this state.[32]

Applying a reasonable rate of $785 per hour to 937.95 hours of work performed by Lawyers *for* Justice, PC would place a base lodestar value of $736,290.75 on Class Counsel's services, and applying a modest multiplier of 1.79, the total enhanced lodestar fees are $1,317,960.44.[33] Class Counsel seeks an attorneys' fee award of $1,312,500 (equal to 35% of the Total Settlement Fund based on the Settlement Agreement). Far greater multipliers have been awarded in similar cases, and the total amount of fees sought by Class Counsel is also reasonable compared to fees awarded in similar cases. Courts routinely enhance lodestar amounts based on multipliers that "range from **2 to 4 or even higher**. *Vizcaino*, 290 F.3d at 1051 (approving **multiplier of 3.65**); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.* (2d Cir. 2005) 396 F.3d 96, 123 (approving **multiplier of 3.5**); *Craft v. County of San Bernardino* (C.D. Cal. 2006) 624 F.Supp.2d 1113, 1125 (awarding **multiplier of 5.2** and referring to other cases with cross-check **multipliers ranging from 4.5 to 19.6**).

Therefore, application of a modest multiplier of 1.79 is warranted, and the lodestar as a cross-check to the percentage figure sought herein, strongly supports the reasonableness of the requested attorneys' fees award. Plaintiff respectfully requests that the Court grant final approval of, and award, attorneys' fees in the amount of $1,312,500 to Class Counsel.

///

---

[31] Aiwazian Decl., ¶ 11, Exh. A.
[32] Aiwazian Decl., ¶ 12.
[33] Aiwazian Decl., ¶ 11.

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**V.      COSTS TO BE REIMBURSED TO CLASS COUNSEL**

The Settlement provides for reimbursement of litigation costs and expenses of up to $55,000. As set forth in the Declaration of Edwin Aiwazian, Class Counsel has incurred a total of $24,659.23 in litigation costs and expenses, which is less than the amount allocated in the Settlement.[34] This amount was reasonable and necessary in the prosecution of this matter[35] Accordingly, Class Counsel requests that the Court award litigation costs and expenses in the amount of $24,659.23 to Class Counsel.

**VI.      THE REQUESTED INCENTIVE AWARD SHOULD BE APPROVED**

The Settlement provides for an Incentive Award in the amount of $15,000 to Plaintiff Castro to be paid in addition to her Individual Settlement Payment, to compensate Plaintiff for the time and effort that she expended on behalf of the Class Members and FLSA Members.

In determining whether to make a service payment, courts consider the following factors: (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and efforts spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of litigation. *Vranken v. Atlantic Richfield Co.* (N.D. Cal. 1995) 901 F.Supp. 294, 299 (approving $50,000 award to a single class representative). Courts routinely award service awards, which are intended to advance public policy by encouraging individuals to come forward and pursue the rights of a class, and to compensate a class representative for his or her time, effort, and inconvenience. *Ingram v. The Coca-Cola Co.* (N.D. Ga. 2001) 200 F.R.D. 685, 694, *quoting In Re Southern Ohio Correctional Facility* (S.D. Ohio 1997) 175 F.R.D. 270, 272; *Van Vranken* (N.D. Cal. 1995) 901 F. Supp. at 300; *Razilov v. Nationwide Mut. Ins. Co.,* No. 01-CV-1466-BR (D. Or. Nov. 13, 2006) 2006 WL 3312024, at *4.

The requested Incentive Award to Plaintiff is fair and appropriate because Plaintiff spent a substantial amount of time and effort producing relevant documents and past employment records, and providing the

---

[34] Aiwazian Decl., ¶ 19.
[35] Ibid.

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  facts and evidence necessary to attempt to prove the allegations.[36] Plaintiff was available whenever Class

2  Counsel needed her and actively tried to obtain, and gave, information that would benefit the Class Members

3  and FLSA Members.[37] Plaintiff spent numerous hours speaking with Class Counsel about her claims,

4  describing her work experiences with Defendant, and gathering and reviewing documents.[38] These services

5  merit the requested Incentive Award to Plaintiff.[39]

6  　　The requested Incentive Award was fully disclosed in the Notice Packet that was mailed to the Class

7  Members and FLSA Members. No objections have been made with regards to the requested Incentive

8  Award. Additionally, the requested Incentive Award is well within the range of enhancements payments

9  awarded in similar cases. *See, e .g., Van Vranken v. Atlantic Richfield* (N.D. Cal. 1995) 901 F.Supp.294, 300

10  (approving incentive awards of $50,000 to plaintiffs as reasonable); *Singer v. Becton Dickinson and Co.*

11  (S.D. Cal. June 1, 2010) 08-cv-821-IEG (BLM), 2010 WL 2196104, at *9 (approving a class representative

12  award of $25,000 as reasonable); *Smith v. CRST Van Expedited, Inc.* (S.D. Cal. Jan. 14, 2013) No. 10-CV-

13  1116- IEG WMC, 2013 WL 163293, at *6 (approving incentive awards of $15,000 to each named plaintiff

14  as "well within the range awarded in similar cases"). Accordingly, it is appropriate and just for Plaintiff to

15  receive $15,000 as a reasonable Incentive Award, in addition to her Individual Settlement Payment, for her

16  services in the Action.

## VII.　CONCLUSION

18  　　For the foregoing reasons, Plaintiff respectfully requests that the Court award the Attorneys' Fees

19  and Costs to Class Counsel, and the Incentive Award to Plaintiff, in their entirety, as sought herein.

20  Dated: November 2, 2020　　　　**LAWYERS *for* JUSTICE, PC**

22  　　　　　　　　By:　/s/ Edwin Aiwazian

23  　　　　　　　　　　Edwin Aiwazian
　　　　　　　　　　*Attorneys for* Plaintiff and the Class

---

[36]Aiwazian Decl., ¶ 20; Declaration of Elizabeth Castro ("Castro Decl."), ¶¶ 3-4.
[37] Aiwazian Decl., ¶ 20; Castro Decl., ¶¶ 3-4.
[38] Aiwazian Decl., ¶ 20; Castro Decl., ¶¶ 3-5.
[39] Castro Decl., ¶ 8.