1   Edwin Aiwazian (Cal. State Bar No. 232943)
         *edwin@calljustice.com*
2   Arby Aiwazian (Cal. State Bar No. 269827)
         *arby@calljustice.com*
3   Joanna Ghosh (Cal. State Bar No. 272479)
         *joanna@calljustice.com*
4   **LAWYERS *for* JUSTICE, PC**
    410 West Arden Avenue, Suite 203
5   Glendale, California 91203
    Tel: (818) 265-1020 / Fax: (818) 265-1021
6
7   *Attorneys for* Plaintiff and the Class

8
9                **UNITED STATES DISTRICT COURT**

10            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11  ELIZABETH CASTRO, individually, and on      Case No.: 1:19-cv-00755-DAD-SKO
    behalf of other members of the general public
12  similarly situated and on behalf of other     Honorable Dale A. Drozd
    aggrieved employees pursuant to the California  Courtroom 5
13  Private Attorneys General Act,

14            Plaintiff,                          **<u>CLASS ACTION</u>**

15     vs.                                        **DECLARATION OF EDWIN AIWAZIAN
                                                  IN SUPPORT OF PLAINTIFF'S MOTION
16  PARAGON INDUSTRIES, INC. DBA                  FOR ATTORNEYS' FEES AND COSTS
    BEDROSIANS, a California Corporation; and     AND INCENTIVE AWARD**
17  DOES 1 through 100, inclusive,
                                                  [Notice of Motion and Motion for Attorneys'
18            Defendants.                         Fees and Costs and Incentive Award;
                                                  Declaration of Class Representative (Elizabeth
19                                                Castro); and [Proposed] Order filed concurrently
                                                  herewith]
20                                                Date:          November 30, 2020
                                                  Time:          3:00 p.m.
21                                                Courtroom:     5

22                                                Complaint Filed:   May 14, 2018
                                                  FAC Filed:         May 14, 2019
23                                                Trial Date:        None Set

24
25
26
27
28

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS AND INCENTIVE AWARD**

*(left margin, vertical)* **LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

### DECLARATION OF EDWIN AIWAZIAN

I, Edwin Aiwazian**,** hereby declare as follows:

1.      I am an attorney licensed to practice law in the State of California.   I am a member of Lawyers *for* Justice, PC, attorneys of record for Plaintiff Elizabeth Castro ("Plaintiff").   The facts set forth in this declaration are within my personal knowledge or based on information and belief, and, if called as a witness, I could and would competently testify as follows.

### PRELIMINARY APPROVAL OF SETTLEMENT

2.      On April 24, 2020, the Court signed the Order Granting Plaintiff's Motion for Conditional Class Certification and Preliminary Approval of the Proposed Class and Collective Action Settlement ("Order Granting Preliminary Approval"), thereby preliminarily approving the Class Action and Collective Action Settlement and Release Agreement and Amendment No. 1 to Class Action and Collective Action Settlement and Release Agreement (together, "Settlement Agreement," "Settlement," or "Agreement"), conditionally certifying the Class for settlement purposes, and approving the proposed FLSA collective.   The Court also preliminarily appointed and designated Lawyers *for* Justice, PC as Class Counsel, Plaintiff Elizabeth Castro as Class Representative, and Phoenix Class Action Administration Solutions ("Phoenix") to serve as Settlement Administrator for handling the notice and settlement administration process.   (Dkt. No. 19). The Court preliminarily approved and ordered the mailing of the Notice of Class Action Settlement ("Class Notice") and Notice of FLSA Settlement ("FLSA Settlement") (together, the "Notice Packet") to the Class Members and FLSA Members.   The Court adopted the notice, opt-out, and objection procedures, and ordered their implementation.

3.      As of the date of this declaration, no Class Members have objected to the Class Settlement or the request for Attorneys' Fees and Costs, Incentive Award, and Settlement Administration Costs.

### WORK PERFORMED BY CLASS COUNSEL

4.      I have been actively engaged in this litigation since the lawsuit was commenced on May 14, 2018, as have several other attorneys and members in our firm.

1

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS AND INCENTIVE AWARD**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

5.      Before initiating this lawsuit, Class Counsel investigated and researched the facts and circumstances underlying the pertinent factual and legal issues and applicable law.  This required thorough discussions and interviews between attorneys at our firm and Plaintiff, and research into the various legal issues involved in the case, namely, the current state of the law as it applied to off-the-clock theory, meal and rest periods, representative PAGA claims, wage-and-hour enforcement, Plaintiff's claims, and potential defenses.   After conducting initial investigation, Class Counsel determined that Plaintiff's claims were well-suited for class-wide and representative adjudication owing to what appeared to be a common course of conduct affecting a similarly-situated group of current and former hourly-paid or non-exempt employees who worked for Defendant Paragon Industries, Inc. dba Bedrosians ("Defendant"), within the State of California, who were not properly compensated for, *inter alia*, all hours worked, non-compliant meal and rest periods, and business expenses.

6.      Class Counsel used the pre-mediation time period to investigate the veracity, strength, and scope of the claims, and also to prepare the matter for class certification and trial. The parties actively litigated this case, conducted a thorough and diligent investigation into the facts of the case, including, *inter alia*, interviews with Plaintiff and percipient witnesses, and informally exchanged information and data in advance of and in preparation for mediation. Class Counsel reviewed and analyzed thousands of pages of data and documents produced by Defendant and obtained through other sources, including and not limited to: the employment records of Plaintiff; class-wide data regarding the class size, number of workweeks, pay periods, and terminations during the time period at issue; policies (including, but  not limited to, Business Travel and Expense Compensation Policy, Employment Policy, Safety Policy, and Customer Treatment Policy); multiple iterations of Defendant's New Employee Packet (which included, *inter alia*, policies and procedures regarding meal and rest periods, timekeeping requirements, dress code standards, overtime, and reimbursements); Defendant's Organizational Chart; Defendant's Dress Code; internal memoranda; various agreements and acknowledgements; and numerous other documents regarding Defendant's employment policies, practices, and procedures, among other information and documents. Class Counsel deposed Defendant's

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS AND INCENTIVE AWARD**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Persons Most Knowledgeable witness over the course of two (2) days. Class Counsel also propounded multiple sets of formal discovery requests and reviewed Defendant's responses thereto.  Additional work performed by Class Counsel included, and was not limited to, drafting and revising the pleadings; preparing for settlement negotiations and mediation; meeting and conferring with defense counsel over issues relating to pleadings, jurisdiction, discovery, and exchange of documents; and undertaking damages/valuation calculations.

7.    As outlined herein, the parties have conducted extensive investigation during the course of this litigation.  Class Counsel analyzed thousands of pages of documents and data either produced by Defendant or obtained by Class Counsel through other sources.   These documents and data provided a critical understanding of the nature of the work performed by the Class Members and FLSA Members, as well as Defendant's operations and employment policies, practices, and procedures, and were used in analyzing liability and damages issues in connection with all phases of the litigation, and ultimately with mediation and the settlement negotiation process.  Counsel for the parties have further invested time researching applicable law, which is constantly evolving as it relates to certification, representative PAGA claims, the Fair Labor Standards Act ("FLSA"), off-the-clock theory, meal and rest periods, wage-and-hour enforcement, Plaintiff's claims, and Defendant's defenses, as well as facts and evidence produced and analyzed.

8.    After conducting extensive investigation into the facts of the case and informally exchanging documents and data, counsel for the parties engaged in extensive settlement negotiations to try to resolve the matter.  These efforts included participating in a formal, full-day mediation conducted by Hon. Steven M. Vartabedian (Ret.), a well-regarded mediator experienced in mediating complex wage-and-hour matters. During all settlement discussions, the parties conducted their negotiations at arm's length in an adversarial position.  Prior to and during mediation, the parties exchanged documents, information and data, and discussed various aspects of the case, including the risks and delays of further litigation; the risks to the parties of proceeding with class, representative, and collective certification and trial; the law relating to off-the-clock theory, representative PAGA claims, FLSA claims, meal and rest periods, and

DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS AND INCENTIVE AWARD

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

wage-and-hour enforcement; the evidence produced and analyzed; and the possibility of appeals, among other things.  Arriving at a settlement that was acceptable to the parties was not easy. Defendant and its counsel felt very strongly about Defendant's ability to prevail on the merits and to obtain a denial of class certification, while Plaintiff and Class Counsel believed that class certification would be obtained and that they would prevail at trial.  After conducting significant investigations into the facts of the case, informal exchange of data and documents, extensive settlement negotiations, and with the aid of the mediator's evaluation, the parties agreed that this case was well-suited for settlement given the legal issues relating to Plaintiff's principal claims, as well as the costs and risks to the parties that would attend further litigation.  These risks of further litigation include, and are not limited to, a determination that the claims were unsuitable for class, representative, and collective treatment, and failure to obtain certification, class de-certification after certification of a class, allowing a jury to decide the claims asserted in the case, appeals, and the real possibility of no recovery after years of litigation.

9.      As set forth more fully in the accompanying Motion for Attorneys' Fees and Costs and Incentive Award, Class Counsel seeks attorneys' fees in the amount of $1,312,500, which is thirty-five percent (35%) of the Total Settlement Fund of $3,750,000, and $24,659.23 for reimbursement of litigation costs and expenses.   The attorneys' fees sought are commensurate with: (1) the risk that Class Counsel took in commencing this case; (2) the time, effort, and expense that Class Counsel dedicated to the case; (3) the skill and determination that Class Counsel has shown; (4) the results that Class Counsel has achieved throughout the litigation; (5) the value of the settlement that Class Counsel has achieved for the Class Members and FLSA Members; and (6) the other cases that Class Counsel has turned down in order to devote its time and efforts to this matter.

10.     I am aware that the common and acceptable rate for contingency representation in wage and hour class action litigation is normally 40% before trial, with the range being from 33.3% up to 50%. In this case, Plaintiff has agreed to a contingency fee of at least thirty-five percent (35%) of the recovery.

///

DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS AND INCENTIVE AWARD

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11.     While not necessarily required to be demonstrated because the percentage fee that is sought is proper for this settlement, Class Counsel has incurred many hours of work in connection with this matter such that the request for an award of attorneys' fees is also justified under a simple lodestar analysis.   Lawyers *for* Justice, PC has spent a total of **937.95** hours performing tasks on behalf of Plaintiff, Class Members, and FLSA Members.   Attached hereto as **"EXHIBIT A"** is an Attorney Task and Time and Chart that sets forth in detail the breakdown of time for the tasks performed by Class Counsel.   The hours attributable to Lawyers *for* Justice, PC include work done by myself and several of the firm's other members.   We also had litigation support personnel actively engaged in assisting with the prosecution of case.

12.     The work performed in this particular case, the background of our firm, as well as the individual backgrounds, training, and experience of the attorneys who worked on this matter, in litigating complex wage-and-hour class and representative actions, support a reasonable blended hourly rate of compensation at the rate of at least $785 for work performed by Lawyers *for* Justice, PC.   Lawyers *for* Justice, PC has been awarded attorneys' fees, compensating the firm at the rate of at least $785 per hour for legal services performed, by courts granting final approval in other cases: final approval of the class and representative action settlement in final approval of the class and representative action settlement in *Seth Swan v. Pace Supply* (Sonoma County Superior Court Case No. SCV258764) was granted on February 6, 2019, and the award of attorneys' fees involved a higher hourly rate of $855.96; final approval of the class and representative action settlement in *Stanley Bland, et al. v. Telecare Corporation* (Alameda County Superior Court Case No. RG16811450) was granted on November 21, 2018, and the award of attorneys' fees involved a higher hourly rate of $831.38; and final approval of the class and representative action settlement in *Demetrius Camarillo v. Blue Diamond Growers* (Sacramento County Superior Court Case No. 34-2015-00175871) was granted on June 30, 2017, and the award of attorneys' fees involved a higher hourly rate of $845.64.

///

///

///

DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD

**ADEQUACY OF LAWYERS *for* JUSTICE, PC**

*EDUCATION*

13.     In May of 2004, I graduated from *Pepperdine University School of Law* with a Juris Doctor degree.  I have extensive formal training in dispute resolution and negotiation from the Straus Institute for Dispute Resolution as part of its Masters in Dispute Resolution degree program.  In addition, I have previously served as a *pro bono* mediator for the Los Angeles County Superior Court.   In October of 2000, I obtained a Litigation Paralegal Certificate from the *UCLA Extension Program*.  During the summer of 2000, I studied Legal Writing at *Harvard University*.   In April of 1999, I obtained a Bachelor of Arts degree in Communication with a concentration in Natural Sciences from *Pepperdine University*.

*JUDICIAL EXTERNSHIPS*

14.     From approximately September 2002 to approximately December 2002, I served as a Judicial Extern to the Honorable Kim McLane Wardlaw of the *United States Court of Appeals for the Ninth Circuit*.  From approximately June 2002 to approximately August 2002, I served as a Judicial Extern to the Honorable Earl Johnson, Jr. of the *California Court of Appeal for the Second Appellate District*.

*LITIGATION AND CLASS ACTION EXPERIENCE*

15.     In December of 2004, I obtained a license to practice law from the California State Bar.  From approximately December 2004 to approximately August 2008, I was employed by *Girardi & Keese*.

16.     At *Girardi & Keese*, my practice focused on class actions and other complex cases involving toxic torts and products liability.  In addition, I gained substantial experience on cases involving insurance bad faith, premises liability, and medical negligence.  While employed by *Girardi & Keese*, I argued approximately 100 motions, took or defended approximately 150 depositions, and prepared dozens of expert witnesses for deposition or trial.

17.     Since its inception, in or around October of 2008, our firm has almost exclusively focused on the prosecution of consumer and employment class actions, involving wage-and-hour claims, race discrimination, unfair business practices or consumer fraud.  Currently, we are the

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

attorneys of record in over a dozen employment-related putative class actions in both state and federal courts in the State of California.  Our firm has successfully litigated cases involving, among other things, the executive, administrative, and other overtime exemptions to the State of California and federal overtime compensation requirements.  During this relatively short time, in association with other law firms, we have recovered millions of dollars on behalf of thousands of individuals in California.

### *EXAMPLES OF CLASS ACTION RESULTS*

18.     What follows are just a few examples of the type of results we have achieved on behalf of our clients:

a)      Our firm represented the plaintiffs in a wage-and-hour class and representative action against a major property management company involving allegations of misclassification of various "manager" positions.  On September 20, 2010, the court granted final approval of the class and representative action settlement.  The Los Angeles County Superior Court Case Number is BC400414.

b)      Our firm represented the plaintiffs in a wage-and-hour class action against a national retailer of household items involving allegations of misclassification of the "Assistant Store Manager" position.  On October 28, 2010, the court granted final approval of the class action settlement.  The Los Angeles County Superior Court Case Number is BC413498.

c)      Our firm represented the plaintiffs in a wage-and-hour class action against a national property management company involving allegations of misclassification of the "Property Manager" position.  On May 23, 2012, the court granted final approval of the class action settlement.  The Los Angeles County Superior Court Case Number is BC430918.

d)      Our firm represented the plaintiffs in a wage-and-hour class action involving allegations of misclassification of the "Store Manager" position.  On June 10, 2011, the court granted plaintiffs' motion for class certification.  On August 26, 2013, the court granted final approval of the class action settlement.  The Los Angeles County Superior Court Case Number is BC424012.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    e)    Our firm represented the plaintiffs in a wage-and-hour class and

2 representative action against a bank, involving allegations of misclassification of the "Assistant

3 Branch Manager" position.  On August 27, 2013, the court granted final approval of the class

4 and representative action settlement.  The Kern County Superior Court Case Number is S-1500-

5 CV-273194-LHB.

6    f)    Our firm represented the plaintiffs in a wage-and-hour class and

7 representative action against a national wholesale distributor of plumbing and builder supplies,

8 involving allegations of misclassification of multiple salaried "manager" positions.  On May 22,

9 2014, the court granted final approval of the class and representative action settlement.  The

10 Sacramento County Superior Court Case Number is 34-2012-00136285.

11    g)    Our firm represented the plaintiff in a wage-and-hour class action

12 involving allegations of misclassification of the "Operations Manager" position.  On September

13 16, 2014, the court granted plaintiff's motion for class certification.  The Los Angeles County

14 Superior Court Case Number is BC478769.

15    h)    Our firm represented the plaintiff in a wage-and-hour class and

16 representative action against a national retailer of household items, on behalf of hourly-paid or

17 non-exempt employees.  On May 27, 2015, the court granted final approval of the class and

18 representative action settlement.  The San Francisco County Superior Court Case Number is

19 CGC-13-532344.

20    i)    Our firm represented the plaintiff in a wage-and-hour class action

21 involving allegations of misclassification of the salaried residential "Property Manager" position.

22 On September 17, 2015, the court granted plaintiff's motion for class certification.  The Los

23 Angeles County Superior Court Case Number is BC474784.

24    j)    Our firm, in association with co-counsel, represented the plaintiffs in a

25 wage-and-hour class and representative action against a national retailer of upscale hardware and

26 home furnishings, on behalf of non-exempt employees.  On April 28, 2016, the court granted

27 final approval of the class and representative action settlement.  The Los Angeles County

28 Superior Court Case Number is JCCP4794.

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS AND INCENTIVE AWARD**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

k)      Our firm, in association with co-counsel, represented the plaintiffs in a wage-and-hour class and representative action against a national retailer of apparel and fashion accessories, on behalf of non-exempt employees.  On August 5, 2016, the court granted final approval of the class and representative action settlement.  The Los Angeles County Superior Court Case Number is BC488069.

l)      Our firm, in association with co-counsel, represented the plaintiffs in a wage-and-hour class action against a national retailer of apparel, accessories, and home products, involving allegations of misclassification of the "Department Manager" position.  On August 12, 2016, the court granted plaintiffs' motion for class certification in part and certified a class.  The Alameda County Superior Court Case Number is RG13680477.

m)      Our firm represented the plaintiff in a representative action under the Private Attorneys General Act, against a real estate and property management company, on behalf of non-exempt employees. On November 4, 2016, the court granted approval of the Private Attorneys General Act settlement. The Orange County Superior Court Case Number is 30-2015-00775439-CU-OE-CXC.

n)      Our firm, in association with co-counsel, represented the plaintiffs in a wage-and-hour class and representative action against a full-service bank, on behalf of non-exempt employees. On November 18, 2016, the court granted final approval of the class and representative action settlement. The San Francisco County Superior Court Case Number is CJC-13-004839.

o)      Our firm represented the plaintiffs in a wage-and-hour class and representative action against a foodservice distributor, on behalf of non-exempt employees. On January 26, 2017, the court granted final approval of the class and representative action settlement. The San Bernardino County Superior Court Case Number is CIVDS1507260.

p)      Our firm, on behalf of the plaintiff and respondent in a PAGA representative action, successfully opposed in the trial court, and briefed and argued an appeal with respect to the employer's motion to compel arbitration, which resulted in a published opinion by the California Court of Appeal in favor of employees.  *Roberto Betancourt v.*

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD**

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 | *Prudential Overall Supply*, 9 Cal.App.5th 439 (Cal. App. 4th Dist., Mar. 7, 2017), review denied,

2 | cert. denied (U.S. Supreme Court Docket No. 17-254).

3 | q)   Our firm, in association with other co-counsel, represented the plaintiffs in

4 | a wage-and-hour class and PAGA representative action against a consumer packaging company,

5 | on behalf of non-exempt employees. On March 10, 2017, the court granted final approval of the

6 | class and PAGA representative action settlement. The Los Angeles County Superior Court Case

7 | Number is BC590429.

8 | r)   Our firm, in association with co-counsel, represented the plaintiffs in a

9 | wage-and-hour class and representative action against a manufacturer of food service industry

10 | supplies on behalf of non-exempt employees. On April 14, 2017, the court granted final approval

11 | of the class and representative action settlement. The Orange County Superior Court Case

12 | Number is 30-2015-00810013-CU-OE-CXC.

13 | s)   Our firm represented the plaintiff in a wage-and-hour class and

14 | representative action against a property management company, on behalf of non-exempt

15 | employees. On June 14, 2017, the court granted final approval of the class and representative

16 | action settlement. The Los Angeles County Superior Court Case Number is BC586234.

17 | t)   Our firm represented the plaintiff in a wage-and-hour class and

18 | representative action against a food company on behalf of non-exempt employees. On June 30,

19 | 2017, the court granted final approval of the class and representative action settlement. The

20 | Sacramento County Superior Court Case Number is 34-2015-00175871.

21 | u)   Our firm represented the plaintiffs in a wage-and-hour class and

22 | representative action against a chocolate company on behalf of non-exempt employees. On July

23 | 19, 2017, the court granted final approval of the class and representative action settlement. The

24 | Alameda County Superior Court Case Number is RG15764300.

25 | v)   Our firm represented the plaintiff in a PAGA representative action, against

26 | the parent company of several restaurants, on behalf of hourly-paid, non-exempt employees.  On

27 | October 18, 2017, the court granted approval of the PAGA representative action settlement.  The

28 | Los Angeles County Superior Court Case Number is BC569664.

10

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS AND INCENTIVE AWARD**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1        w)    Our firm represented the plaintiffs in a wage-and-hour class and PAGA

2   representative action against a manufacturer of plastic containers on behalf of non-exempt

3   employees. On October 31, 2017, the court granted final approval of the class and PAGA

4   representative action settlement. The Los Angeles County Superior Court Case Number is

5   BC577233.

6        x)    Our firm, in association with other co-counsel, represented the plaintiffs in

7   a wage-and-hour class and PAGA representative action against a bank on behalf of non-exempt

8   employees.  On December 11, 2017, the court entered an order granting final approval of class

9   and PAGA representative action settlement.  The Los Angeles County Superior Court Case

10   Number is BC569646.

11        y)    Our firm, in association with co-counsel, represented the plaintiffs in a

12   wage-and-hour class and representative action against a property management company on

13   behalf of hourly-paid and non-exempt employees. On January 4, 2018, the court granted final

14   approval of the class and representative action settlement. The Los Angeles County Superior

15   Court Case Number is JCCP4819.

16        z)    Our firm, in association with co-counsel, represented the plaintiffs in a

17   wage-and-hour class and representative action against a company that operates business centers.

18   On February 15, 2018, the court granted final approval of the class and representative action

19   settlement. The Los Angeles County Superior Court Case Number is BC498401.

20        aa)    Our firm, in association with co-counsel, represented the plaintiff in a

21   wage-and-hour class action against a container manufacturer, on behalf of non-exempt

22   employees. On October 15, 2018, the court granted the plaintiff's motion for class certification.

23   The Tulare County Superior Court Case Number is VCU264528.

24        bb)    Our firm represented the plaintiffs in a wage-and-hour class and PAGA

25   representative action against a behavioral health service provider on behalf of non-exempt

26   employees.  On November 13, 2018, the court granted final approval of the class and PAGA

27   representative action settlement.  The Alameda County Superior Court Case Number is

28   RG16811450.

DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS AND INCENTIVE AWARD

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

cc)     Our firm represented the plaintiff in a representative action under the Private Attorneys General Act, against a global provider of products and services to the energy industry, on behalf of hourly-paid and non-exempt employees.  On November 19, 2018, the Court granted approval of the settlement. The Kern County Superior Court Case Number is S-1500-CV-280215-SDC.

dd)     Our firm represented the plaintiff in a wage-and-hour class action against a parking company on behalf of non-exempt employees.  On September 3, 2019, the court granted the plaintiff's motion for class certification and certified a class.  The Santa Clara County Superior Court Case Number is 16CV292208 and the Judicial Council Coordination Proceeding Number is JCCP 4886.

ee)     Our firm, in association with counsel, on behalf of the plaintiff and respondent in a PAGA representative action, successfully opposed in the trial court, and briefed and argued an appeal with respect to the employer's motion to compel arbitration, resulting in a notable decision from the California Supreme Court clarifying the law and finding, in part, that employer arbitration agreements are unenforceable where they block a PAGA claim from proceeding, *ZB, N.A. v. Superior Court*, 8 Cal.5th175 (2019).

ff)     Our firm represented the plaintiffs in a wage-and-hour class and representative action against a bank on behalf of non-exempt employees.  On September 27, 2019, the court granted the plaintiffs' motion for class certification in part and certified a class. The Alameda County Superior Court Case Number is RG15757606 and the Judicial Council Coordination Proceeding Number is JCCP 4921.

gg)     Our firm represented the plaintiffs in a wage-and-hour class and representative action against a national retailer of apparel and fashion accessories, on behalf of non-exempt employees.  On October 9, 2019, the court granted the plaintiffs' motion for class certification in part and certified a class.  The Sacramento County Superior Court Case Number is 34-2015-00175330-CU-OE-GDS.

hh)     Our firm represented the plaintiff in a wage-and-hour class and representative action against a medical equipment supplier on behalf of non-exempt employees.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    On February 13, 2020, the court granted the plaintiff's motion for class certification and certified

2    a class.  The San Bernardino County Superior Court Case Number is CIVDS1505744.

3             ii)    Our firm represented the plaintiffs in a wage-and-hour class and

4    representative action against a national retailer of sportswear, footwear, and camping equipment

5    on behalf of non-exempt employees.  On March 16, 2020, the court granted in part the plaintiff's

6    motion for class certification and certified a class.  The Riverside County Superior Court Case

7    Number is RICJCCP4930.

8             jj)    Our firm represented the plaintiffs in a wage-and-hour class and PAGA

9    representative action against a plastic packaging company on behalf of non-exempt employees.

10   On June 8, 2020, the court granted in part the plaintiffs' motion for class certification and

11   certified a class.  The San Bernardino County Superior Court Case Number is CIVDS1507361.

12            kk)    Our firm, in association with other co-counsel, represented the plaintiffs in

13   a wage-and-hour class action against manufacturer and supplier of power products and services

14   on behalf of non-exempt employees.  On July 31, 2020, the court granted in part the plaintiffs'

15   motion for class certification and certified a class.  The San Diego County Superior Court Case

16   Number is 37-2015-00025968-CU-OE-CTL.

17            **LITIGATION COSTS AND EXPENSES INCURRED BY CLASS COUNSEL**

18        19.    Lawyers *for* Justice, PC has incurred $24,659.23 in litigation costs and expenses

19   as reflected in "**EXHIBIT B**" attached hereto. These expenses were reasonable and necessary in

20   the prosecution of this case.  It should be noted that Class Counsel has borne all of the risks and

21   costs of litigation and will not receive any compensation until recovery is obtained by Plaintiff,

22   Class Members, and FLSA Members.

23                    **INCENTIVE AWARD TO PLAINTIFF**

24        20.    In recognition of her efforts and work serving as the Class Representative, the

25   Settlement provides for an Incentive Award in the amount of $15,000 to Plaintiff Elizabeth

26   Castro.  The requested Incentive Award is fair and appropriate.  Plaintiff spent a substantial

27   amount of time and effort in producing relevant documents and past employment records and

28   provided the facts and evidence necessary to attempt to prove the allegations.  Plaintiff was

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS AND INCENTIVE AWARD**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  available whenever Class Counsel needed her and actively tried to obtain information that would

2  benefit the Class Members and FLSA Members.  Plaintiff spent numerous hours speaking with

3  Class Counsel about her claims, describing her work experiences with Defendant, and gathering

4  and reviewing documents.  Accordingly, it is appropriate and just for Plaintiff to receive $15,000

5  as a reasonable Incentive Award, in addition to her Individual Settlement Payment, for her

6  services on behalf of the Class Members and FLSA Members.

7        21.    I submit that the Settlement is fair, reasonable, and adequate.  In addition, the

8  Settlement is in the best interests of Plaintiff, Class Members, and FLSA Members.

9        I declare under penalty of perjury under the laws of the State of California that the

10  foregoing is true and correct.

11        Executed this 2nd day of November 2020, at Glendale, California.

12

13                              _____
                                        /s/ Edwin Aiwazian
14                                       Edwin Aiwazian

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS AND INCENTIVE AWARD**

# EXHIBIT A

**ATTORNEY TASK AND TIME CHART**
***CASTRO V. PARAGON INDUSTRIES, INC. DBA BEDROSIANS***
**EASTERN DISTRICT OF CALIFORNIA FRESNO DIVISION CASE NO. 1:19-CV-00755-DAD-SKO**
**FRESNO COUNTY SUPERIOR COURT CASE NO. 18CECG01707**

| TASK | LAWYERS *for* JUSTICE, PC |
|---|---|
| **Investigation and Research / Due Diligence** | |
| Pre-Lawsuit Investigation of the Key Facts with a Focus on Class Certification Elements, Including Adequacy, Typicality, Superiority, and Commonality | 33.75 |
| Pre-Lawsuit Investigation of the Merits of Plaintiff Elizabeth Castro's ("Plaintiff") Claims and the Merits of the Claims of the Putative Class Members | 27 |
| Pre-Lawsuit Investigation of Potential Damages and Civil Penalties Exposure of Defendant Paragon Industries, Inc. DBA Bedrosians ("Defendant") with Respect to the Damages Sustained by and Civil Penalties with respect to Plaintiff and the Putative Class Members | 19.50 |
| Pre-Lawsuit Legal Research and Analysis of Latest Off-the-Clock, Meal and Rest Break, Representative PAGA, and Certification and PAGA Decisions in California under State and Federal Law, Including all New Relevant DLSE Materials | 22.50 |
| Investigation of Defendant, Defendant's Business Relationships, and the Industry in which Defendant Operates | 13 |
| Investigation of Defendant's Organizational and Corporate Structure, and Executive Reporting Structure as It Relate to the Employment and Management of the Putative Class Members | 9 |

| | |
|---|---|
| Investigation of Defendant's Executives, Officers, and Leadership with a Focus on Involvement in Wage-and-Hour Issues and Establishing Willfulness and Uniformity | 5.25 |
| Analysis of Competitors in Various Relevant Geographic Areas within which Defendant Operates, and Comparing and Contrasting Defendant's Policies, Practices, and Procedures with the Policies, Practices, and Procedures of Defendant's Competitors | 8.25 |
| Research and Investigation Re: Locations Owned, Managed, or Operated by Defendant in California During the Class Period (including and not limited to, locations in Fresno, Visalia, Stockton, Modesto, Concord, San Jose, Hayward, South San Francisco, Santa Rosa, Rancho Cordova, Auburn, Bakersfield, Sylmar, Long Beach, Anaheim, Orange, Palm Desert, Vista, and San Diego), Including Differences Between the Various Locations to Determine Whether Those Differences Will Cause Individual Issues to Predominate Over Common Issues | 23 |
| Comparative Analysis and Cross-Checking of All Available Job Postings by Defendant in Order to Determine Any Variation and Identify Job Duties and Responsibilities That Would be Susceptible to Being Performed Off-the-Clock or During Meal or Rest Breaks | 7.25 |
| Research and Investigation Re: Staffing Models and Staffing Levels at Defendant's Locations Worked by Putative Class Members Throughout California | 19 |
| Research and Investigation Re: Defendant's Policies, Practices, Procedures, and Trainings Relating to Non-Discretionary Bonuses/Incentives/Commissions/Shift Differential Pay, Outside Sales Persons, Drivers, Safety, Customer Service, Timekeeping, Work Schedules, Meal/Rest Breaks, Overtime Compensation, and Reimbursement of Business-Related Expenses | 45 |
| Research and Investigation Re: Various Software Programs Defendant Uses to Conduct Its Everyday Business, Including Timekeeping Software, with a Focus on What Documents (Both Paper and Electronic) Are Created in the Normal Course of Business Relating to Overtime Worked, Off-the-Clock Time Worked Pre/Post-Shift, and Time Worked During Meal Breaks | 15 |

| | |
|---|---|
| Research into Case Law and Active Cases Involving Facts Re: Requirement to Stay on Premises, Failure to Relinquish Control, and/or Failure to Provide Required Premium Pay Payments | 12 |
| Research and Analysis of Potential Defenses Defendant May Raise, Including *De Minimis* Work, Non-Compensable Off-the-Clock Work, Waiver, and Compliant Policies | 7 |
| Research and Investigation Re: Post-*Duran vs. U.S. Bank* Trial Manageability Issues, including Research Regarding Which Experts to Retain and For What Purpose | 14.50 |
| Research and Analysis of Defendant's Litigation History Involving Wage-and-Hour Issues and Other Related Employment Issues | 8 |
| Prepare a Discovery Strategy Plan of Action, Including Topics of Inquiry Important to Certification, Liability, and Damages/Civil Penalties | 12 |
| Meet and Communicate with Plaintiff Elizabeth Castro Throughout the Pendency of the Case | 55 |
| Identify Percipient Witnesses and Investigate Personnel Incidents in Plaintiff's Employment File | 7.25 |
| Investigate Potential Putative Class Member Witnesses and Meet and Communicate with Putative Class Members | 28 |
| **Pleadings and Court Filings** | |
| Research and Draft Plaintiff's Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code Section 2698, Et Seq. and Legal Research and Analysis of All Claims Involved (filed on May 14, 2018 in State Court) | 12 |
| Review and Analyze Defendant's Answer to Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act and Research Affirmative Defenses in Defendant's Answer (filed on June 22, 2018 in State Court) | 3 |

| | |
|---|---|
| Review and Analyze Court's Notice of Case Management Conference and Assignment of Judge for All Purposes (filed on June 22, 2018 in State Court) | 0.10 |
| Review and Analyze Defendant's First Amended Answer to Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act and Research Affirmative Defenses in Defendant's Answer (filed on July 3, 2018 in State Court) | 1.50 |
| Draft Plaintiff's Notice of Posting Jury Fees (filed on July 20, 2018 in State Court) | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Initial Case Management Conference Statement (filed on August 29, 2018 in State Court) | 2 |
| Review Court's Notice of Calendar Setting (filed on September 5, 2018 in State Court) | 0.10 |
| Review Court's Minute Order (filed on September 25, 2018 in State Court) | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation to Continue Case Management Conference; and [Proposed] Order Thereon (submitted on March 7, 2019 in State Court) | 1.75 |
| Draft Plaintiff's Notice of Posting of Complex Fees (filed on March 7, 2019 in State Court) | 0.10 |
| Review Court's Order Granting Joint Stipulation to Continue Case Management Conference (filed on March 12, 2019 in State Court) | 0.10 |
| Draft Plaintiff's Notice of Entry of Judgment or Order (filed on March 13, 2019 in State Court) | 0.25 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation to Continue Case Management Conference; and [Proposed] Order Thereon (submitted on April 26, 2019 in State Court) | 1.25 |
| Review Court's Order Granting Joint Stipulation to Continue Case Management Conference (filed on May 1, 2019 in State Court) | 0.10 |

| | |
|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation to an Order Granting Plaintiff Leave to File First Amended Complaint; [Proposed] Order Thereon (submitted on May 1, 2019 in State Court) | 1.75 |
| Review Court's Order Granting Plaintiff Leave to File First Amended Complaint (filed on May 13, 2019 in State Court) | 0.10 |
| Draft Plaintiff's Notice of Entry of Judgment or Order (filed on May 14, 2019 in State Court) | 0.10 |
| Research and Draft Plaintiff's First Amended Class and Collective Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code Section 2698, Et Seq. and Legal Research and Analysis of All Claims Involved (filed on May 14, 2019 in State Court) | 7.50 |
| Review Defendant's Notice to Adverse Party of Removal to Federal Court Pursuant to 28 U.S.C. Section 1446(d) (filed on May 29, 2019 in State Court) | 0.50 |
| Review Defendant's Notice of Removal by Defendant Paragon Industries, Inc. DBA Bedrosians, Civil Cover Sheet, and Corporate Disclosure Statement (served on May 29, 2019 in Federal Court) | 4.50 |
| Review Court's Order Setting Mandatory Scheduling Conference, Standing Order, Notice of Availability of a Magistrate Judge to Exercise Jurisdiction and Appeal Instructions, and Notice of Availability Voluntary Dispute Resolution (filed on May 30, 2019 in Federal Court) | 0.50 |
| Meet and Confer with Defendant's Counsel, and Draft Stipulation for Extension of Time to Respond to Amended Complaint (submitted on June 5, 2019 in Federal Court) | 1.75 |
| Meet and Confer with Defendant's Counsel, and Draft Stipulation for Extension of Time to Respond to First Amended Complaint; [Proposed] Order Extending Deadline to Respond to First Amended Complaint (submitted on July 1, 2019 in Federal Court) | 1.25 |
| Meet and Confer with Defendant's Counsel, and Draft Stipulation for Extension of Deadline to File Motion for Preliminary Approval of Class Action Settlement; [Proposed] Order Extending Deadline to File | 1.50 |

| | |
|---|---|
| Motion for Preliminary Approval of Class Action Settlement (submitted on September 4, 2019 in Federal Court) | |
| Review Court's Minute Order Continuing Motion for Preliminary Approval Deadline (filed on September 4, 2019 in Federal Court) | 0.10 |
| Review Court's Minute Order Continuing Initial Status Conference (filed on September 19, 2019) (Federal Court) | 0.10 |
| Review Court's Minute Order Regarding Hearing (filed on November 26, 2019 in Federal Court) | 0.10 |
| Review Court's Minute Order (filed on December 3, 2019 in Federal Court) | 0.10 |
| Review Court's Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California (filed on February 4, 2020 in Federal Court) | 0.10 |
| Review Court's Minute Order (filed on February 13, 2020 in Federal Court) | 0.10 |
| Review Court's Minute Order (filed on June 5, 2020 in Federal Court) | 0.10 |
| **Appearances** | |
| Prepare for and Attend Case Management Conference via CourtCall (September 25, 2018 in State Court) | 0.25 |
| Prepare for, Travel to/from, and Attend Hearing on Plaintiff's Motion for Preliminary Approval of Class Action Settlement (December 3, 2019 in Federal Court) | 2.50 |
| Prepare for, Travel to/from, and Attend Hearing on Plaintiff's Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Costs, and Incentive Award (November 30, 2020) (Anticipated) | 3 |

| Discovery and Deposition | |
|---|---|
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Elizabeth Castro (served on January 17, 2018) | 1.25 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Elizabeth Castro (served on February 5, 2018) | 4.25 |
| Draft Plaintiff's Form Interrogatories - General (Set One), Special Interrogatories (Set One), Special Interrogatories (Set Two), and Requests for Production of Documents (Set One) to Defendant (served on June 29, 2018) | 13.25 |
| Draft Plaintiff's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (August 1, 2018; Organizational Structure) (served on June 29, 2018) | 5 |
| Draft Plaintiff's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (August 2, 2018; Job Duties) (served on June 29, 2018) | 6 |
| Draft Plaintiff's Special Interrogatories (Set Three) and Requests for Production of Documents (Set Two) to Defendant (served on July 18, 2018) | 6.25 |
| Draft Plaintiff's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (August 21, 2018; Affirmative Defenses) (served on July 18, 2018) | 3.50 |
| Draft Plaintiff's Amended Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (September 6, 2018; Organizational Structure) (served on August 1, 2018) | 0.50 |
| Draft Plaintiff's Amended Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (September 6, 2018; Job Duties) (served on August 1, 2018) | 0.75 |

| | |
|---|---|
| Draft Plaintiff's Amended Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (September 7, 2018; Affirmative Defenses) (served on August 1, 2018) | 0.25 |
| Review and Analyze Defendant's Responses to Plaintiff's Special Interrogatories (Set Three) and Responses to Requests for Production of Documents (Set Two) (served on August 20, 2018) | 5.50 |
| Review and Analyze Defendant's Responses to Plaintiff's Form Interrogatories - General (Set One), Responses to Special Interrogatories (Set One), Responses to Special Interrogatories (Set Two), and Responses to Requests for Production of Documents (Set One) (served on August 21, 2018) | 15.25 |
| Draft Plaintiff's Second Amended Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (September 5, 2018; Organizational Structure) (served on August 23, 2018) | 0.75 |
| Draft Plaintiff's Second Amended Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (September 5, 2018; Job Duties) (served on August 23, 2018) | 0.75 |
| Draft Plaintiff's Second Amended Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (September 6, 2018; Affirmative Defenses) (served on August 23, 2018) | 0.75 |
| Review and Analyze Documents Produced by Defendant (served on August 24, 2018) | 19.50 |
| Review and Analyze Defendant's Objections to Plaintiff's "Person Most Knowledgeable" Deposition Notices (served on August 28, 2018) | 3.50 |
| Prepare for, Travel to, and Take the Deposition of Person Most Knowledgeable Ara Movsesian (September 5, 2018; Fresno, California) | 15 |

| | |
|---|---|
| Prepare for, Travel from, and Take the Deposition of Person Most Knowledgeable Ara Movsesian (September 6, 2018; Fresno, California) | 10.25 |
| Review Transcripts from Deposition of Person Most Knowledgeable | 7.25 |
| Draft *Belaire-West* Administration Notice and Opt-Out Postcard (drafted September 17, 2018) | 3 |
| **Letters and Correspondence** | |
| Draft PAGA Notice to California Labor and Workforce Development Agency Re: Claims of Plaintiff Elizabeth Castro for Penalties Under California Labor Code section 2698, *et seq.* (served on March 9, 2018) | 3 |
| Meet with Defendant's Counsel, and Draft Correspondence to, and Respond to Correspondence from, Defendant's Counsel | 29 |
| **Mediation/Settlement** | |
| Review and Analyze Mediation Data and Documents Produced by Defendant (served on January 15, 2019 and January 24, 2019)<br><br>• Employee Handbooks and Policies<br>• Sampling of Employee Time Data<br>• Sampling of Employee Pay Data | 56 |
| Prepare for Mediation, Including Researching Settlement-Related Issues and Merits of Claims, Drafting the Mediation Brief, Compiling the Exhibits in Support of Mediation Brief, and Performing Damages Analysis/Calculations (submitted on February 14, 2019) | 29 |
| Travel to/from and Attend Mediation Session (February 18, 2019; Fresno, California) | 16.50 |

| | |
|---|---|
| Research, Draft, Review, Revise, Negotiate, and Finalize Class Action and Collective Action Settlement Release Agreement (executed on October 21, 2019) and Notice of Class Action Settlement and Notice of FLSA Settlement attached as Exhibits thereto | 37 |
| Draft, Review, Revise, Negotiate, and Finalize Amendment No. 1 to Class Action and Collective Action Settlement and Release Agreement (executed on December 19, 2019) and Revise Exhibits | 3.25 |
| Coordinate Settlement Administration with Settlement Administrator, Ongoing Monitoring of Settlement Administration, and Respond to Class Inquiries | 14 |
| **Law and Motion** | |
| Draft Plaintiff's Contemplated Motion for Class Certification; Declarations of Proposed Class Counsel Edwin Aiwazian and Arby Aiwazian in Support Thereof; Declaration of Plaintiff in Support Thereof; Summary of Evidence; and [Proposed] Order Certifying Class | 95 |
| Research and Draft Plaintiff's Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, Declaration of Elizabeth Castro in Support Thereof, Declaration of Edwin Aiwazian in Support Thereof, and [Proposed] Order Thereon (filed on October 21, 2019 and October 23, 2019 in Federal Court) | 31 |
| Review Court's Order Regarding Directing the Filing of Supplemental Briefing and Documentation Regarding Motion for Preliminary Approval of Class Action Settlement (filed on December 5, 2019 in Federal Court) | 0.25 |
| Review Court's Minute Order Regarding Motion for Preliminary Approval of Class Action Settlement (filed on December 9, 2019 in Federal Court | 0.10 |
| Draft Plaintiff's Supplemental Brief in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Supplemental Declaration of Edwin Aiwazian in Support Thereof, and [Revised Proposed] Order Thereon (filed on December 20, 2019) | 24.50 |

| | |
|---|---|
| Review Court's Minute Order Ordering Further Supplemental Briefing (filed on April 8, 2020) | 0.50 |
| Draft Plaintiff's Further Supplemental Declaration of Edwin Aiwazian in Support of Motion for Preliminary Approval of Class and Collective Action Settlement (filed on April 15, 2020) | 1.50 |
| Review Court's Order Granting Plaintiff's Motion for Conditional Class Certification and Preliminary Approval of the Proposed Class and Collective Action Settlement (filed on April 27, 2020) | 1 |
| Review and Analyze Settlement Administrator's Declaration Regarding Settlement Notice Administration; and Research and Draft Plaintiff's Notice of Motion for Final Approval and Motion for Final Approval of Class and Collective Action Settlement, Notice of Motion and Motion for Attorneys' Fees and Costs, and Incentive Award, and Declaration of Edwin Aiwazian in Support Thereof, and Revise [Proposed] Final Approval Order and Judgment (filed on November 2, 2020) | 34.25 |
| **Total Hours:** | 937.95 |

11

# EXHIBIT B

# LAWYERS for JUSTICE PC CASE COST DETAIL
## Castro v. Paragon Industries, Inc.

| Date | Payee | Expense Description | Amount |
|------|-------|---------------------|-------:|
| 3/9/2018 | Labor & Workforce Development Agency | Filing Fee | 75.00 |
| 5/14/2018 | ProLegal | Attorney Service | 68.45 |
| 5/14/2018 | Superior Court of California, Fresno County | Filing Fee | 435.00 |
| 5/24/2018 | ProLegal | Attorney Service | 178.20 |
| 6/27/2018 | One Legal | Attorney Service | 13.55 |
| 6/29/2018 | Golden State Overnight | Courier Service | 18.00 |
| 7/18/2018 | Golden State Overnight | Courier Service | 15.66 |
| 7/20/2018 | One Legal | Attorney Service | 31.15 |
| 7/20/2018 | Superior Court of California, Fresno County | Jury Fee | 150.00 |
| 8/1/2018 | Golden State Overnight | Courier Service | 17.35 |
| 8/23/2018 | Golden State Overnight | Courier Service | 17.35 |
| 8/29/2018 | One Legal | Attorney Service | 13.55 |
| 9/5/2018 | Esquire Deposition Solutions, LLC | Videography Service | 1,110.00 |
| 9/5/2018 | Esquire Deposition Solutions, LLC | Court Reporter | 1,330.15 |
| 9/6/2018 | Esquire Deposition Solutions, LLC | Videography Service | 602.95 |
| 9/6/2018 | Ari Jon Filian | Travel Reimbursement | 1,452.67 |
| 9/6/2018 | Esquire Deposition Solutions, LLC | Court Reporter | 851.40 |
| 9/7/2018 | Court Call, LLC | Attorney Service | 86.00 |
| 9/17/2018 | U.S. Postmaster | Postage | 1.84 |
| 9/21/2018 | Court Call, LLC | Attorney Service | 86.00 |
| 1/23/2019 | Dowling Aaron Inc. | Mediation Fee | 2,000.00 |
| 3/6/2019 | Court Call, LLC | Attorney Service | 86.00 |
| 3/7/2019 | One Legal | Attorney Service | 9.95 |
| 3/11/2019 | One Legal | Attorney Service | 61.06 |
| 3/11/2019 | Superior Court of California, Fresno County | Complex Fee | 1,000.00 |
| 3/11/2019 | Superior Court of California, Fresno County | Filing Fee | 20.00 |
| 3/13/2019 | Robert A. Parris | Expert | 10,591.08 |
| 3/13/2019 | Dowling Aaron Inc. | Mediation Fee | 1,400.00 |
| 3/15/2019 | One Legal | Attorney Service | 13.55 |
| 4/26/2019 | Court Call, LLC | Attorney Service | 94.00 |
| 4/29/2019 | One Legal | Attorney Service | 14.36 |
| 4/29/2019 | Superior Court of California, Fresno County | Filing Fee | 20.00 |
| 5/2/2019 | One Legal | Attorney Service | 14.36 |
| 5/2/2019 | Superior Court of California, Fresno County | Filing Fee | 20.00 |
| 5/14/2019 | One Legal | Attorney Service | 27.10 |
| 5/14/2019 | U.S. Postmaster | Postage | 8.00 |
| 10/24/2019 | Legal Document Server, Inc. | Attorney Service | 245.00 |
| 10/25/2019 | Legal Document Server, Inc. | Attorney Service | 245.00 |
| 12/26/2019 | Legal Document Server, Inc. | Attorney Service | 245.00 |
| | LFJ (In-House) | Photocopies (13,270 @ $0.15 per page) | 1,990.50 |

## LAWYERS for JUSTICE PC CASE COST DETAIL
## Castro v. Paragon Industries, Inc.

**Total:**      **24,659.23**