Edwin Aiwazian (Cal. State Bar No. 232943)
*edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
*arby@calljustice.com*
Joanna Ghosh (Cal. State Bar No. 272479)
*joanna@calljustice.com*
Danielle L. Chang (Cal. State Bar No. 313881)
*d.chang@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff and the Class

Mark D. Kruthers #179750
William H. Littlewood #202877
G. Andrew Slater #238126
DOWLING AARON INCORPORATED
8080 North Parm Avenue, Third Floor
P.O. Box 28902
Fresno, California 93728-8902
E-mail:      mkruthers@dowlingaaron.com
             wlittlewood@dowlingaaron.com
             aslater@dowlingaaron.com

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH CASTRO, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>            Plaintiff,<br><br>   vs.<br><br>PARAGON INDUSTRIES, INC. DBA BEDROSIANS, a California Corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No.: 1:19-cv-00755-DAD-SKO<br><br>Honorable Dale A. Drozd<br>Courtroom 5<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD**<br><br>[Supplemental Declaration of Edwin Aiwazian and Supplemental Declaration of Elizabeth Castro]<br><br>Complaint Filed:    May 14, 2018<br>FAC Filed:        May 14, 2019<br>Trial Date:        None Set |

*(left margin, vertical text)* **LAWYERS *for* JUSTICE, PC** — 410 West Arden Avenue, Suite 203 — Glendale, California 91203

Plaintiff Elizabeth Castro ("Plaintiff") hereby submits the following supplemental brief in support of Plaintiff's Motion for Final Approval of Class and Collective Action Settlement ("Motion for Final Approval") and Motion for Attorneys' Fees and Costs and Incentive Award, in order to address the Court's points of inquiry.

## I.      INTRODUCTION.

On April 24, 2020, the Court signed the Order Granting Plaintiff's Motion for Conditional Class Certification and Preliminary Approval of the Proposed Class and Collective Action Settlement ("Order Granting Preliminary Approval"), thereby preliminarily approving the Class Action and Collective Action Settlement and Release Agreement and Amendment No. 1 to Class Action and Collective Action Settlement and Release Agreement (together, "Settlement Agreement," "Settlement," or "Agreement"), conditionally certifying the Class for settlement purposes, and approving the proposed FLSA collective.  The Court also preliminarily appointed and designated Lawyers *for* Justice, PC as Class Counsel, Plaintiff Elizabeth Castro as Class Representative, and Phoenix Class Action Administration Solutions ("Phoenix") to serve as Settlement Administrator for handling the notice and settlement administration process. (Dkt. No. 19). The Court preliminarily approved and ordered the mailing of the Notice of Class Action Settlement ("Class Notice") and Notice of FLSA Settlement ("FLSA Settlement") (together, the "Notice Packet") to the Class Members and FLSA Members.  The Court adopted the notice, opt-out, and objection procedures, and ordered their implementation.

On November 2, 2020, Plaintiff filed Plaintiff's Motion for Attorneys' Fees and Costs and Incentive Award and Plaintiff's Motion for Final Approval of Class and Collective Settlement Action ("Motion for Final Approval").  (Dkt. Nos. 21 & 22).  On November 30, 2020, Plaintiff's motions were heard by the Court ("November 30, 2020 Hearing").  At the November 30, 2020 Hearing, the Court raised multiple points of inquiry in connection with the Motion for Attorneys' Fees and Costs and Incentive Award and Motion for Final Approval and ordered the Plaintiff to file supplemental papers addressing the issues by December 31, 2020.

///

///

**JOINT SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   Parties hereby address the Court's points of inquiry raised at the November 30, 2020

2   Hearing by providing the additional information herein and in the Supplemental Declaration of

3   Edwin Aiwazian in support of Plaintiff's Motion for Final Approval of Class and Collective

4   Action Settlement and Motion for Attorneys' Fees and Costs and Incentive Award

5   ("Supplemental Declaration of Edwin Aiwazian" or "Supp. Aiwazian Decl.") filed concurrently

6   herewith.  Further, as discussed in the Motion for Final Approval – ***not a single Class Member***

7   ***objected to or opted out of the Settlement*** – the lack of objections speaks volumes about the

8   fairness, reasonableness, and adequacy of the Settlement.  Accordingly, the Court is respectfully

9   requested to grant final approval of the class and collective action settlement, and grant the

10  Motion for Final Approval and Motion for Attorneys' Fees and Costs and Incentive Award.

11  **II.    ESTIMATE OF THE VALUE OF THE CLAIMS.**

12   The Court requested further information regarding how Class Counsel arrived at the

13  appropriate violation rates used to estimate value of the claims.  As set forth in the Declaration

14  of Edwin Aiwazian in Support of Plaintiff's Motion for Attorneys' Fees and Cost and Incentive

15  Award ("Declaration of Edwin Aiwazian" or "Aiwazian Decl."), both sides had the opportunity

16  to interview witnesses and conducted extensive discovery and investigation into the facts of the

17  case.  (Aiwazian Decl., ¶ 6.)  (Dkt. No. 21).  Class Counsel reviewed and analyzed thousands of

18  pages of data and documents produced by Defendant Paragon Industries dba Bedrosians

19  ("Defendant") (together with Plaintiff, the "Parties") and obtained through other sources such

20  as: employment records of Plaintiff and other Class Members and FLSA Members; class-wide

21  data regarding the class size, number of workweeks, pay periods, and terminations during the

22  time period at issue; a 20% random sampling of detailed time and pay records for Class Members

23  and FLSA Members; policies (including, but  not limited to, Business Travel and Expense

24  Compensation Policy, Employment Policy, Safety Policy, and Customer Treatment Policy);

25  multiple iterations of Defendant's New Employee Packet (which included, *inter alia*, policies

26  and procedures regarding meal and rest periods, timekeeping requirements, dress code

27  standards, overtime, and reimbursements); Defendant's Organizational Chart; Defendant's

28  Dress Code policy; internal memoranda; various agreements and acknowledgements; and

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND
COSTS AND INCENTIVE AWARD**

1    numerous other documents regarding Defendant's employment policies, practices, and

2    procedures, among other information and documents.  (*Ibid*).  Class Counsel also interviewed

3    and obtained information from Plaintiff and other Class Members and FLSA Members, and

4    deposed Defendant's Persons Most Knowledgeable witness over the course of two (2) days.

5    (*Ibid*).   Class Counsel also propounded Form Interrogatories–General (Set One), Special

6    Interrogatories (Set One), Special Interrogatories (Set Two), Requests for Production of

7    Documents (Set One), Special Interrogatories (Set Three), and Requests for Production of

8    Documents (Set Two) onto Defendant and reviewed Defendant's responses thereto.   Class

9    Counsel also determined that approximately half of the workweeks analyzed were workweeks

10   in which employees recorded less than 40 hours of time, and therefore, during those workweeks

11   employees were not eligible for overtime under the FLSA and may not be able to recover straight

12   time or gap time under the FLSA.   (Supp. Aiwazian Decl., ¶¶ 6.b & 6.d.)

13          Plaintiff's quantification of the value of the claims and *Kullar* analysis are set forth in

14   the concurrently-filed Supplemental Declaration of Edwin Aiwazian.  (Supp. Aiwazian Decl.,

15   ¶¶ 6-8.)   As discussed therein, Plaintiff's estimates of what could potentially be recovered,

16   including with respect to the FLSA claims, were based on the information and data obtained by

17   Class Counsel through its investigations and extensive formal and informal discovery.   As

18   discussed in the Motion for Preliminary Approval of Class and Collective Action Settlement

19   and supporting documents submitted therewith, further discounting was applied on the potential

20   value of the claims based on the risks involved, including, and not limited to, (i) overcoming

21   Defendant's arguments and evidence that it properly provided meal and rest breaks, paid for all

22   hours of work, and properly reimbursed business expenses, (ii) the obstacles inherent in

23   satisfying the requirements to certify a class, certify a collective, and satisfy manageability

24   requirements, (iii) the challenges of proving all of the elements of each cause of action, (iv) the

25   derivative nature of many of the claims, (v) the costs and expenses of further litigation, and (vi)

26   the real possibility of no recovery after years of litigation.  (Dkt. Nos. 9 & 10).

27   ///

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND
COSTS AND INCENTIVE AWARD**

1    **III.    FLSA COLLECTIVE ACTION.**

2         *a.   Existence of A Bona Fide Dispute.*

3         At the November 30, 2020 Hearing, the Court requested additional briefing regarding

4    the existence of a *bona fide* dispute with regards to the FLSA collective action.  A *bona fide*

5    dispute exists when there are legitimate questions about "the existence and extent of Defendant's

6    FLSA liability."  See *Ambrosino v. Home Depot. U.S.A., Inc.,* No. 11cv1319 L(MDD) (S.D.Cal.

7    Apr. 28, 2014) 2014 WL 1671489.

8         With respect to the overtime and minimum wage claims under the FLSA, Plaintiff claims

9    that Defendant failed to properly pay for all hours worked, including overtime hours, triggering

10   liability under the FLSA (as well as California law).  Plaintiff contends that she and other

11   FLSA Members were required to perform job duties before clocking-in, after clocking-out, and

12   during meal breaks (e.g., waiting in line to clock in at one terminal, assisting customers, and/or

13   preparing billing statements), and therefore, they worked off-the-clock and were not

14   compensated at the applicable minimum and overtime rates under federal law.  Plaintiff

15   contends that Defendant had a policy of requiring FLSA Members to perform job duties

16   continuously and at all times during their scheduled work day, even when they were clocked-

17   out for meal periods and that Defendant had a policy of requiring pre-authorization to complete

18   overtime work and that such a policy caused FLSA Members who regularly worked overtime

19   to work off-the-clock in order to avoid recording unauthorized overtime.

20        Defendant strongly denies liability and has provided documents and information that

21   raise some doubt that Plaintiff would be able to succeed on the merits of her FLSA claims,

22   including: (i) its wage-and-hour policies; and (ii) time and pay records showing overtime was

23   routinely paid.

24        Defendant contends that it maintained and enforced legally compliant wage-and-hour

25   policies and that it properly paid all overtime wages and paid all non-exempt employees over

26   the California and federal wage rates for all hours worked.  Defendant produced what it

27   contended is evidence of compliant policies, for example, Defendant's Non-Exempt Employee

28   Policy - New Employee Packet states the following:

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

- *"All non-exempt employees must record their own time at the start and at the end of each work period, including before and after each meal period."*

- *"Any errors in your time entries should be reported immediately to your manager or supervisor who will take steps to correct legitimate errors.*"

- *"Your timesheet must accurately reflect all regular and overtime hours worked, any absences, late arrivals, early departures and lunch break." (sic.)*

- *"Employees are prohibited from performing any 'off-the-clock' work."*

  (Supp. Aiwazian Decl., Exh. A.)

Defendant also produced wage statements reflecting overtime compensation paid to many of the employees (including, and not limited to, Plaintiff). Defendant further contended that all employees were required to record all time worked and were given the opportunity to make any necessary timecard revisions or changes, and that Defendant was not aware that any work had been performed off-the-clock.

Defendant submits that there is evidence to support its contention that it complied with the FLSA. To the extent Plaintiff or FLSA Members adduce anecdotal evidence that a minute or two of working time here or there was not compensated, Defendant maintains that such work was *de minimis* – and further notes that its policies required recordation of all working time.

The theories and factual contentions raised by Plaintiff and Defendant show that there is a *bona fide* dispute regarding Defendant's liability under the FLSA.

## IV.   **THIRD PARTY MEDIATOR**

On February 18, 2019, the parties participated in a formal, full-day mediation conducted by the Honorable Steven M. Vartabedian (Ret.) which culminated in the Settlement. At the time of mediation, Class Counsel was fully aware that the mediator, Hon. Steven M. Vartabedian (Ret.) had an of-counsel association with Defendant's counsel, Dowling Aaron, Inc. (Supp Awiazian Decl., ¶ 5). The Parties believe that Hon. Steven M. Vartabedian (Ret.) was among the most well-qualified mediators available to mediate this matter. The Hon. Steven M. Varabedian (Ret.) was mutually selected by the Parties to act as the mediator for this case. The Parties believe that the Hon. Steven M. Vartabedian (Ret.) acted as a neutral third-party mediator and helped to resolve this case.

5

**V.**      **THE REQUEST FOR ATTORNEYS' FEES IS REASONABLE.**

The Court requested additional information regarding the award of attorneys' fees. The Settlement provides for a significant Total Settlement Fund in the amount of $3,750,000 and allocates an amount not to exceed 35% of the Total Settlement Fund (i.e., $1,312,500) towards attorneys' fees.

Here, Class Members and FLSA Members have received full and fair notice of the attorneys' fees and costs allocations provided for by the Settlement and that are being sought by Class Counsel, and not a single Class Member has objected to the Attorneys' Fees. Ultimately, the award of attorneys' fees is made by the court, using either the percentage-of-recovery or lodestar method, or both. *Vizcaino v. Microsoft Corp.* (9th Cir. 2002) 290 F.3d 1043, 1047; *In re Bluetooth Headset Prod. Liab. Litig.* (9th Cir. 2011) 654 F.3d 935, 942. As discussed in the Motion for Attorneys' Fees and Costs and Incentive Award and the Declaration of Edwin Aiwazian filed in support thereof, the attorneys' fees sought are appropriate when using either a percentage or lodestar method.

### a.   A Fee Award of a Percentage of the Entire Fund is Appropriate.

Courts have long recognized that an appropriate method for determining an award of attorneys' fees is based on a percentage of the total value of benefits made available to class members by the settlement. See, *Boeing Co. v. Van Gemert* (1980) 444 U.S. 472, 478; *Vincent v. Hughes Air West, Inc.* (9th Cir. 1977) 557 F.2d 759, 769; *Serrano v. Priest* (1977) 20 Cal.3d 25, 34. The purpose of this equitable doctrine is to spread litigation costs proportionally among all beneficiaries so that the active beneficiary does not bear the entire burden alone. See *Vincent v. Hughes Air West, Inc.* (9th Cir. 1977) 557 F.2d 759, 769. When others may derive benefits from a litigant's efforts, the litigant may require the passive beneficiaries to compensate those who made the benefits available. See, R. Pearle, California Attorney Fee Awards (CEB, 1993) § 7A, p. 7-5. Both state and federal courts have embraced this approach. See, e.g., *Serrano*, *supra*, 20 Cal.3d at 35; *Crampton v. Takegoshi* (1993) 17 Cal.App.4th 308, 317; *Vincent*, *supra*, 557 F.2d at 769.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Although twenty-five percent (25%) of the settlement amount is usually the "benchmark" for attorneys' fees awarded under the percentage method in the Ninth Circuit, district courts may adjust the twenty-five percent (25%) benchmark upward if "the percentage recovery would be [] too small [] in light of the hours devoted to the case or other relevant factors." *Six Mexican Workers v. Arizona Citrus Growers* (9th Cir. 1990) 904 F.2d 1301, 1311; *Staton v. Boeing* (9th Cir. 2003), 327 F.3d 938, 968; *Vizcaino*, 290 F.3d at 1048. In California, attorneys' fees tend to be awarded above the twenty-five percent (25%) federal benchmark. *See Van Vranken v. Atl. Richfield Co.* (N.D. Cal. 1995) 901 F.Supp.294 at 297 (holding that fee awards of 30-50% are more typical where total recovery is less than $10 million); *Craft v. Cnty. of San Bernardino* (C.D. Cal. 2008) 624 F.Supp.2d 1123, 1127 (holding that fee awards in cases where the settlement amount is below $10 million are often more than the 25% benchmark).

In *Vizcaino*, the Ninth Circuit laid out the factors to be considered in adjusting a fee award from the "benchmark." *Vizcaino*, *supra*, 290 F.3d at 1047-1050. These factors include: (i) the size of the fund made available (and thus the resulting size of the percentage fee award); (ii) the results obtained; (iii) the risk taken on by plaintiff's counsel in pursuing the case with no guarantee of victory or payment for the time and effort expended; (iv) incidental or non-monetary benefits conferred by the settlement; (v) the effort expended by plaintiff's counsel; (vi) plaintiff's counsel's reasonable expectations based on the circumstances of the case and fee awards in other cases; and, to a certain extent, (vii) the percentage fee award originally contracted for between plaintiff and plaintiff's counsel. *Id.* In the present case, each of these factors favors the attorneys' fees award provided for under the Settlement and sought by Class Counsel.

### b. The Lodestar Methodology Also Justifies the Attorneys' Fees Provided for Under the Settlement.

"Under the lodestar method, the court multiplies a reasonable number of hours by a reasonable hourly rate." *Fischel v. Equitable Life* (9th Cir. 2002) 307 F.3d 997 at 1006. As with the percentage method, "a court can adjust the lodestar upward … based on certain factors." *Id.*

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD**

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

at 1007.  Increasing the lodestar is done by the inclusion of a "multiplier." *Vizcaino v. Microsoft* (9th Cir. 2002) 290 F.3d 1043, 1051.  The *Vizcaino* Court found that **83% of courts in the settled cases it surveyed assessed a multiplier between 1.0 and 4.0.** *Id*. at 1051, n. 6.  Courts that have awarded fees based on time reasonably extended have generally awarded these fees with a multiplier of between 2 and 4. *Kerr v. Screen Extras Guild, Inc.* (9th Cir. 1975) 526 F.2d 67. Such a multiplier is warranted in this case.

Multiple factors warrant enhancement in this case, including the following: the quality of representation, the monetary benefit obtained for the Class Members, FLSA Members, and State of California, the complexity of the issues, and the risk of non-payment. *In re Bluetooth Headset Prods. Liab. Litig.* (9th Cir.2011) 654 F.3d 935, 942.

As discussed in the Motion for Attorneys' Fees and Costs and Incentive Award, this was a highly-contested matter which required an extensive amount of time and labor.  The handling of this matter involved a great amount of effort, and required the exercise of a high-level of skill, which Class Counsel has as a result of extensive experience in employment class actions and wage-and-hour litigation.  Class Counsel has been actively involved in the prosecution of this matter, prior to its commencement, and Class Counsel's work has continued all the way up to the present and will continue even after final approval is granted of the Settlement.  Class Counsel's dedication to the representation of the Class Members and FLSA Members has precluded other employment.

Most importantly, **all services were performed by Class Counsel on a contingent basis.**  Both California and federal courts recognize that attorneys should be compensated for taking on such contingent risks and provided with financial incentives to enforce important rights and protections like those at issue in the matter at hand. See, e.g., *Vizcaino*, 290 F.3d at 1051; *Ketchum v. Moses* (2001) 24 Cal. 4th 1122, 1132-33.  Here, Class Counsel bore the risk that, despite all of its efforts and the skill employed, there may be no recovery.  **Therefore, at a minimum, Class Counsel is entitled to a risk multiplier**.  **The results obtained by way of Class Counsel's efforts are significant here—Class Counsel was successful in achieving substantial results for the Class and FLSA Members in the form of a settlement of**

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD**

1    **$3,750,000.**

2         Class Counsel's application for attorneys' fees in light of the facts and circumstances

3    surrounding the matter is well within the range of reasonableness.  As set forth in detail in the

4    Attorney Task and Time Chart, attached as Exhibit B to the Supplemental Declaration of Edwin

5    Aiwazian, attorneys at Lawyers *for* Justice, PC have spent 937.95 hours of time litigating the

6    case and finalizing the Settlement.  (*See* Supp. Aiwazian Decl., Exh. B). The professional

7    backgrounds and experience of Class Counsel support a reasonable blended hourly rate of

8    compensation of at least $785 per hour for services provided by attorneys at Lawyers *for* Justice,

9    PC.  The hourly rate of $785 is appropriate when taking into account the individual hourly rates

10   and time spent by individual attorneys working on this case because the actual blended hourly

11   rate is $787.14.  (*See* Supp. Aiwazian Decl., ¶ 11).  Lawyers *for* Justice, PC has been awarded

12   attorneys' fees, compensating the firm at the rate of at least $785 for legal service performed,

13   by courts of this state.

14        Applying a reasonable rate of $785 per hour to 937.95 hours of work performed by

15   attorneys at Lawyers *for* Justice, PC would place a base lodestar value of $736,290.75 on Class

16   Counsel's services, and applying a modest multiplier of 1.79, the total enhanced lodestar fees

17   are $1,317,960.44.   Class Counsel seeks an attorneys' fee award of $1,312,500 (equal to 35%

18   of the Total Settlement Fund based on the Settlement Agreement).  Far greater multipliers have

19   been awarded in similar cases, and the total amount of fees sought by Class Counsel is also

20   reasonable compared to fees awarded in similar cases.  Courts routinely enhance lodestar

21   amounts based on multipliers that "range from 2 to 4 or even higher.  *Vizcaino*, 290 F.3d at 1051

22   (approving multiplier of 3.65); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.* (2d Cir. 2005) 396

23   F.3d 96, 123 (approving multiplier of 3.5); *Craft v. County of San Bernardino* (C.D. Cal. 2006)

24   624 F.Supp.2d 1113, 1125 (awarding multiplier of 5.2 and referring to other cases with cross-

25   check multipliers ranging from 4.5 to 19.6).

26        Therefore, application of a modest multiplier of 1.79 is warranted, and the lodestar as a

27   cross-check to the percentage figure sought herein, strongly supports the reasonableness of the

28   requested attorneys' fees award.  Plaintiff respectfully requests that the Court grant final

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND
COSTS AND INCENTIVE AWARD**

1   approval of, and award, attorneys' fees in the amount of $1,312,500 to Class Counsel.

2   **VI.     INCENTIVE AWARD TO PLAINTIFF CASTRO**

3           The Settlement provides for an Incentive Award in the amount of $15,000 to Plaintiff

4   Castro to be paid in addition to her Individual Settlement Payment, to compensate Plaintiff for

5   the time and effort that she expended on behalf of the Class Members and FLSA Members.  The

6   requested Incentive Award to Plaintiff is fair and appropriate and should be awarded by the

7   Court because Plaintiff critical to the matter and commenced this lawsuit at great personal risk.

8           The information provided by Plaintiff with regards to her personal experiences with

9   Defendant was invaluable throughout the litigation of this case and without it, the significant

10  multi-million-dollar monetary recovery may not have been obtained for the Class and FLSA

11  Collective.  As set forth in the Supplemental Declaration of Elizabeth Castro in Support of

12  Plaintiff's Motion for Attorneys' Fees and Costs and Incentive Award ("Supp. Castro

13  Declaration"), filed concurrently herewith, Plaintiff has provided information and assisted with

14  the litigation of this matter since before it was commenced.  Plaintiff has been in constant

15  communication with Class Counsel and the information and documents that she has provided

16  throughout the pendency of this action has been essential to the litigation, preparing for class

17  certification, preparing for mediation, evaluation of the claims, and eventual settlement of the

18  case.  Plaintiff has demonstrated her ability to advocate for the interests of the Class Members

19  and FLSA Members by maintaining regular contact with counsel regarding the lawsuit,

20  providing information and documents to counsel as well as evidence to support the case, being

21  available whenever counsel needed her, and actively trying to obtain and provide additional

22  information that would benefit the Class Members and FLSA Members.  Further, it is important

23  to note that there have been no objections to the Settlement or the Incentive Award to Plaintiff.

24  ///

25  ///

26  ///

27  ///

28  ///

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VII.**   <u>**CONCLUSION**</u>

Having addressed the Court's points of inquiry, the Court is respectfully requested to grant final approval of the Settlement and to grant the Motion for Final Approval and Motion for Attorneys' Fees and Costs and Incentive Award.

Dated:  December 31, 2020                     **LAWYERS *for* JUSTICE, PC**

By:     /s/ Edwin Aiwazian
        Edwin Aiwazian
        *Attorneys for* Plaintiff and the Class

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

11