Edwin Aiwazian (Cal. State Bar No. 232943)
 *edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
 *arby@calljustice.com*
Joanna Ghosh (Cal. State Bar No. 272479)
 *joanna@calljustice.com*
Daniele L. Chang (Cal. State Bar No. 313881)
 *d.chang@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff and the Class

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CASTRO, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>            Plaintiff,<br><br>    vs.<br><br>PARAGON INDUSTRIES, INC. DBA BEDROSIANS, a California Corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No.: 1:19-cv-00755-DAD-SKO<br><br>Honorable Dale A. Drozd<br>Courtroom 5<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD**<br><br>[Supplemental Brief in Support of Motion for Attorneys' Fees and Costs and Incentive Award concurrently herewith]<br><br>Complaint Filed:    May 14, 2018<br>FAC Filed:        May 14, 2019<br>Trial Date:        None Set |

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

## SUPPLEMENTAL DECLARATION OF EDWIN AIWAZIAN

I, Edwin Aiwazian, hereby declare as follows:

1.     I am an attorney licensed to practice law in the State of California.  I am a member of Lawyers *for* Justice, PC, attorneys of record for Plaintiff Elizabeth Castro ("Plaintiff").  The facts set forth in this declaration are within my personal knowledge or based on information and belief, and, if called as a witness, I could and would competently testify as follows.

### PRELIMINARY APPROVAL OF SETTLEMENT

2.     On April 24, 2020, the Court signed the Order Granting Plaintiff's Motion for Conditional Class Certification and Preliminary Approval of the Proposed Class and Collective Action Settlement ("Order Granting Preliminary Approval"), thereby preliminarily approving the Class Action and Collective Action Settlement and Release Agreement and Amendment No. 1 to Class Action and Collective Action Settlement and Release Agreement (together, "Settlement Agreement," "Settlement," or "Agreement"), conditionally certifying the Class for settlement purposes, and approving the proposed FLSA collective.  The Court also preliminarily appointed and designated Lawyers *for* Justice, PC as Class Counsel, Plaintiff Elizabeth Castro as Class Representative, and Phoenix Class Action Administration Solutions ("Phoenix") to serve as Settlement Administrator for handling the notice and settlement administration process.  (Dkt. No. 19). The Court preliminarily approved and ordered the mailing of the Notice of Class Action Settlement ("Class Notice") and Notice of FLSA Settlement ("FLSA Settlement") (together, the "Notice Packet") to the Class Members and FLSA Members.  The Court adopted the notice, opt-out, and objection procedures, and ordered their implementation.

3.     As of the date of this declaration, no Class Members have objected to the Class Settlement or the request for Attorneys' Fees and Costs, Incentive Award, and Settlement Administration Costs.

///

///

///

1

**FINAL APPROVAL OF SETTLEMENT**

4.      On November 2, 2020, Plaintiff filed her Motion for Attorneys' Fees and Costs and Incentive Award and Plaintiff's Motion for Final Approval of Class and Collective Settlement Action ("Motion for Final Approval").  On November 30, 2020, Plaintiff's Motions were heard by the Court ("November 30, 2020 Hearing").  At the November 30, 2020 Hearing, the Court raised multiple points of inquiry in connection with the Motion for Attorneys' Fees and Costs and Incentive Award and Motion for Final Approval and ordered the Parties to file supplemental papers addressing the issues by December 31, 2020.

**THIRD-PARTY MEDIATOR**

5.      On February 18, 2019, the parties participated in a formal, full-day mediation conducted by the Honorable Steven M. Vartabedian (Ret.) which culminated in the Settlement. At the time of mediation, I, along with our law firm, were fully aware that the mediator, Hon. Steven M. Vartabedian (Ret.) had an of-counsel association with Defendant's counsel, Dowling Aaron, Inc.  Class Counsel submits that Hon. Steven M. Vartabedian (Ret.) was among the most well-qualified mediators available to mediate this matter and was mutually selected by the Parties to act as the mediator for this case.  We have worked with the Hon. Steven M. Vartabedian (Ret.) to mediate numerous cases in the past, continue to work with this mediator in the present, and plan to work with this mediator in the future.  We were and are confident that Hon. Steven M. Vartabedian (Ret.) acted as a highly-qualified, neutral third-party mediator, and was integral in aiding the Parties' evaluation of the case to achieve a significant monetary recovery in the amount of $3,750,000, to the benefit of Plaintiff, Class Members, FLSA Members, and State of California.

**ESTIMATE OF THE VALUE OF THE CLAIMS**

6.      Class Counsel considered the information they obtained through discovery and investigations and from Plaintiff, Class Members, FLSA Members, and percipient witnesses, as well as a large volume of documents and class data, including and not limited to, time and pay records, and Defendant's operations and employment policies, practices, and procedures in order to calculate the potential and reasonable values of the claims, as discussed in the Declaration of

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Edwin Aiwazian in Support of Plaintiff's Motion for Preliminary Approval of Class and Collective Action Settlement Filed on or around October 2, 2019 ("Aiwazian Declaration ISO Motion for Preliminary Approval") and the Supplemental Declaration of Edwin Aiwazian in Support of Plaintiff's Motion for Preliminary Approval of Class and Collective Action Settlement ("Supplemental Aiwazian Declaration ISO Motion for Preliminary Approval").  Class Counsel deposed Defendant's Persons Most Knowledgeable witness over the course of two (2) days.  Class Counsel also propounded Form Interrogatories – General (Set One), Special Interrogatories (Set One), Special Interrogatories (Set Two), Requests for Production of Documents (Set One), Special Interrogatories (Set Three), and Requests for Production of Documents (Set Two) onto Defendant and reviewed Defendant's responses thereto.

6.     Based on information and data provided by Defendant prior to mediation, the total number of class members during the period from May 14, 2014 to January 17, 2019 ("relevant time period") was estimated to be one thousand four hundred forty-seven (1,447), the total workweeks were estimated to be ninety-four thousand four hundred thirty nine (94,439), and the average hourly rate of pay was estimated to be fifteen dollars and seventy cents ($15.70).

a.     *Failure to Pay Overtime Wages Under California Labor Code*

Plaintiff alleged that Defendant failed to properly pay overtime wages to Plaintiff and other Class Members under the California Labor Code because Class Members worked off-the-clock before and after their shifts, including waiting in line to clock in at one terminal, assisting customers. and/or preparing billing statements, and that Defendant had policies and practices that discouraged overtime and required overtime to be pre-authorized by supervisors.  Class Counsel conducted investigations, significant formal and informal discovery, and review and analysis of information and documents produced in the case.  Class Counsel considered information obtained through investigations and from Plaintiff and other class members, as well as class data provided by Defendant.  Based on all the information obtained and considering that any off-the-clock work would not be reflected in Defendant's time records, it was determined that a violation rate of one (1) hour of overtime wages per workweek was appropriate and therefore the potential value of this claim was estimated to be $2,224,38.45 (94,439 workweeks

3

x 1 hour of overtime wages x overtime hourly rate of $23.55, which is based on the average hourly rate of $15.70).

    **b.**    ***Failure to Pay Overtime Wages Under FLSA***

Plaintiff alleged that Defendant failed to properly pay overtime wages to Plaintiff and other FLSA Members under the Fair Labor Standards Act ("FLSA") because FLSA Members worked off-the-clock before and after their shifts, including waiting in line to clock in at one terminal, assisting customers. and/or preparing billing statements, and that Defendant had policies and practices that discouraged overtime and required overtime to be pre-authorized by supervisors. Class Counsel conducted investigations, significant formal and informal discovery, and review and analysis of information and documents produced in the case. Class Counsel considered information and data obtained from Plaintiff, FLSA Members, and Defendant and, among other things, analyzed a 20% random sampling of time and payroll data and determined that approximately half of the workweeks were workweeks in which the employee recorded less than 40 hours of time, and therefore, were not eligible for overtime under the FLSA. Defendant strongly denied liability and provided documents and information that raise some doubt that Plaintiff would be able to succeed on the merits of her FLSA claims, including: (i) its wage-and-hour policies; and (ii) time and pay records showing overtime was routinely paid. Defendant contends that it maintained and enforced legally compliant wage-and-hour policies and that it properly paid all overtime wages and paid all non-exempt employees over the California and federal wage rates for all hours worked. Defendant produced what it contended is evidence of compliant policies, for example, Defendant's Non-Exempt Employee Policy - New Employee Packet, a true and correct copy of which is attached here to as "**<u>EXHIBIT A</u>**." Defendant also produced wage statements reflecting overtime compensation paid to many of the employees (including, and not limited to, Plaintiff). Defendant further contended that all employees were required to record all time worked and were given the opportunity to make any necessary timecard revisions or changes, and that Defendant was not aware that any work had been performed off-the-clock. Based on all the information obtained and considering that the off-the-clock work would not be reflected in Defendant's time records, it was determined that a

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

violation rate of one (1) hour every other workweek during the three-year statute of limitations period was appropriate and therefore the potential value of this claim was estimated to be $1,748,752.35 [(74,257 workweeks x 1 hour of overtime wages every other workweek x overtime hourly rate of $23.55, which is based on the average hourly rate of $15.70) x 2 for liquidated damages].

*c.*     ***Failure to Pay Minimum Wages Under California Labor Code***

Plaintiff alleged that Defendant failed to properly pay all wages owed, including minimum wages under the California Labor Code because Defendant's policies, practices, and procedures required class members to perform work during meal periods and before clocking-in and clocking-out (e.g., waiting in line to clock in at one terminal, assisting customers, and/or preparing billing statements) without compensation. Class Counsel conducted investigations, significant formal and informal discovery, and review and analysis of information and documents produced in the case. Class Counsel considered information obtained through investigations and from Plaintiff and other class members, as well as class data provided by Defendant. Based on all the information obtained and considering that any off-the-clock work would not be reflected in Defendant's time records, it was determined that a violation rate of half an hour of minimum wages per workweek was appropriate and therefore the potential value of this claim was estimated to be $1,482,692.30 [(94,439 workweeks x 0.50 hour of unpaid minimum wages x average hourly rate of $15.70) x 2 for liquidated damages].

*d.*     ***Failure to Pay Minimum Wages Under FLSA***

Plaintiff alleged that Defendant failed to properly pay minimum wages to Plaintiff and other Class Members under the FLSA because Defendant's policies, practices, and procedures required FLSA members to perform work during meal periods and before clocking-in and clocking-out (e.g., waiting in line to clock in at one terminal, assisting customers, and/or preparing billing statements) without compensation. Class Counsel conducted investigations, significant formal and informal discovery, and review and analysis of information and documents produced in the case. Class Counsel considered information and data obtained from Plaintiff, other putative class members, and Defendant as well as that Plaintiff might only be

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

5

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

able to recover the federal minimum wage rather than straight time under the FLSA.  Also, as discussed above, Defendant strongly denied liability and provided documents and information that raise some doubt that Plaintiff would be able to succeed on the merits of her FLSA claims. Defendant contended that it maintained and enforced legally compliant wage-and-hour policies and that it properly paid all non-exempt employees over the California and federal wage rates for all hours worked.  Defendant produced what it contended is evidence of compliant policies, and that all employees were required to record all time worked and were given the opportunity to make any necessary timecard revisions or changes.  Based on all the information obtained and considering that any off-the-clock work would not be reflected in Defendant's time records, it was determined that a violation rate of half an hour of minimum wages per workweek was appropriate and therefore the potential value of this claim was estimated to be $1,165,834.90 [(74,257 x 0.50 hours of minimum wages x average hourly rate of $15.70) x 2 for liquidated damages].

       *e.*     ***Failure to Provide Compliant Meal Periods and Associated Premium***

Plaintiff contended that Defendant failed to provide timely, full, and/or uninterrupted meal periods and premium payments in lieu thereof because class members regularly suffered short, missed, late, and/or interrupted meal periods due to understaffing and heavy workloads. Class Counsel conducted investigations, significant formal and informal discovery, and review and analysis of information and documents produced in the case.  Class Counsel considered information obtained through investigations and from Plaintiff and other class members, as well as class data provided by Defendant.  Plaintiff's analysis of the time and pay data reflected that approximately 37% of qualifying shifts evidenced a missed, late, or short meal period. Based thereon, it was determined that a violation rate of two (2) meal period premiums per workweek was appropriate and therefore the potential value of this claim was estimated to be $2,965,384.60 (94,439 workweeks x 2 meal period premiums x average hourly rate of $15.70).

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

*f.*    ***Failure to Provide Compliant Rest Periods and Associated Premiums***

Plaintiff contended that Defendant failed to provide class members with timely, full, and/or uninterrupted rest periods and premium payments in lieu thereof because Defendant's policies, practices, and procedures required class members to perform job duties during their rest periods and prevented them from regularly receiving compliant rest periods.  For example, Defendant had a policy of preventing employees from leaving the premises during working hours, including rest breaks.  Class Counsel conducted investigations, significant formal and informal discovery, and review and analysis of information and documents produced in the case.  Class Counsel considered information obtained through investigations and from Plaintiff and other class members, as well as class data provided by Defendant.  Based on all the information obtained and considering that rest periods (including whether they were missed, short, interrupted, and/or late) were not reflected in Defendant's time records, it was determined that a violation rate of one (1) rest period per workweek was appropriate and therefore the potential value of this claim was estimated to be $1,482,692.30 (94,439 workweek x 1 rest period premium x average hourly rate of $15.70).

*g.*    ***Failure to Timely Pay Wages After Termination***

Plaintiff alleged that Defendant intentionally and willfully failed to pay Plaintiff and other class members all wages due to them upon termination, within the time period permissible under California law.  For example, Plaintiff alleged that class members are entitled to unpaid wages arising from, *inter alia*, off-the-clock work, as well as meal and rest period premiums, thereby triggering waiting-time penalties under California Labor Code section 203.

Class Counsel conducted investigations, significant formal and informal discovery, and review and analysis of information and documents produced in the case.  Class Counsel considered information obtained through investigations and from Plaintiff and other class members, as well as class data provided by Defendant.  Based on information and data provided by Defendant, it was estimated that approximately eight hundred sixty-seven (867) class members had been terminated during the three-year statute of limitations during the relevant time period (i.e., from May 14, 2015).  Assuming that these individuals were not timely paid all wages due to them

7

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

upon termination, the potential value of waiting-time penalties claim was estimated to be $3,266,856 collectively (867 individuals x [30 days x $15.70 average hourly rate of pay x 8 hours]) or $3,768 per individual).

### h.   Failure to Provide Compliant Wage Statements

Plaintiff alleged that Defendant failed to provide Plaintiff and other class members with compliant wage statements required under California law.  This claim was derivative of Plaintiff's allegation that she and class members were not paid all wages due to them, e.g., unpaid wages arising from, *inter alia*, off-the-clock work as well as work during meal and rest periods and associated meal and rest premiums. Class Counsel conducted investigations, significant formal and informal discovery, and review and analysis of information and documents produced in the case.  Class Counsel considered information obtained through investigations and from Plaintiff and other class members, as well as class data provided by Defendant.  Based on data provided by Defendant, it was estimated that approximately eight hundred seventy-seven (877) putative class members worked during the one-year statutory limitations period (i.e., from May 14, 2017), and that these class members worked a total of twenty-two thousand seven hundred fifty (22,750) pay periods.  Assuming that an injurious wage statement could be proven for each of these class members for each of these pay periods, the potential value of this claim was calculated to be $2,231,150 ([877 initial violations x $50 initial violation penalty] + [(22,750-877) subsequent violations x $100 subsequent violation penalty]).

### i.   Failure to Maintain Requisite Payroll Records

Plaintiff alleged that Defendant had intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily by, and the wages paid to, Plaintiff and the class members.  Plaintiff also alleged that Defendant's intentional and willful failure to keep accurate payroll records violated the statutorily-protected right to accurate and complete payrolls records, and that Plaintiff and class members have suffered injury and damage as a result. Under California Labor Code section 1174.5, a willful violation of the employer's recordkeeping obligations set forth in California Labor Code section 1174(d) is subject to a civil penalty of $500.  Arguably, this civil penalty would only be recoverable by the Labor Commissioner,

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

however, Plaintiff asserts a cause of action under PAGA.  Therefore, the value of this claim is considered as a part of the valuation of the PAGA claim contained *infra*.

### j.      *Failure to Reimburse Necessary Business Expenses*

Plaintiff contended that Defendant failed to reimburse Plaintiff and other class members for necessary business expenses because class members were not fully reimbursed the costs associated with complying with Defendant's dress code, including purchasing steel-toed boots, occasional use of personal cell phones for work-related purposes, and office supplies (specifically tissues and hand sanitizer).  Class Counsel conducted investigations, significant formal and informal discovery, and review and analysis of information and documents produced in the case.  Class Counsel considered information obtained through investigations and from Plaintiff and other class members, as well as class data provided by Defendant.  Class Counsel also took into consideration that Defendant's person most knowledgeable designee testified that some employees were provided a flat $30 reimbursement for steel-toed boots.  Based thereon, Class Counsel determined that business expenses in the amount of $5 per workweek was appropriate in calculating the value of this claim and, therefore, the potential value of this claim was $472,195 (94,439 workweeks x $5 business expenses), or approximately $326.33 per employee.

### k.      *PAGA Penalties*

Under the PAGA, civil penalties to be assessed and collected by the state labor agency for a violation of the California Labor Code, may, as an alternative, be recovered by an aggrieved employee plaintiff.  If the California Labor Code already specifies and provides a civil penalty for the violation of a provision of the California Labor Code, said civil penalty is recoverable by the aggrieved employee plaintiff.  Additionally, the PAGA statute establishes a civil penalty that is recoverable by an aggrieved employee plaintiff, for violation of provisions of the California Labor Code for which the California Labor Code does not specifically provide for a civil penalty, as follows: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.  Cal. Lab. Code § 2699(f).  Pursuant to California

9

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Labor Code section 2699(i), seventy-five percent (75%) of the penalties recovered must be allocated to the State of California, with the remaining twenty-five percent (25%) allocated to the aggrieved employees.  The statute of limitations period applicable to such penalties is one year prior to the filing of the complaint.  Cal. Code Civ. Proc. § 340.  Assuming that a court would be satisfied that the PAGA claim was susceptible to being efficiently tried and adjudicated on a representative basis, and assuming that it could be shown that civil penalties in the amount of one thousand five hundred dollars ($1,500) are owed for each of the eight hundred seventy seven (877) aggrieved employees who were estimated to have worked during the one-year statutory period (i.e., from May 14, 2017), the PAGA penalties at issue, which the Court could determine whether or not to assess and whether or not to reduce, were estimated to be approximately $1,315,500 ($1,500 civil penalties x 877 individuals).

### *l.  Summary*

Provided below is a table summarizing the potential and reasonable value of each claim:

| Claim | Potential Value of the Claim | Reasonable Value of the Claim |
|---|---|---|
| 1.  Overtime Wages Under Cal. Lab. Code | $2,224,038.45 | $625,510.82 |
| 2.  Overtime Wages Under FLSA | $1,748,752.35 | $419,700.56 |
| 3.  Minimum Wages Under Cal. Lab. Code | $1,482,692.30 | $417,007.22 |
| 4.  Minimum Wages Under FLSA | $1,165,834.00 | $279,800.16 |
| 5.  Non-Complaint Meal Periods | $2,965,384.60 | $834,014.42 |
| 6.  Non-Compliant Rest Periods | $1,482,692.30 | $311,365.38 |
| 7.  Timely Wages Upon Termination | $3,266,856.00 | $457,359.84 |
| 8.  Complaint Wage Statements | $2,231,150.00 | $195,225.63 |
| 9.  Requisite Payroll Records | *Civil penalty included in value of PAGA claim.* | |
| 10. Necessary Business Expenses | $472,195.00 | $41,317.07 |
| 11. PAGA | $1,315,500.00 | $82,218.75 |
| **Total Value:** | **$18,355,095.0** | **$3,633,519.85** |

7.     Class Counsel valued all claims by taking into consideration the information it obtained through its investigations, significant formal and informal discovery, and interviews with Plaintiff, Class Members, and FLSA Members, as well as data produced by Defendant to create appropriate damages and valuation models and calculations.  Specifically, with regards to the claims for overtime and minimum wages under the FLSA, Class Counsel, analyzed and took into consideration the time and payroll data provided by Defendant, including the random 20%

**SUPPLEMENTAL DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD**

sampling of time and payroll records, applicable FLSA statutes, information obtained through discovery and investigation (including, and not limited to, interviews with Plaintiff, Defendant's responses to multiple sets of discovery requests, the deposition testimony of Defendant's person most knowledgeable, etc.) and created damages and valuation models of these claims to determine their potential and discounted values.

### ATTORNEY TASK AND TIME CHART

8.      As shown in the Attorney Task and Time Chart attached as "Exhibit A" to my previous declaration, attorneys at Lawyers *for* Justice, PC have spent a total of 937.95 hours performing tasks in furtherance of this action and the Settlement on behalf of Plaintiff, Class Members, and FLSA Members.  Attached hereto as "**EXHIBIT B**" is the Attorney Task and Time Chart showing which of the attorneys at our firm performed each task specifically.

9.      The time spent analyzing and valuing the minimum wage and overtime claims under FLSA is included and encompassed by many of the tasks listed in the chart, such as the following entries: Review and Analyze Documents Produced by Defendant (served on August 24, 2018); Review and Analyze Mediation Data and Documents Produced by Defendant (served on January 15, 2019 and January 24, 2019); Prepare for Mediation, Including Researching Settlement-Related Issues and Merits of Claims, Drafting the Mediation Brief, Compiling the Exhibits in Support of Mediation Brief, and Performing Damages Analysis/Calculations (submitted on February 14, 2019).  (See Pages 13, 14, & 15 of EXHIBIT B).

///
///
///
///
///
///
///
///
///

**SUPPLEMENTAL DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD**

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

10.     The following hourly rates of compensation are commensurate with the individual background, training, and experience of the attorneys that are listed below, who worked on this matter, as well as our firm, in litigation of class actions and complex wage-and-hour matters.

| Lawyers *for* Justice, PC – Attorney Hours, Rate, and Lodestar | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Title** | **Admit Year** | **State Bar No.** | **Rate** | **Hours** |
| Edwin Aiwazian | Managing Member | 2004 | 232943 | $975 | 311.30 |
| Arby Aiwazian | Sole Shareholder | 2010 | 269827 | $850 | 193.50 |
| Joanna Ghosh | Senior Member | 2010 | 272479 | $775 | 87.55 |
| Stephan P. Hoffman | Member | 2012 | 287075 | $600 | 2.50 |
| Melissa A. LeBlanc | Member | 2012 | 283080 | $600 | 23 |
| Elizabeth Parker-Fawley | Member | 2014 | 301592 | $675 | 49.25 |
| Stephanie S. Ponek | Member | 2015 | 306205 | $675 | 65.75 |
| Tiffany J. Hyun | Member | 2016 | 311743 | $600 | 24.50 |
| Danielle L. GruppChang | Member | 2016 | 313881 | $550 | 23.35 |
| Ari Jon Filian | Member | 2017 | 315092 | $500 | 55.50 |
| Vanessa M. Rodriguez | Member | 2017 | 316382 | $500 | 28.25 |
| Melissa A. Huether | Member | 2017 | 316604 | $500 | 29.75 |
| Michelle L. Page | Member | 2017 | 319468 | $500 | 36.75 |
| | | | ***TOTAL:*** | **$787.14** | 930.95 |

## INCENTIVE AWARD TO PLAINTIFF

11.     In recognition of her efforts and work serving as the Class Representative, the Settlement provides for an Incentive Award in the amount of $15,000 to Plaintiff Elizabeth Castro.  The information provided by Plaintiff with regards to her personal experiences with Defendant was invaluable throughout the litigation of this case and without it, the significant multi-million-dollar monetary recovery may not have been obtained for the Class and FLSA Collective.  Plaintiff has provided information and assisted with the litigation of this matter since before it was commenced. Plaintiff provided information that the same policies, practices, and procedures that applied to her applied to other Class Members and FLSA Members as well. Plaintiff has been in constant communication with Class Counsel and the information and documents that she has provided throughout the pendency of this action has been essential to the litigation, preparing for class certification, evaluation of claims, preparing for mediation, and

12

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

eventual settlement of the case. Plaintiff has demonstrated her ability to advocate for the interests of the Class Members and FLSA Members by maintaining regular contact with counsel regarding the lawsuit, providing information and documents to counsel as well as evidence to support the case, being available whenever counsel needed her, and actively trying to obtain and provide additional information that would benefit the Class Members and FLSA Members. Further, it is important to note that there have been no objections to the Settlement or the Incentive Award to Plaintiff.

12.    I submit that the Settlement is fair, reasonable, and adequate.  In addition, the Settlement is in the best interests of Plaintiff, Class Members, and FLSA Members.  Class Counsel respectfully requests that the Court grant final approval of the Settlement and grant the Motion for Final Approval of Class and Collective Action Settlement and Motion for Attorneys' Fees and Costs and Incentive Award, in their entirety.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 31st day of December 2020, at Glendale, California.


_____
/s/ Edwin Aiwazian
Edwin Aiwazian

**SUPPLEMENTAL DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD**

# EXHIBIT A

**EB** **Bedrosians**®                    **Employee Copy**

HR Offices: 4285 N. Golden State Blvd. ❖ Fresno, CA 93722-8316 ❖ (559) 275-5000 ❖ Fax (559) 275-2055 ❖ hr@bedrosians.com

# NON-EXEMPT EMPLOYEE POLICY
## (Hourly Employees on a Wage)
### (Rev. 12-31-12)

### WORK SCHEDULES, MEAL PERIODS, AND REST PERIODS

Your manager or supervisor will assign your individual work schedule. All employees are expected to be at their desk, workstation or workplace <u>ready</u> to begin performing their assigned duties at the start of their scheduled shift. However, no work is to be performed until you have "clocked" in and no work is to be performed after you have "clocked" out. "Off the clock" work is not expected or permitted. Employees must record all time worked. **Failure to record all time worked may lead to discipline, up to and including discharge.**

All non-exempt employees are provided with an unpaid meal period of a minimum of 30 minutes to be taken approximately in the middle of the workday. The meal period must be taken if you work more than 5 hours in any day unless your workday is concluded in 6 hours or less and you wish to waive your right to take a meal period. The meal period must be started by the 5th hour of work. Non-exempt employees are provided with a second unpaid meal period of a minimum of 30 minutes when the employee works a shift of more than 10 hours, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of BEDROSIANS and the employee.

Except in situations where the employee's job duties make it impossible, all meal periods are to be "duty free." That means you are not to do any work while on your meal periods. When an employee's job duties make it impossible for the employee to be relieved of all duties during his/her meal period, a paid "on duty" meal period may be taken. However, all employees who take an "on duty" meal period must have signed the necessary "on duty" meal period form and obtained permission from BEDROSIANS to take an "on duty" meal period.

Every employee must record on their time cards when each meal period begins and ends. In no event shall a meal period last for less than 30 minutes. In the event you are unable to take your 30 minute "duty free" meal period on a given day or are unable to start your meal period by the 5th hour of work, you must notify your supervisor immediately.

All non-Exempt employees are allowed a ten-minute paid rest period for each four hours of work or major portion thereof. Each non-exempt employee is required to take their ten-minute rest period(s) every day.

You may not "skip" a rest period for the purpose of taking extra time at lunch or leaving early. Each employee entitled to a rest period must take the rest period during the corresponding 4-hour work period. The rest period is to be taken near the middle of the 4-hour work period and will be scheduled by the manager or supervisor.

For employees working a typical day shift, rest periods shall generally be taken within the following time ranges:

Rest Period Range #1 - 10:00 a.m. to 10:30 a.m.
Rest Period Range #2 -  3:00 p.m. to 3:30 p.m.

Once the rest period is over, employees are expected to be back at their work stations or desks, ready to immediately attend to their duties. All personal tasks are to be done prior to getting back to your work station or desk.

BED000336

 **Bedrosians®**                                          **Employee Copy**

HR Offices: 4285 N. Golden State Blvd. ❖ Fresno, CA 93722-6316 ❖ (559) 275-5000 ❖ Fax (559) 275-2055 ❖ hr@bedrosians.com

## NON-EXEMPT EMPLOYEE POLICY
### (Continued)

### WORK SCHEDULES, MEAL PERIODS, AND REST PERIODS (Continued)

Your manager or supervisor will assist you in scheduling an appropriate time for you to take your meal and rest periods. Each department manager or supervisor shall determine the maximum number of employees who can be on a meal or rest period at the same time. The manager or supervisor shall also schedule in what order the employee's will take their meal and rest periods.

All employees must notify their branch manager or immediate supervisor when they go on a meal/rest period as well as when they return from the meal/rest period so that phone calls can be handled properly. A manager or supervisor may require that the employee place a sign on his/her desk signifying that the employee is "on break" or "at lunch." It is each non-exempt employee's responsibility to inform his/her manager or supervisor in advance if the employee believes some work responsibility will prevent him/her from taking a meal or rest period. Any employee who does not take a required meal or rest period must notify his or her manager or supervisor immediately.

In the event you have any questions regarding BEDROSIANS' meal/rest period policy, please see your manager or supervisor. **Failure to comply with the above-stated rules regarding meal and rest periods may subject employees to discipline up to and including termination of employment.**

Exchanging work schedules with other employees is discouraged. Your manager or supervisor must approve any schedule exchange. A requested schedule exchange will only be authorized if in your manager's or supervisor's opinion it is appropriate. The exchange of schedules will not be approved for mere convenience, or if the exchange will result in disruption of or interference with normal operations or if it will result in the payment of overtime.

Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half of the employee's usual or scheduled day's work, the employee will be paid for half of the usual or scheduled day's work in the minimum amount of two hours pay and a maximum of four hours pay at the employee's regular rate of pay. Reporting pay may not be paid if the failure to furnish the employee with their regular hours of work is due to the recommendation of civil authorities, threats to employees or property of the Company, public utilities failing to supply electricity, water, sewage systems, or other public utilities, or the interruption of work is caused by an Act of God or other cause not within the control of the Company.

### OVERTIME

As necessary, non-exempt employees may be required to work overtime at the Company's discretion. Refusal to work overtime as requested by the Company will lead to disciplinary action, up to and including, employment termination. Employees may NOT work overtime unless it has been requested or approved by their manager or supervisor. Working overtime without prior approval will lead to disciplinary action, up to and including employment termination. The Company will pay all overtime hours worked by non-exempt employees in accordance with state and federal law.

Non-exempt employees should be on the premises only during their scheduled hours of work. You should arrive for work early enough to begin work at your scheduled starting time but not so early as to create overtime. Your departure should take place promptly after the quitting time scheduled by your supervisor.

 **Bedrosians®**                                          **Employee Copy**

New Employee Packet NEP12-P2-CA- 01Policy    42 of 146

BED000337

HR Offices:  4285 N. Golden State Blvd. ❖ Fresno, CA 93722-6316 ❖ (559) 275-5000 ❖ Fax (559) 275-2055 ❖ hr@bedrosians.com

# NON-EXEMPT EMPLOYEE POLICY
(Continued)

## OVERTIME (Continued)

For overtime purposes for non-exempt employees, the workday begins at 12:01 AM and ends at Midnight. The workweek begins at 12:01 AM on Sunday and ends at Midnight the following Saturday for all employees. Pay periods end on the 15th and last day of each month.

### Weekly Overtime:

All BEDROSIANS non-exempt employees are entitled to *Weekly Overtime* compensation  for hours worked over and above a weekly hourly maximum, usually 40 hours in a given work week.

### Daily Overtime:

Certain states such as California, Colorado and Nevada require employers to give non-exempt employees Daily Overtime compensation which is based on hours worked over and above a daily hourly maximum (CA & NV/8 hours, CO/12 hours).  All other states adhere to the standards set for Weekly Overtime only.  There is no duplication of overtime pay in workweeks in which both Daily and Weekly Overtime is worked.

### Split Workweeks

If a pay period ends and a new one begins in the middle of a work week (such as Wednesday), the computer will calculate *Overtime* compensation, paid in the new pay period, for the entire work week by using a carryover of *Regular Time* hours already worked in the first part of that work week (Sunday through Tuesday).  The equation is as follows:

All *Regular Time* hours worked in the first part of the work week (Sunday through Tuesday) in the ending pay period = *Carryover*.  *Daily Overtime* hours for which the overtime premium is paid are not used to determine *Carryover*.

### Weekly Overtime Example (40 hour work week):

If the *Carryover* from the first part of the work week (Sunday through Tuesday) = 20 *Regular Time* hours, and the employee works an additional 25 hours in the remainder of that same work week (Wednesday through Saturday) but in the new pay period, the total *Weekly Overtime* = 5 hours (See below for calculation):

(25 hours *Regular Time* worked Wednesday through Saturday in the new pay period) +(20 *Regular Time* hours of *Carryover* from Sunday through Tuesday)  = 45 hours worked in the workweek.  The 5 hours in excess of 40 hours are *Weekly Overtime* for which the overtime premium is paid.

Any errors in pay should be reported immediately to your manager or supervisor or to the Payroll Department at BEDROSIANS Corporate Office.

## TIMEKEEPING PROCEDURES

All non-exempt employees must record their own time at the start and at the end of each work period, including before and after each meal period.  Non-Exempt employees must also record their time whenever they leave the workplace for any reason other than Company business.  Any changes to a time entry must be approved by your manager or supervisor and executed by the Payroll Department.  Making a time entry for another employee, allowing or requesting another employee to make a time entry for you, altering or falsifying a time entry will lead to discipline, up to and including employment termination.

BED000338

 **Bedrosians®**

HR Offices: 4285 N. Golden State Blvd. ❖ Fresno, CA 93722-6316 ❖ (559) 275-5000 ❖ Fax (559) 275-2056 ❖ hr@bedrosians.com

# NON-EXEMPT EMPLOYEE POLICY
### (Continued)

## TIMEKEEPING PROCEDURES (Continued)

Any errors in your time entries should be reported immediately to your manager or supervisor who will take steps to correct legitimate errors.

As indicated, it is the responsibility of each employee to follow proper timekeeping procedures. Therefore, the following timekeeping infractions may result in disciplinary action, up to and including, discharge.

1. More than four preventable errors in a pay period will be considered excessive. Where there are at least two out of any four consecutive pay periods having excessive errors, disciplinary action may result. Employees who have difficulty understanding the system may request to be retrained.

2. All employees involved in falsification of a time record or accessing another employee's time record are subject to immediate disciplinary action, up to and including employment termination.

When working off premises, employees must call their manager or supervisor who will contact payroll and authorize time entries, unless other arrangements have been made with Payroll. If an employee forgets to clock "in" or "out" or makes a mistake, the employee must contact his/her manager or supervisor who, in turn, will contact Payroll with the authorized "in" and/or "out" times and/or corrections.

## ACCURATE COMPENSATION POLICY

It is BEDROSIANS' policy and practice to accurately compensate employees and to do so in compliance with all applicable state and federal laws.

### Review Your Pay Stub

BEDROSIANS makes every effort to ensure that employees are paid correctly. Occasionally, however, inadvertent mistakes can happen. When mistakes do happen and are called to our attention, we will promptly make any corrections necessary. Please review your pay stub when you receive it to make sure it is correct. If you believe a mistake has occurred, or you have any questions about your pay please use the reporting procedure outline below.

### Non-exempt Employees

If you are classified as a non-exempt employee, you must maintain a record of the total hours you work each day, as more particularly set forth above ("Timekeeping Procedures). Your timesheet must accurately reflect all regular and overtime hours worked, any absences, late arrivals, early departures and lunch break. Employees are prohibited from performing any "off-the-clock" work. "Off-the-clock" work means work you may perform but fail to report on your timesheet. Any employee who fails to report or inaccurately reports any hours worked or works "off-the-clock" will be subject to disciplinary action, up to and including dismissal.

It is a violation of BEDROSIANS' policy for any employee to falsify a timesheet, or to alter another employee's timesheet. It is also a serious violation of BEDROSIANS' policy for any employee or manager/supervisor to instruct another employee to incorrectly or falsely report hours worked or alter another employee's timesheet to under- or over-report hours worked. If any manager or supervisor instructs you to (1) incorrectly, or falsely under- or over-report hours worked; or (2) alter another employee's timesheet records to inaccurately or falsely report that employee's hours worked, you should report it immediately to Ara J. Movsesian, Employee Liaison, or Janice A. Bedrosian.

New Employee Packet NEP12-P2-CA- 01Policy   44 of 146

**H3 Bedrosians**®

HR Offices:  4285 N. Golden State Blvd. ❖ Fresno, CA 93722-6316 ❖ (559) 275-5000 ❖ Fax (559) 275-2055 ❖ hr@bedrosians.com

**Employee Copy**

# NON-EXEMPT EMPLOYEE POLICY
### (Continued)

### ACCURATE COMPENSATION POLICY (Continued)

#### Exempt Employees

If you are classified as an exempt employee you will receive a salary that is intended to compensate you for any and all hours you may work for BEDROSIANS. This salary is established at the time of hire or when you become classified as an exempt employee.

#### To Report Concerns or Obtain More Information

If you have any questions about deductions from your pay, please contact your manager/supervisor who will in turn contact the Payroll Department. If you believe you have been subjected to any improper deductions, your pay does not accurately reflect your hours worked, or you have other questions about your compensation, you should immediately report the matter to your manager/supervisor. If your manager/supervisor is unavailable or if you believe it would be inappropriate to contact that person, you should immediately contact the Payroll Department directly.

Every report will be fully investigated and corrective action will be taken where appropriate, up to and including discharge for any employee(s) who violate(s) this policy. In addition, BEDROSIANS will not allow any form of retaliation against individuals who report alleged violations of this policy or who cooperate in an investigation of such reports. Retaliation is unacceptable, and any form of retaliation in violation of this policy will result in disciplinary action, up to and including discharge.

# PAY DAY & HOLIDAY SCHEDULE

*Ask your Manager or Supervisor for the Current Schedule or Access the Schedule on the Time Clock System.*

BED000340

# EXHIBIT B

**ATTORNEY TASK AND TIME CHART**
***CASTRO V. PARAGON INDUSTRIES, INC. DBA BEDROSIANS***
**EASTERN DISTRICT OF CALIFORNIA FRESNO DIVISION CASE NO. 1:19-CV-00755-DAD-SKO**
**FRESNO COUNTY SUPERIOR COURT CASE NO. 18CECG01707**

| TASK | LAWYERS *for* JUSTICE, PC |
|---|---|
| **Investigation and Research / Due Diligence** | |
| Pre-Lawsuit Investigation of the Key Facts with a Focus on Class Certification Elements, Including Adequacy, Typicality, Superiority, and Commonality<br><br>• Edwin Aiwazian – 15 hours<br>• Arby Aiwazian – 18.75 hours | 33.75 |
| Pre-Lawsuit Investigation of the Merits of Plaintiff Elizabeth Castro's ("Plaintiff") Claims and the Merits of the Claims of the Putative Class Members<br><br>• Edwin Aiwazian – 11 hours<br>• Arby Aiwazian – 16 hours | 27 |
| Pre-Lawsuit Investigation of Potential Damages and Civil Penalties Exposure of Defendant Paragon Industries, Inc. DBA Bedrosians ("Defendant") with Respect to the Damages Sustained by and Civil Penalties with respect to Plaintiff and the Putative Class Members<br><br>• Arby Aiwazian – 19.50 hours | 19.50 |
| Pre-Lawsuit Legal Research and Analysis of Latest Off-the-Clock, Meal and Rest Break, Representative PAGA, and Certification and PAGA Decisions in California under State and Federal Law, Including all New Relevant DLSE Materials<br><br>• Edwin Aiwazian – 22.50 hours | 22.50 |

| | |
|---|---|
| Investigation of Defendant, Defendant's Business Relationships, and the Industry in which Defendant Operates<br><br>• Edwin Aiwazian – 5.5 hours<br>• Elizabeth Parker-Fawley – 7.5 hours | 13 |
| Investigation of Defendant's Organizational and Corporate Structure, and Executive Reporting Structure as It Relate to the Employment and Management of the Putative Class Members<br><br>• Arby Aiwazian – 9 hours | 9 |
| Investigation of Defendant's Executives, Officers, and Leadership with a Focus on Involvement in Wage-and-Hour Issues and Establishing Willfulness and Uniformity<br><br>• Arby Aiwazian – 5.25 hours | 5.25 |
| Analysis of Competitors in Various Relevant Geographic Areas within which Defendant Operates, and Comparing and Contrasting Defendant's Policies, Practices, and Procedures with the Policies, Practices, and Procedures of Defendant's Competitors<br><br>• Edwin Aiwazian – 8.25 hours | 8.25 |
| Research and Investigation Re: Locations Owned, Managed, or Operated by Defendant in California During the Class Period (including and not limited to, locations in Fresno, Visalia, Stockton, Modesto, Concord, San Jose, Hayward, South San Francisco, Santa Rosa, Rancho Cordova, Auburn, Bakersfield, Sylmar, Long Beach, Anaheim, Orange, Palm Desert, Vista, and San Diego), Including Differences Between the Various Locations to Determine Whether Those Differences Will Cause Individual Issues to Predominate Over Common Issues<br><br>• Edwin Aiwazian – 4.5 hours<br>• Arby Aiwazian – 6.5 hours<br>• Elizabeth Parker-Fawley – 12 hours | 23 |

| | |
|---|---|
| Comparative Analysis and Cross-Checking of All Available Job Postings by Defendant in Order to Determine Any Variation and Identify Job Duties and Responsibilities That Would be Susceptible to Being Performed Off-the-Clock or During Meal or Rest Breaks<br><br>• Edwin Aiwazian – 2.25 hours<br>• Elizabeth Parker-Fawley –5 hours | 7.25 |
| Research and Investigation Re: Staffing Models and Staffing Levels at Defendant's Locations Worked by Putative Class Members Throughout California<br><br>• Arby Aiwazian – 19 hours | 19 |
| Research and Investigation Re: Defendant's Policies, Practices, Procedures, and Trainings Relating to Non-Discretionary Bonuses/Incentives/Commissions/Shift Differential Pay, Outside Sales Persons, Drivers, Safety, Customer Service, Timekeeping, Work Schedules, Meal/Rest Breaks, Overtime Compensation, and Reimbursement of Business-Related Expenses<br><br>• Edwin Aiwazian – 12.5 hours<br>• Joanna Ghosh – 17.5 hours<br>• Stephanie S. Ponek – 15 hours | 45 |
| Research and Investigation Re: Various Software Programs Defendant Uses to Conduct Its Everyday Business, Including Timekeeping Software, with a Focus on What Documents (Both Paper and Electronic) Are Created in the Normal Course of Business Relating to Overtime Worked, Off-the-Clock Time Worked Pre/Post-Shift, and Time Worked During Meal Breaks<br><br>• Joanna Ghosh – 15 hours | 15 |
| Research into Case Law and Active Cases Involving Facts Re: Requirement to Stay on Premises, Failure to Relinquish Control, and/or Failure to Provide Required Premium Pay Payments<br><br>• Edwin Aiwazian – 5 hours<br>• Joanna Ghosh – 7 hours | 12 |

| | |
|---|---|
| Research and Analysis of Potential Defenses Defendant May Raise, Including *De Minimis* Work, Non-Compensable Off-the-Clock Work, Waiver, and Compliant Policies<br><br>• Edwin Aiwazian – 7 hours | 7 |
| Research and Investigation Re: Post-*Duran vs. U.S. Bank* Trial Manageability Issues, including Research Regarding Which Experts to Retain and For What Purpose<br><br>• Arby Aiwazian- 14.50 hours | 14.50 |
| Research and Analysis of Defendant's Litigation History Involving Wage-and-Hour Issues and Other Related Employment Issues<br><br>• Arby Aiwazian – 8 hours | 8 |
| Prepare a Discovery Strategy Plan of Action, Including Topics of Inquiry Important to Certification, Liability, and Damages/Civil Penalties<br><br>• Edwin Aiwazian – 1.5 hours<br>• Elizabeth Parker-Fawley – 2.50 hours<br>• Vanessa M. Rodriguez – 4 hours<br>• Michelle L. Page – 4 hours | 12 |
| Meet and Communicate with Plaintiff Elizabeth Castro Throughout the Pendency of the Case<br><br>• Edwin Aiwazian – 12 hours<br>• Arby Aiwazian – 11.50 hours<br>• Joanna Ghosh – 9.50 hours<br>• Elizabeth Parker-Fawley – 2.50 hours<br>• Stephanie S. Ponek – 5.50 hours<br>• Melissa A. LeBlanc – 9 hours<br>• Danielle L. GruppChang – 5 hours | 55 |

| | |
|---|---|
| Identify Percipient Witnesses and Investigate Personnel Incidents in Plaintiff's Employment File<br><br>• Edwin Aiwazian – 1.50 hours<br>• Arby Aiwazian – 2.25 hours<br>• Elizabeth Parker-Fawley - 2 hours<br>• Michelle L. Page – 1.50 hours | 7.25 |
| Investigate Potential Putative Class Member Witnesses and Meet and Communicate with Putative Class Members<br><br>• Edwin Aiwazian – 5 hours<br>• Arby Aiwazian – 9 hours<br>• Tiffany J. Hyun – 14 hours | 28 |
| **Pleadings and Court Filings** | |
| Research and Draft Plaintiff's Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code Section 2698, Et Seq. and Legal Research and Analysis of All Claims Involved (filed on May 14, 2018 in State Court)<br><br>• Edwin Aiwazian – 12 hours | 12 |
| Review and Analyze Defendant's Answer to Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act and Research Affirmative Defenses in Defendant's Answer (filed on June 22, 2018 in State Court)<br><br>• Edwin Aiwazian – 3 hours | 3 |
| Review and Analyze Court's Notice of Case Management Conference and Assignment of Judge for All Purposes (filed on June 22, 2018 in State Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 |

| | |
|---|---|
| Review and Analyze Defendant's First Amended Answer to Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act and Research Affirmative Defenses in Defendant's Answer (filed on July 3, 2018 in State Court)<br><br>• Edwin Aiwazian - 1.50 hours | 1.50 |
| Draft Plaintiff's Notice of Posting Jury Fees (filed on July 20, 2018 in State Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Initial Case Management Conference Statement (filed on August 29, 2018 in State Court)<br><br>• Edwin Aiwazian – 2 hours | 2 |
| Review Court's Notice of Calendar Setting (filed on September 5, 2018 in State Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 |
| Review Court's Minute Order (filed on September 25, 2018 in State Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation to Continue Case Management Conference; and [Proposed] Order Thereon (submitted on March 7, 2019 in State Court)<br><br>• Edwin Aiwazian – 1.75 hours | 1.75 |
| Draft Plaintiff's Notice of Posting of Complex Fees (filed on March 7, 2019 in State Court)<br><br>• Edwin Aiwazian- 0.10 hours | 0.10 |

| | |
|---|---|
| Review Court's Order Granting Joint Stipulation to Continue Case Management Conference (filed on March 12, 2019 in State Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 |
| Draft Plaintiff's Notice of Entry of Judgment or Order (filed on March 13, 2019 in State Court)<br><br>• Edwin Aiwazian – 0.25 hours | 0.25 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation to Continue Case Management Conference; and [Proposed] Order Thereon (submitted on April 26, 2019 in State Court)<br><br>• Joanna Ghosh – 1.25 hours | 1.25 |
| Review Court's Order Granting Joint Stipulation to Continue Case Management Conference (filed on May 1, 2019 in State Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation to an Order Granting Plaintiff Leave to File First Amended Complaint; [Proposed] Order Thereon (submitted on May 1, 2019 in State Court)<br><br>• Edwin Aiwazian – 1.75 hours | 1.75 |
| Review Court's Order Granting Plaintiff Leave to File First Amended Complaint (filed on May 13, 2019 in State Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 |
| Draft Plaintiff's Notice of Entry of Judgment or Order (filed on May 14, 2019 in State Court)<br><br>• Edwin Aiwazian- 0.10 hours | 0.10 |

| | |
|---|---|
| Research and Draft Plaintiff's First Amended Class and Collective Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code Section 2698, Et Seq. and Legal Research and Analysis of All Claims Involved (filed on May 14, 2019 in State Court)<br><br>• Edwin Aiwazian – 3.50 hours<br>• Melissa A. Huether – 4 hours | 7.50 |
| Review Defendant's Notice to Adverse Party of Removal to Federal Court Pursuant to 28 U.S.C. Section 1446(d) (filed on May 29, 2019 in State Court)<br><br>• Joanna Ghosh – 0.50 hours | 0.50 |
| Review Defendant's Notice of Removal by Defendant Paragon Industries, Inc. DBA Bedrosians, Civil Cover Sheet, and Corporate Disclosure Statement (served on May 29, 2019 in Federal Court)<br><br>• Joanna Ghosh – 4.50 hours | 4.50 |
| Review Court's Order Setting Mandatory Scheduling Conference, Standing Order, Notice of Availability of a Magistrate Judge to Exercise Jurisdiction and Appeal Instructions, and Notice of Availability Voluntary Dispute Resolution (filed on May 30, 2019 in Federal Court)<br><br>• Edwin Aiwazian – 0.50 hours | 0.50 |
| Meet and Confer with Defendant's Counsel, and Draft Stipulation for Extension of Time to Respond to Amended Complaint (submitted on June 5, 2019 in Federal Court)<br><br>• Joanna Ghosh – 1.75 hours | 1.75 |
| Meet and Confer with Defendant's Counsel, and Draft Stipulation for Extension of Time to Respond to First Amended Complaint; [Proposed] Order Extending Deadline to Respond to First Amended Complaint (submitted on July 1, 2019 in Federal Court)<br><br>• Joanna Ghosh – 1.25 hours | 1.25 |

| | |
|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Stipulation for Extension of Deadline to File Motion for Preliminary Approval of Class Action Settlement; [Proposed] Order Extending Deadline to File Motion for Preliminary Approval of Class Action Settlement (submitted on September 4, 2019 in Federal Court)<br><br>• Joanna Ghosh – 1.50 hours | 1.50 |
| Review Court's Minute Order Continuing Motion for Preliminary Approval Deadline (filed on September 4, 2019 in Federal Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 |
| Review Court's Minute Order Continuing Initial Status Conference (filed on September 19, 2019) (Federal Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 |
| Review Court's Minute Order Regarding Hearing (filed on November 26, 2019 in Federal Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 |
| Review Court's Minute Order (filed on December 3, 2019 in Federal Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 |
| Review Court's Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California (filed on February 4, 2020 in Federal Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 |
| Review Court's Minute Order (filed on February 13, 2020 in Federal Court)<br><br>• Joanna Ghosh - 0.10 hours | 0.10 |

| | |
|---|---|
| Review Court's Minute Order (filed on June 5, 2020 in Federal Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 |
| **Appearances** | |
| Prepare for and Attend Case Management Conference via CourtCall (September 25, 2018 in State Court)<br><br>• Michelle L. Page – 0.25 hours | 0.25 |
| Prepare for, Travel to/from, and Attend Hearing on Plaintiff's Motion for Preliminary Approval of Class Action Settlement (December 3, 2019 in Federal Court)<br><br>• Danielle L. GruppChang – 2.50 hours | 2.50 |
| Prepare for, Travel to/from, and Attend Hearing on Plaintiff's Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Costs, and Incentive Award (November 30, 2020)<br><br>• Joanna Ghosh – 3 hours | 3 |
| **Discovery and Deposition** | |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Elizabeth Castro (served on January 17, 2018)<br><br>• Edwin Aiwazian – 1.25 hours | 1.25 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Elizabeth Castro (served on February 5, 2018)<br><br>• Edwin Aiwazian – 4.25 hours | 4.25 |

| | |
|---|---|
| Draft Plaintiff's Form Interrogatories - General (Set One), Special Interrogatories (Set One), Special Interrogatories (Set Two), and Requests for Production of Documents (Set One) to Defendant (served on June 29, 2018)<br><br>• Vanessa M. Rodriguez – 13.25 hours | 13.25 |
| Draft Plaintiff's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (August 1, 2018; Organizational Structure) (served on June 29, 2018)<br><br>• Vanessa M. Rodriguez – 5 hours | 5 |
| Draft Plaintiff's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (August 2, 2018; Job Duties) (served on June 29, 2018)<br><br>• Vanessa M. Rodriguez – 6 hours | 6 |
| Draft Plaintiff's Special Interrogatories (Set Three) and Requests for Production of Documents (Set Two) to Defendant (served on July 18, 2018)<br><br>• Michelle L. Page – 6.25 hours | 6.25 |
| Draft Plaintiff's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (August 21, 2018; Affirmative Defenses) (served on July 18, 2018)<br><br>• Michelle L. Page – 3.50 hours | 3.50 |
| Draft Plaintiff's Amended Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (September 6, 2018; Organizational Structure) (served on August 1, 2018)<br><br>• Michelle L. Page – 0.50 hours | 0.50 |

| | |
|---|---|
| Draft Plaintiff's Amended Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (September 6, 2018; Job Duties) (served on August 1, 2018)<br><br>• Michelle L. Page – 0.75 hours | 0.75 |
| Draft Plaintiff's Amended Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (September 7, 2018; Affirmative Defenses) (served on August 1, 2018)<br><br>• Michelle L. Page – 0.25 hours | 0.25 |
| Review and Analyze Defendant's Responses to Plaintiff's Special Interrogatories (Set Three) and Responses to Requests for Production of Documents (Set Two) (served on August 20, 2018)<br><br>• Elizabeth Parker-Fawley – 5.50 hours | 5.50 |
| Review and Analyze Defendant's Responses to Plaintiff's Form Interrogatories - General (Set One), Responses to Special Interrogatories (Set One), Responses to Special Interrogatories (Set Two), and Responses to Requests for Production of Documents (Set One) (served on August 21, 2018)<br><br>• Elizabeth Parker-Fawley – 10.25 hours<br>• Michelle L. Page – 5 hours | 15.25 |
| Draft Plaintiff's Second Amended Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (September 5, 2018; Organizational Structure) (served on August 23, 2018)<br><br>• Michelle L. Page – 0.75 hours | 0.75 |
| Draft Plaintiff's Second Amended Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (September 5, 2018; Job Duties) (served on August 23, 2018)<br><br>• Michelle L. Page – 0.75 hours | 0.75 |

| | |
|---|---|
| Draft Plaintiff's Second Amended Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (September 6, 2018; Affirmative Defenses) (served on August 23, 2018)<br><br>• Michelle L. Page - 0.75 hours | 0.75 |
| Review and Analyze Documents Produced by Defendant (served on August 24, 2018)<br><br>• Ari Jon Filian – 19.50 hours | 19.50 |
| Review and Analyze Defendant's Objections to Plaintiff's "Person Most Knowledgeable" Deposition Notices (served on August 28, 2018)<br><br>• Ari Jon Filian – 3.50 hours | 3.50 |
| Prepare for, Travel to, and Take the Deposition of Person Most Knowledgeable Ara Movsesian (September 5, 2018; Fresno, California)<br><br>• Ari Jon Filian – 15 hours | 15 |
| Prepare for, Travel from, and Take the Deposition of Person Most Knowledgeable Ara Movsesian (September 6, 2018; Fresno, California)<br><br>• Ari Jon Filian – 10.25 hours | 10.25 |
| Review Transcripts from Deposition of Person Most Knowledgeable<br><br>• Ari Jon Filian – 7.25 hours | 7.25 |
| Draft *Belaire-West* Administration Notice and Opt-Out Postcard (drafted September 17, 2018)<br><br>• Edwin Aiwazian – 3 hours | 3 |

| **Letters and Correspondence** | |
|---|---|
| Draft PAGA Notice to California Labor and Workforce Development Agency Re: Claims of Plaintiff Elizabeth Castro for Penalties Under California Labor Code section 2698, *et seq.* (served on March 9, 2018)<br><br>&bull;  Edwin Aiwazian – 3 hours | 3 |
| Meet with Defendant's Counsel, and Draft Correspondence to, and Respond to Correspondence from, Defendant's Counsel<br><br>&bull;  Edwin Aiwazian – 6 hours<br>&bull;  Arby Aiwazian – 5.25 hours<br>&bull;  Joanna Ghosh – 4.75 hours<br>&bull;  Elizabeth Parker-Fawley - 2 hours<br>&bull;  Stephanie S. Ponek – 2.50 hours<br>&bull;  Tiffany J. Hyun - 2 hours<br>&bull;  Melissa A. LeBlanc - 3 hours<br>&bull;  Danielle L. GruppChang – 1.5 hours<br>&bull;  Melissa A. Huether – 2 hours | 29 |
| **Mediation/Settlement** | |
| Review and Analyze Mediation Data and Documents Produced by Defendant (served on January 15, 2019 and January 24, 2019)<br><br>&bull;  Edwin Aiwazian – 11.25 hours<br>&bull;  Arby Aiwazian – 12.50 hours<br>&bull;  Stephanie S. Ponek – 6.25 hours<br>&bull;  Melissa A. LeBlanc – 11 hours<br>&bull;  Tiffany J. Hyun – 8.50 hours<br>&bull;  Stephan P. Hoffman – 2.50 hours | 56 |

| | |
|---|---|
| • Danielle L. GruppChang – 4 hours | |
| Prepare for Mediation, Including Researching Settlement-Related Issues and Merits of Claims, Drafting the Mediation Brief, Compiling the Exhibits in Support of Mediation Brief, and Performing Damages Analysis/Calculations (submitted on February 14, 2019) <br><br> • Edwin Aiwazian – 29 hours | 29 |
| Travel to/from and Attend Mediation Session (February 18, 2019; Fresno, California) <br><br> • Edwin Aiwazian – 16.5 hours | 16.50 |
| Research, Draft, Review, Revise, Negotiate, and Finalize Class Action and Collective Action Settlement Release Agreement (executed on October 21, 2019) and Notice of Class Action Settlement and Notice of FLSA Settlement attached as Exhibits thereto <br><br> • Edwin Aiwazian – 15.50 hours <br> • Joanna Ghosh – 16.50 hours <br> • Melissa A. Huether – 5 hours | 37 |
| Draft, Review, Revise, Negotiate, and Finalize Amendment No. 1 to Class Action and Collective Action Settlement and Release Agreement (executed on December 19, 2019) and Revise Exhibits <br><br> • Edwin Aiwazian – 3.25 hours | 3.25 |
| Coordinate Settlement Administration with Settlement Administrator, Ongoing Monitoring of Settlement Administration, and Respond to Class Inquiries <br><br> • Joanna Ghosh – 2.75 hours <br> • Stephanie S. Ponek – 4.25 hours | 7 |

| Law and Motion | |
|---|---|
| Draft Plaintiff's Contemplated Motion for Class Certification; Declarations of Proposed Class Counsel Edwin Aiwazian and Arby Aiwazian in Support Thereof; Declaration of Plaintiff in Support Thereof; Summary of Evidence; and [Proposed] Order Certifying Class<br><br>• Edwin Aiwazian – 46 hours<br>• Arby Aiwazian – 36.50 hours<br>• Michelle L. Page – 12.50 hours | 95 |
| Research and Draft Plaintiff's Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, Declaration of Elizabeth Castro in Support Thereof, Declaration of Edwin Aiwazian in Support Thereof, and [Proposed] Order Thereon (filed on October 21, 2019 and October 23, 2019 in Federal Court)<br><br>• Edwin Aiwazian – 12 hours<br>• Stephanie S. Ponek – 5.75 hours<br>• Melissa A. Huether – 13.25 hours | 31 |
| Review Court's Order Regarding Directing the Filing of Supplemental Briefing and Documentation Regarding Motion for Preliminary Approval of Class Action Settlement (filed on December 5, 2019 in Federal Court)<br><br>• Danielle L. GruppChang – 0.25 hours | 0.25 |
| Review Court's Minute Order Regarding Motion for Preliminary Approval of Class Action Settlement (filed on December 9, 2019) (Federal Court)<br><br>• Danielle L. GruppChang – 0.10 hours | 0.10 |
| Draft Plaintiff's Supplemental Brief in Support of Motion for Preliminary Approval of Class and Collective Action Settlement, Supplemental Declaration of Edwin Aiwazian in Support Thereof, and [Revised Proposed] Order Thereon (filed on December 20, 2019)<br><br>• Edwin Aiwazian – 7 hours | 24.50 |

| | |
|---|---|
| • Stephanie S. Ponek – 8 hours<br>• Danielle L. GruppChang – 9.50 hours | |
| Review Court's Minute Order Ordering Further Supplemental Briefing (filed on April 8, 2020)<br><br>• Danielle L. GruppChang – 0.50 hours | 0.50 |
| Draft Plaintiff's Further Supplemental Declaration of Edwin Aiwazian in Support of Motion for Preliminary Approval of Class and Collective Action Settlement (filed on April 15, 2020)<br><br>• Edwin Aiwazian - 1.50 hours | 1.50 |
| Review Court's Order Granting Plaintiff's Motion for Conditional Class Certification and Preliminary Approval of the Proposed Class and Collective Action Settlement (filed on April 27, 2020)<br><br>• Edwin Aiwazian – 1 hour | 1 |
| Review and Analyze Settlement Administrator's Declaration Regarding Settlement Notice Administration; and Research and Draft Plaintiff's Notice of Motion for Final Approval and Motion for Final Approval of Class and Collective Action Settlement, Notice of Motion and Motion for Attorneys' Fees and Costs, and Incentive Award, and Declaration of Edwin Aiwazian in Support Thereof, and Revise [Proposed] Final Approval Order and Judgment (filed on November 2, 2020)<br><br>• Edwin Aiwazian – 10.50 hours<br>• Stephanie S. Ponek – 18.50 hours<br>• Melissa A. Huether – 5.25 hours | 34.25 |
| **Total Hours:** | 930.95 |