| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CASTRO, individually, and on behalf of similarly situated members of the general public and other aggrieved employees pursuant to the California Private Attorneys General Act, | No. 1:19-cv-00755-DAD-SKO |
| Plaintiff, | ORDER DIRECTING THE FILING OF SUPPLEMENTAL BRIEFING AND DOCUMENTATION RE MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT |
| v. | |
| PARAGON INDUSTRIES, INC., a California Corporation d/b/a as BEDROSIANS, | (Doc. Nos. 21, 22) |
| Defendant. | |

Plaintiff's motion for final approval of the proposed class action and collective action settlement which came on for hearing before the court on November 30, 2020. The court remains unsatisfied. Accordingly, the parties are again directed to file supplemental briefing and documentation addressing and explaining, in detail and with support, how each of the violation rates were calculated to determine to the total valuation of the claims being settled in this case.

Because of the lack of information provided by the documents submitted in the motion for final approval, and in light of the revelation of the issue with respect to the mediator employed by the parties, at the final fairness hearing the court previously requested additional briefing addressing the potential values of the claims. (Doc. No. 25 at 2–3.) The court was concerned that

there was not adequate support provided by plaintiff for the valuation of those claims because they were presented by plaintiff's counsel in a hypothetical manner, rather than as an approximation of the amount of damages actually suffered by the class and collective as a result of the alleged violations. (*See, e.g.*, Doc. No. 14-1 at ¶¶ 19, 24, 51.) Specifically, it was unclear to the court what evidence or rationale was being relied upon to support the violation rates used by plaintiff. As to this issue, in their supplemental briefing plaintiff's counsel has still not effectively addressed the court's concerns. (Doc. Nos. 25, 25-1, 25-2.)

In the original final approval briefing, plaintiff had provided hypothetical ranges of damages based on different possible violation rates, without ever suggesting any rate was related to the number of actual violations that occurred or that should be used for the purposes of calculating the total amount of potential damages. (Doc. No. 14-1 at ¶¶ 13–68.) Rather, counsel's estimates were provided as hypotheticals without explaining why the hypothetical estimate should be relied upon by this court to determine that the proposed settlement is fair and reasonable. (*See, e.g.*, *id.* at ¶¶ 19, 24, 51.) At the final fairness hearing, the court again asked plaintiff's counsel to better explain how the violation rates were calculated. Plaintiff's counsel represented that they conducted an evaluation based on "core" data points received through formal and informal discovery, such as time punch data, and calculated the evaluation rates after *inter alia* taking into account information received from class member interviews, discounting the total based on the various risk of certifying the class and succeeding at trial. The court requested that plaintiff's counsel file supplemental briefing addressing this additional information and explaining how the violation rates and total valuations were determined.

In their supplemental briefing however, plaintiff's counsel again confusingly asserts that the total "potential value" of the claims is $18,355,095.00 but that a "reasonable value"[1] of those claims is actually $3,633,519.85. (Doc. No. 25-2 at 11.) Plaintiff's counsel supports these numbers by merely stating in conclusory fashion that the violation rates used to calculate damages were appropriate "[b]ased on all the information obtained. . .." (*Id.* at 4, 6–8.) Plaintiff's

---

[1] Further, plaintiff's counsel does not describe at all how the "reasonable value" of the claims was calculated.

counsel has represented that, due to type of claims at issue here, it is difficult to determine or observe violations in the available data.  However, this fact also highlights why the court needs to see what plaintiff's counsel themselves did in arriving at their total valuation, specifically the violation rates, to determine whether the proposed settlement is fair, reasonable, and adequate. To the extent plaintiff's counsel wishes to submit more than one total valuation, each is to be supported by reasoned analysis.  While plaintiff does not state if an expert was employed in preparing the estimates upon which they rely, such support may well help justify plaintiff's estimated violation rates and total valuations.

      The parties shall file a brief responsive to these issues within fourteen (14) days from the date of service of this order, and the parties are further advised that any failure to fully and satisfactorily respond to the concerns expressed by the court will likely result in a denial of final approval of the proposed settlement.

IT IS SO ORDERED.

Dated: **March 29, 2021**

UNITED STATES DISTRICT JUDGE